April 8, 2005

Peter R. Kramer, Ph. D.
48 Cheney Dr.
Storrs, CT 06268

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

RE: Petition for review of Director's decision. In re Peter R Kramer

Dear Commissioner:

I am writing in order to petition according to 37 CFR 10.2(c) in order to appeal the decision rendered by the Office of Patent Legal Administration, In re Peter R Kramer, dated February 17, 2005 which relates to the decision of the Commissioner for Patents, In re Peter R Kramer of October 25, 2004. Both decisions concern regrading of results from the October 15, 2003, registration examination. After receiving the Order of February 17, 2005, I called Robert J Spar, Director, Office of Patent Legal Administration, to express my concerns about serious errors in the Memorandum and Order. Mr. Spar directed me to write him a letter. I sent two letters, one dated February 28, 2005, that elucidates errors in logic present in the regrade Opinions, and a follow-up letter dated March 22, 2005. I received a reply from Mr. Spar dated March 28, 2005, wherein he indicated that there would be no further action from his office.

The decision of February 17, 2005 was written in response to my correspondence of December 13, 2004, in which I addressed several errors that were stated in the October 25, 2004 decision. There were several serious errors concerning both question 31, morning session and question 33 afternoon session of the registration examination. These issues are explained fully in my correspondence of December 13, 2004, and of February and March of 2005, the latter two are attached.

In my regrade petition of February, 2004, I requested review of four questions, AM 31, and PM 9, 33, and 35. I was awarded one point for question PM 9, and my score was adjusted to 69. I believe that my answers for AM 31 and PM 33 were correct, and the regrade and subsequent reconsideration contain errors that should be addressed. Concerning AM 31 there are three points to be considered.

1) <u>One may state *a priori*, that methods and apparatus claims may be indistinguishable, without any improper assumptions, if there are no facts provided by the question to support or deny indistinguishability or non-indistinguishability.</u> This fact is supported by my interpretation of case law, that I cited in my February, 2004, regrade petition, *In re Freeman,* 30 F.3d 1459, 1464, 31 USPQ2d 1444, 1447 (Fed. Cir. 1994). *In re Freeman* is cited within *Tillotston Ltd. v.*

In re Peter R Kramer                                                                                                -2-
*Walbro Corp.*, 831 F.2d 1033, 1037 n.2, 4 USPQ2d 1450, 1453 n.2 (Fed. Cir. 1987). *Tillotston Ltd. v. Walbro Corp.*, was also explicitly cited in my regrade petition. (The relevance of these citations cannot be disputed, c.f., *Hockerson-Halberstadt, Inc. v. Converse Inc.*, 183 F.3d 1369 (Fed. Cir. 1999) and MPEP 2250.) My rationale was based on these decisions, and my logic parallels the reasoning set forth in MPEP 1412.03. MPEP 1412.03 explains that different types of claims *a priori* may be equivalent, and that the only way to determine if all of the limitations in an original claim are found in a new claim is by comparing the claims. This is precisely why MPEP 1412.03 states that a new method claim, where there were originally only apparatus claims, is generally considered as being a broadening. "Generally considered," clearly implies that any new method claim could be equivalent to an apparatus claim if no comparison is performed. This is analogous to the issue, MPEP 1412.03, concerning the "addition of a new combination claim where only subcombination claims were present on the original patent could be a broadening of the invention."MPEP 1412.03

2) The statement that an unrecited apparatus claim might contain means-plus-function language does not assume that the apparatus claim was drafted with means-plus-function language. Means-plus-function is an illustrative example that is a possible instance wherein methods and apparatus claims may be indistinguishable.

3) Both points above are naturally inferred from the fact set presented in the question. The apparatus claims were unrecited. No facts were presented either supporting or denying whether all of the limitations in any of the apparatus claims were present in the method claim. The logic of my argument presented in my regrade petition parallels the reasoning of MPEP1412.03, which states that the question of whether all of the limitations are present can only be ascertained by analysis of the claims in such instances. (This is covered in my letter to Mr. Spar, March 22.) Because the apparatus claims are unrecited in question AM 31, this issue cannot be resolved, and the statement that the apparatus claims may be indistinguishable from the method claim is true and depends upon no assumptions whatsoever.

The statement below from the February, 2005, decision falsely implies that I assumed that the method claim contained all of the limitations of the apparatus claims.

"Furthermore, the facts presented in the question do not support Petitioner's contention that certain method claims may be indistinguishable from the apparatus claims in Patent X. The question did not provide for any facts to indicate that the method claim in answer (C) contains all the limitations of any of the apparatus claims in the patent." [February, 17, 2005.]

Both the February, 2005, and October, 2004, decisions imply that I assumed that the unrecited claims 1-4, "were drafted with," means-plus-function language.

"Even though there is no reason to assume that the apparatus claims of the fact pattern were drafted with "means for" functional language, petitioner cites In re Freeman, 197 USPQ 464 (CCPA 1978) to show that an apparatus claim expressed in "means for" functional terms may be indistinguishable from a method claim directed to the steps performed by the "means.""

