Page -1-

March 22, 2005

Peter R. Kramer, Ph. D.
48 Cheney Drive
Storrs, CT 06268

Robert J. Spar
Director, Office of Patent legal Administration
Office of the Deputy Commissioner for Patent Examination Policy

RE: In re Peter R. Kramer, February 17, 2005

Dear Director Spar:

There is an additional point that I should mention concerning the opinion expressed in your memorandum and order dated February 17, 2005, regarding question 31, morning session. A new issue was raised concerning whether I had assumed that the new method claim (C) contains all of the limitations in any of the claims in the original patent: "Furthermore, the facts presented in the question do not support Petitioner's contention that certain method claims may be indistinguishable from the apparatus claims in Patent X. The question did not provide for any facts to indicate that the method claim in answer (C) contains all the limitations of any of the apparatus claims in the patent."

I discussed this issue in my letter dated February 28, 2005. I demonstrated in my letter that uncertainty concerning whether all of the limitations are present in the new claim is naturally inferred from the fact set presented in the question. I would like to direct your attention to MPEP 1412.03 concerning the very same issue that arises in the context of a new combination claim in reissue where there were only subcombination claims in the original patent. "The newly added combination claims should be analyzed to determine whether they contain every limitation of the subcombination of any claim of the original patent."

The MPEP recognizes that different types of claims *a priori* may be equivalent, and that the only way to determine if all of the limitations in an original claim are found in a new claim is by comparing the claims. This is precisely why MPEP 1412.03 states that a new method claim, where there were originally only apparatus claims, is generally considered as being a broadening. "Generally considered" clearly implies that <u>any</u> new method claim <u>could be</u> equivalent to an apparatus claim if no comparison is performed. This is analogous to the example above concerning the "addition of a new combination claim where only subcombination claims were present on the original patent <u>could be</u> a broadening of the invention."MPEP 1412.03   The only way to determine if a particular new method claim is in fact a new category of invention is through analysis of the claims. Question #31 AM session did not recite the original claims. The contention that I improperly assumed facts is groundless.

Page -2-

In re Peter R Kramer

Another statement from your memorandum and order of February 17, 2005 should be addressed. "There is no indication in the question that the claims in the patent are written in means-plus-function language under 35 U.S.C. 112, sixth paragraph. MPEP § 2181 set forth that a claim limitation will be interpreted to invoke 35 U.S.C. 112, sixth paragraph, if it meets the 3-prong analysis." Considering the arguments above, it should be evident that you have presented a 3-pronged red herring. It is clearly permissible to state that the unrecited claims "could have" included means-plus-function language. "Could have included" is not the same as "were drafted with": "Even though there is no reason to assume that the apparatus claims of the fact pattern were drafted with [emphasis added] 'means for' functional language, petitioner cites *In re Freeman*, 197 USPQ 464 (CCPA 1978) to show that an apparatus claim expressed in 'means for' functional terms may be indistinguishable from a method claim directed to the steps performed by the 'means.' " [From the OED memorandum and order *In re Peter R Kramer* October 25, 2004.]

It should be plainly evident to anyone, that one does not need permission from the examination question to validly infer that which is a clearly obvious natural inference, the very same inference that is explicitly stated in MPEP 1412.03, and the very same inference stated in my original regrade request of February 2004.

        Yours very truly,


Peter R. Kramer, Ph. D.