*In re Peter R Kramer*

February 28, 2005

Peter R. Kramer, Ph. D.
48 Cheney Drive
Storrs, CT 06268

Robert J. Spar
Director, Office of Patent legal Administration
Office of the Deputy Commissioner for Patent Examination Policy

RE: In re Peter R. Kramer, February 17, 2005

Dear Director Spar:

I am writing in response to the Memorandum and Order from your office dated February 17, 2005, Decision on Request for Reconsideration of Decision on Regrade. I would like to express my gratitude for your permission to respond according to our telephone conversation earlier this week. I will address <u>serious errors</u> stated in the February 17, 2005, USPTO decision. I believe that this letter abolishes all uncertainty concerning the correctness or wrongness of the contested answers on the October 15, 2003, registration examination. Furthermore it elaborates on my regrade arguments and elucidates all of the positions that I expressed in response to USPTO decisions. When I read the instructions for submission of a regrade request, I noted the caution not to be overly verbose. I believe that my efforts to be concise may have caused confusion because I considered some issues to be obviously implied by my statements, implications that were obvious to me, but perhaps not obvious to everyone reading my opinions. I have therefore thoroughly and explicitly elucidated all that was validly implied in my prior letters and leave no remaining uncertainty. I sincerely hope that the order to deny my petition for regrade will be reversed.

## Question Number 31, Morning Session

This section demonstrates that I <u>did not improperly assume</u> any facts not presented in the question as indicated in both opinions. It further shows that (E) is indeed the singularly correct answer, and it exposes the errors in both USPTO Opinions that were expressed in each Memorandum and Order that was sent to me, and in the Model Answer.

I will first restate the three essential premises required for my argument.

1) A methods claim may be indistinguishable from an apparatus claim. *(In re Freeman,* 197 USPQ 464 (CCPA 1978), *Hockerson-Halberstadt, Inc.* v. *Converse Inc.*, 183 F.3d 1369 (Fed. Cir. 1999)).
2) Claims cannot be rejected on general grounds.

In re Peter R Kramer                              -2-

3) One cannot compare conceivability of one thing with respect to another thing if that other thing is entirely unknown.

The first two premises are intimately bound together. The prohibition against rejection on general grounds could not be effectively invoked were it not for the uncertainty injected into the problem by the implications of the first premise. The issue of conceivability was settled in prior correspondence and will not be discussed here because it is obvious. The February 17, 2005, USPTO opinion on page six affirms the validity and relevance of the first premise: "...contains all the limitations of any of the apparatus claims in the patent." This is an apparent recognition of the relevance of *In re Freeman*, vis a vis MPEP 1412.03: "This is not broadening (i.e., this is not an enlargement of the scope of the original patent) because the 'newly claimed invention' contains all the limitations of the original patent claim(s)."

The original question and model answer are included as attachments. Neither is reproduced in this section.

Question 31 was written without consideration of the relevance and significance of *In re Freeman*, 197 USPQ 464 (CCPA 1978). (Hereafter referred to as *In re Freeman*, or Freeman.)

According to the model answer, we can conclude that claim (C) describes a new category of invention, and reject according to MPEP 1412.03.

The logic is straightforward. Of the four claims presented, (A), (B), and (D), obviously do not enlarge the scope.

The question at hand is to determine if (C) enlarges the scope and should be rejected under 35 USC 305.

The model answer cites MPEP 1412.03 and states essentially that (C), as a process claim where there were only apparatus claims in the original patent, is subject to rejection on general grounds, i.e., "generally considered as being broadening of the invention." In other words, we may legitimately assume broadening if it is established that claim (C) actually represents a new category of invention.

If it is not established that there is a new category of invention, a rejection based upon MPEP 1412.03 will improperly assert this assumption. The model answer indeed includes this assumption because the question does not provide facts or detail relevant (as USPTO review has stated) to determine whether claim (C) is indistinguishable or non-indistinguishable in accord with *In re Freeman*. Furthermore, the fact that one cannot make this determination leads one to validly infer that uncertainty exists and therefore one cannot ascertain whether or not there is a new category of invention.

Now let us consider the impact of *In re Freeman*, on the decision-making process.

The model answer incorrectly assumes that process and apparatus claims are always

mutually exclusive and distinct. Freeman teaches us that this is <u>not</u> so. Freeman states that it is possible that apparatus claims <u>may</u> be indistinguishable from process claims. Here "may be" obviously implies that if sufficient facts are known, we may apply an appropriate test to determine if the condition of indistinguishability can be predicated of the relationship between the claims. With sufficient knowledge, we can state that the conditions for indistinguishability are either satisfied or not satisfied. <u>Without this knowledge we are uncertain and may state the obvious inference that the claims may be indistinguishable.</u> The lack of information is noted in the USPTO opinion of February 17, 2005. "Furthermore, the facts presented in the question do not support petitioner's contention that certain methods claims may be indistinguishable from apparatus claims in Patent X." (This is a half-statement of the truth since it does not mention that there are no facts to support any definite contention concerning indistinguishability or non-indistinguishability.) Thus, lacking sufficient knowledge to apply an appropriate test, any definite conclusion, such as "the process claims are indistinguishable," or "the process claims are not indistinguishable," is the product of improper assumption.