[October, 2004.]

"Since the question did not provide that the claims in Patent X meet the 3-prong test, the facts presented in the question do not support Petitioner's contention that apparatus claims might include "means for" language." [February, 17, 2005.]

It should be evident that the contention that I needed permission from the examination question in order to draw valid inferences is false. The issue of the 3-prong test is a 3-pronged red herring. Furthermore, I never assumed that the apparatus claims "were drafted with" any particular language. Analogously, I need no permission from the exam question to validly infer that the method claim <u>may</u> contain all of the limitations of any of the apparatus claims. This is not an assumption that the method claim does or does not contain all the limitations of any of the apparatus claims. Neither is it an assumption that the question provided any facts at all concerning the limitations of the method claim in relation to the unrecited apparatus claims. That was precisely my point, as stated in my regrade petition: you cannot compare one thing to another if the other thing is entirely unknown: "It is not possible to judge a thing as possessing a property that is conceivable in relation to another thing if that other thing is unknown." (Please note that the issue of conceivability was addressed in my letter of December 2004.) If the claims cannot be compared, then one may not assume any facts, including that there is a new category of invention, when no facts to the contrary are presented in the question. Indeed, my originally stated reasoning is in agreement with *Hockerson-Halberstadt, Inc. v. Converse Inc.*, 183 F.3d 1369 (Fed. Cir. 1999) and MPEP 2250,) which states that the issue of enlargement in reexamination is a matter of claim construction. Clearly, there are no improper assumptions in my original regrade petition argument.

Concerning afternoon question 33, there is one point to be reviewed.

<u>1) My main point in dismissing answer (D) as a correct choice concerned the lack of clarity concerning the statutory basis for rejection. Both Opinions expressed in the Memoranda and Orders that were issued failed to present any valid counterargument.</u>

Both Opinions stated in the decisions of October 25, 2004 and February 17, 2005 oppose my contention that the statutory basis for rejection concerning answer (D) is unclear. They both use essentially the same transparently false and self-contradictory logic.

In my regrade petition I stated:

"However since it is not clear that D is in reply to a §102 or §103 rejection, D is clearly not a correct answer. A rejection based upon 35 USC would always include enumeration of the specific statutes upon which a rejection is based precisely to avoid this type of ambiguity. Thus the question is defective and it is the defect in this question that specifically casts doubt on D rendering it as less than a good choice, and invalidating E as well."

The February 17, 2005 decision does not show that the statutory basis for rejection is 35 U.S.C.

103 for answer (D). This decision, like, the October 2004 decision essentially states that an examiner would not have rejected on §102 because he should not have rejected on §102 since the rejection would be improper, citing MPEP 706.02. The Opinions then improperly assume that the rejection is based on 35 USC 103 despite the fact that rejection on this basis is also improper. Both Opinions assume the rejection is based solely on 35 USC 103 despite the fact that the rejection would be improper and despite the fact that the statutory basis for rejection is not stated. If the statement, if an examiner would not reject on §102 because it is improper is TRUE, then the statement, he also would not reject on §103 because this action would also be improper, is also TRUE. The USPTO position rests on a false premise: An examiner would not perform an action that he should not perform, i.e., he would not reject improperly. This premise is patently FALSE. It contradicts the fact set presented in the question. The Opinion cites MPEP 706.02 to attempt to show that a §102 rejection is not possible because it is improper and then cites MPEP 2142, but failing to note that a §103 rejection is also improper according to MPEP 2142, thus improperly assuming the statutory basis. I pointed out the self-contradictory nature of this argument, that was originally stated in the October 25, 2004 decision, in my correspondence of December, 2004. Nevertheless, this false argument was reiterated on February 17, 2005. The February 17, 2005 decision did not acknowledge or respond to my objection.

According to the examination instructions, the most correct answer is the policy, practice, and procedure which must, shall, or should be followed in accordance with the patent laws, rules and procedures as related in the Manual of Patent Examining Procedure (MPEP). Faced with an improper rejection in which no statutory basis is stated, proper procedure would be to point out that MPEP 707.07(d) requires statement of statutory basis. Speculation on the nature of an examiner's error, i.e., which statute is improperly invoked, is ridiculous. Indeed, answer (C) also assumes that the statutory basis is §103, but at least answer (C) essentially tells us that it is a response to an obviousness rejection with the expression, "*prima facie* obviousness." However, answer (C) does not tell us the statutory basis that answer (D) responds to. Answer (C) is the least unacceptable answer presented, and is therefore the best answer. (Otherwise there would be no correct answer, and if that were considered true, then all answers should then be considered as correct for grading purposes.)

## Action Requested

I hereby request that I should be awarded two additional points and my score should be raised from 69 to 71.

Yours very truly,


Peter R. Kramer, Ph. D.