Chart 1 schematically describes three alternative logical pathways that must be considered in order to determine if claim (C) is to be considered as broadening the scope under 35 USC 305 when we apply MPEP 1412.03.

The chart contains three columns, Pathway A, Pathway B, and Pathway C. Each column represents one of the alternative pathways. The region bounded by the dotted line represents the logical pathway described in the model answer.

Unlike the logical process that is followed in the model answer, there is an additional step that must be performed. The model answer concludes that we may assume that there is a new category of invention. However, before we may legitimately make this assumption, we must first determine if claim (C) is distinguishable or indistinguishable from the apparatus claims 1-4, or if all of the limitations in the invention are contained within claim (C). There is no enlargement of scope if the new claim "contains all the limitations of the original patent claims(s)." (MPEP1412.03, see also USPTO opinion, In re Peter R. Kramer, February 17, p. 6., and *Tillotston Ltd. v. Walbro Corp.*, 831 F.2d 1033, 1037 n.2, 4 USPQ2d 1450, 1453 n.2 (Fed. Cir. 1987) and *Hockerson-Halberstadt, Inc. v. Converse Inc.*, 183 F.3d 1369 (Fed. Cir. 1999)).

Pathways A and B both represent improper logical processes. To proceed along pathway A, one must improperly assume that the process and apparatus claims are in fact indistinguishable. In the context of the stated question, this is an improper assumption. Acting on this assumption, it is concluded that there is no new category of assumption. Thus (E) is chosen as the answer.

To proceed along pathway B, one must improperly assume that the process and apparatus claims are in fact non-indistinguishable. In the context of the stated question, this is an improper assumption. Acting on this assumption, it is concluded that there is a new

category of assumption. Thus (C) is chosen as the answer, in agreement with the model answer.

Noting that the question does not provide any pertinent details that are relevant to the decision whether claim (C) is indistinguishable or non-indistinguishable, it is evident that pathway C provides the most logical approach to the question. We validly infer that uncertainty exists. The uncertainty is persistent; we cannot decide whether there is or is not a new category of invention, because the issue of equivalence has not been determined. Failing to establish a new category of invention, it is evident that rejection would be contrary to MPEP 1412.03. Rejection in this instance would necessitate expression as an improper omnibus rejection; a rejection asserting that a new category exists without enumeration of pertinent details. The correct answer is (E). Therefore (C) is incorrect. The only pathway to (C) requires an improper assumption. It is clearly false, and (E) is singularly correct.

Question 33, Afternoon Session

In this question an examiner rejects a patent application that includes a claim for a known plastic composition that contains flame retardant X and includes the addition of silica to improve flame retardancy. We are told that the examiner rejects the claim "on the basis that applicant admits that X was a known flame retardant and that there is no evidence of improved flame retardance." We are asked to identify proper replies that rebut and overcome "the rejection."

Four independent answers (A) through (D) are presented describing replies. Answer (E) is the statement "(C) and (D)." This is the answer identified by the model answer as the single most correct answer.

Answer (A) is clearly incorrect.

Answer (C) appears to be a proper response to a rejection. I stated from the outset that (C) is the correct answer. In order to determine if (C) or (E) is correct, it is necessary to determine whether (D) is in fact a correct answer.

The statutory basis for rejection is not explicitly stated in the question. Furthermore, the question does not state whether the rejection is proper or improper. It should be evident to anyone that it is unreasonable to speculate concerning the unstated statutory basis of an improper rejection. Indeed any answer based upon such speculation improperly assumes facts not stated in the question.

Both and (C) and (D) are replies to improper rejections.

Answer (C) strongly implies (it essentially states) that it is a reply to an obviousness rejection. It is the only answer that identifies any statutory basis either impliedly or explicitly. Answer (C) does not state that (D) is in reply to a §102 rejection.

I stated from the outset that it is unclear whether (D) is a reply to a §102 or §103 rejection. And that (C) is the only answer where the statutory basis is clear.

The USPTO reply, October 25, 2004, contends that this is not so. It claims that the examiner <u>would not</u> have rejected on §102 and quotes the MPEP where it illustrates why an examiner <u>should not</u> have rejected.
The USPTO reply, October 25, 2004, also cited MPEP 2142, "The examiner bears the initial burden of factually supporting any prima facie [sic] conclusion of unpatentability."

In my letter dated December 13, 2004, I pointed out the obvious fact that the argument presented in the October 25 opinion is self-contradictory. I essentially stated that rejections based on §102 and §103 are both improper. Thus the statement, if an examiner would not reject on §102 because it is improper is TRUE, <u>then</u> the statement, he also would not reject on §103 because this action would also be improper, is also TRUE. The USPTO position rests on a <u>false premise</u>: An examiner would not perform an action that he should not perform, i.e., he would not reject improperly. This premise is patently FALSE. It contradicts the fact set presented in the question.

The USPTO reply to my letter dated December 13, 2004, responds by repeating the contention that an examiner would not have rejected based upon 35 USC 102, and assumes or invalidly implies that he would have rejected based upon 35 USC 103. "Answer (D) properly addresses this issue raised by the examiner." This arguments assumes that "this issue" raised in answer (C) is the very same "this issue" raised in answer (D). This argument rests upon the faulty and preposterous premise that answer (D) depends upon answer (C). It is a statement of the obvious that this is not true.

In my letter of December 13, 2004, I clearly stated that answer (D) does not depend upon answer (C). This was written in response to the October 25, 2004 statement, "Contrary to petitioner's contention, because answer (C) states a proper argument, it must be the case that answer (D) also states a proper argument." The February 17, USPTO Opinion acknowledges my contention that (D) does not depend upon (C), but does not attempt to contradict this obvious truth. In regard to this issue, the USPTO has been silent. In regard to the issue that their argument is self-contradictory, the USPTO has also been silent and the February 17, 2005 opinion is <u>non-responsive</u>. Indeed, all that remains of the USPTO argument is the naked assertion, "Accordingly, model answer (E) is correct and petitioner's answer (C) is incorrect." This assertion is clearly FALSE.

It is evident that (C) is the only answer that responds to a rejection where the statutory

nature of the rejection is clear, and which does not require improper assumption. Without understanding the statutory nature of a rejection, it is not possible to formulate a proper response without assuming facts that cannot be otherwise known. This is because one must speculate on the nature of the rejection if it is both improper AND if the statute is not explicitly specified. I stated this in my prior arguments that were received by the USPTO. How can one properly respond to a rejection if one has no idea what the basis for the rejection actually is? To do so we must speculate on the nature of error and delve into the errant mind of the examiner. The nature of error is nearly infinite. In other words, a practitioner responding to a rejection that does not specify statute must first ask of the examiner: "What is the statutory basis for the rejection? None is specified, and I am unaware of any valid statutory basis." I cannot conceive of any practitioner who would answer a rejection without knowledge of the statutory basis. Alternatively, the practitioner may inquire more bluntly: "What rejection?" Indeed for the reason of clarity it is necessary for an examiner to state the statutory basis. MPEP 707.07(d). I have chosen the single most correct answer, and it is evident that my opinions are correct, and that the USPTO opinions are unsupportable.

Furthermore, I would like to point out that answer (E), unlike independent answers (C) and (D), is dependent solely on whether both (C) and (D) are each correct. Answer (E) depends exclusively on the truth or falsity that can be predicated of the correctness of each respective independent answer. We cannot evaluate the correctness or incorrectness of answer (E) until we first establish which alternative statement is true: Either both answer (C) and answer (D) are correct, or at least one of the answers (C) or (D) is incorrect.

Finally I would like to comment on the treatment of answer (B) by the model answer. One of the same defects in reasoning is responsible for concluding that (B) is incorrect as that which is responsible for the assumption that (D) is correct. Concerning answer (B), the model answer cites MPEP §2144, assuming rejection is based on 35 USC 103. The model answer improperly assumes the identity of "the" putatively single statutory basis to which all answers respond. This assumption is made despite the fact that any statutory bases are both unspecified and improper. Thus, if it is true that (B) is incorrect, the model answer does not appreciate why it is incorrect. Answer (E) is clearly incorrect

Conclusion

I have disproved the Opinion rendered by the USPTO on October 17, 2005, and I have twice disproved the Opinion of October 25, 2004. I have proven that each opinion is incorrect with respect to both AM #31 and PM #33. I clearly should have been awarded two points in addition to the one point that was awarded on October 25, 2004. My score should be adjusted to 71.

In conclusion, I believe that I have abolished all objections to my arguments and have proved the correctness of my responses on the registration examination of October 15,

2003. I hereby request adjustment of my score by two points.


Yours most sincerely and respectfully,

*Peter R Kramer*

Peter R. Kramer, Ph. D.

# Chart 1

## Logical Pathways
## Process Claim ( C ) (*In re Freeman*)

| Pathway A | Pathway B | Pathway C |
|---|---|---|
| Indistinguishable (Assumption) | Distinguishable (Assumption) | Uncertain (Inference) |
| Not New Category | New Category | Uncertain if New Category |
| Do not Reject MPEP 1412.03 | Reject MPEP 1412.03 | Do not Reject MPEP 1412.03 |
| | | Improper Omnibus Rejection |
| Conclude (E) Correct | Conclude ( C ) Correct | Conclude (E) Correct |
| Logic Incorrect Improper Assumption | Logic Incorrect Improper Assumption | Logic Correct Valid Inference |