

UNITED STATES PATENT AND TRADEMARK OFFICE

*O P L Ø* (handwritten)

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
P.O. BOX 1450
ALEXANDRIA, VA 22313-1450
www.uspto.gov

Peter R. Kramer
48 Cheney Dr.
Storrs, CT 06268

**FEB 17 2005**

In re Peter R. Kramer

:  DECISION ON REQUEST FOR
:  RECONSIDERATION OF
:  DECISION ON REGRADE
:

*571-272-7700* (handwritten)
*c lushi Robt clune 7735 ; 703-872-9300* (handwritten)

*O ⊂ Ɗ* (handwritten)

## **MEMORANDUM AND ORDER**

*571* (handwritten)

This is a response to the letter received by the Office on December 17, 2004

requesting reconsideration of the decision on petition for regrade under 37 CFR 10.7(c)

mailed on October 25, 2004. Peter R. Kramer (petitioner) requests for reconsideration for

the answers to question 31 of the morning session and question 33 of the afternoon

section of the Registration Examination held on October 15, 2003. The request

reconsideration is <u>denied</u> to the extent petitioner seeks a passing grade on the Registration

Examination.

### **BACKGROUND**

An applicant for registration to practice before the United States Patent and

Trademark Office (USPTO) in patent cases must achieve a passing grade of 70 in both

the morning and afternoon sections of the Registration Examination. Petitioner scored

68. On February 26, 2004, petitioner requested regrading, arguing that the model

answers were incorrect. Petitioner has been awarded an additional point for afternoon

question 9. Accordingly, petitioner's score was adjusted to 69. This score is insufficient to pass the Examination.

As indicated in the instructions for requesting regrading of the Examination, in order to expedite a petitioner's appeal rights, a single final agency decision will be made regarding each request for regrade. The decision will be reviewable under 35 U.S.C. § 32. The Director of the USPTO, pursuant to 35 U.S.C. § 2(b)(2)(D) and 37 CFR 10.2 and 10.7, has delegated the authority to decide requests for regrade to the Director of the Office of Patent Legal Administration. Petitioner's request for consideration received on December 17, 2004 has been forwarded to the Director of the Office of Patent Legal Administration for consideration.

## OPINION

Under 37 CFR 10.7(c), petitioner must establish any errors that occurred in the grading of the Examination. The directions state: " No points will be awarded for incorrect answers or unanswered questions." The burden is on petitioners to show that their chosen answers are the most correct answers. Please note that the provision for regrade of an examination set forth in former 37 CFR 10.7(c) has been eliminated and current 37 CFR 11.7(e) provides that "[s]ubstantive review of the answers or questions may not be pursued by petition for regrade" and "[a]n individual who failed the examination has the right to retake the examination an unlimited number of times upon payment of the fees required by § 1.21(a)(1)(i) and (ii) of this subchapter, and a fee charged by a commercial entity administering the examination." *See Changes to*

In re Peter R. Kramer                                                                          Page 3

*Representation of Others Before the United States Patent and Trademark Office,* 69 *Fed.*

*Reg.* 35428 (June 24, 2004), 1288 OG 109 (November 16, 2004) (final rule).


The directions to the morning and afternoon sections state in part:

Do not assume any additional facts not presented in the questions. The most correct

answer is the policy, practice, and procedure which must, shall, or should be followed in

accordance with the patent laws, rules and procedures as related in the Manual of Patent

Examining Procedure (MPEP). Each question has only one most correct answer. Where choices

(A) through (D) are correct and choice (E) is "All of the above," the last choice (E) will be the

most correct answer and the only answer that will be accepted. Where two or more choices are

correct, the most correct answer is the answer that refers to each and every one of the correct

choices. Where a question includes a statement with one or more blanks or ends with a colon,

select the answer from the choices given to complete the statement that would make the

statement true. If it is determined by the USPTO that there is more than one most correct answer

to a question, each most correct answer will be accepted, but only one point will be given for the

question. The presence of multiple most correct answers does not, in itself, render the question

ambiguous. Unless otherwise explicitly stated, all references to patents or applications are to be

understood as being U.S. patents or regular (non-provisional) utility applications for utility

inventions only, as opposed to plant or design applications for plant and design inventions.

Where the terms "USPTO" or "Office" are used in this examination, they mean the United States

Patent and Trademark Office.

In re Peter R. Kramer                                                                                      Page 4

Petitioner has presented various arguments attacking the validity of the model answers.

All of petitioner's arguments have been fully considered. Each question in the Examination is

worth one point. No credit has been awarded for morning question 31 and afternoon question

33. Petitioner's arguments for these questions are addressed individually below.


Morning question 31 reads as follows.

31.    Reexamination has been ordered following receipt of a request for reexamination of U.S.
Patent X, filed by the patentee. Patent X contains independent claims 1 through 4, each directed
to a hydrocyclone separator apparatus. They are the only claims that were ever presented during
prosecution of the application that matured into Patent X. In the first Office action during
reexamination, claims 1 through 4 are rejected as being obvious under 35 USC 103 over U.S.
Patent Z. The apparatus is used for separating material, including fibers suspended in a liquid
suspension, into a light fraction containing the fibers, and a heavy fraction containing rejects.
Assume there are no issues under 35 USC 102, 103, or 112, and that any dependent claim is
properly dependent. Recommend which of the following claims, if any, would be subject to
rejection under 35 USC 305 for improperly enlarging the scope of the original claim in
accordance with the patent laws, rules and procedures as related in the MPEP.

(A)    Claim 5.       A hydrocyclone separator apparatus according to claim 4, wherein said
blades are configured in the form of generally plane surfaces curved in one plane only.
(B)    Claim 5.       A hydrocyclone separator apparatus according to claim 4, wherein the
outlet duct is in the form of two frustro-conical portions joined at their narrow ends.
(C)    Claim 5.       A method of separating material including fibers suspended in a liquid
suspension comprising the steps of separating the material into a light fraction containing the
fibers and a heavy fraction containing rejects, and converting the light fraction into a pulp and
paper stock suspension.
(D)    Claim 5.       A hydrocyclone separator apparatus according to claim 4, wherein the
separator chamber is conical in shape having at the narrow end an outlet for the heavy fraction
and at its wide end an outlet for the light fraction.
(E)    None of the above.


31. MODEL ANSWER: (C). 35 U.S.C. § 305; MPEP §§ 2258 and 1412.03. MPEP § 2258,
under the heading "Claims In Proceeding Must Not Enlarge Scope Of The Claims Of The
Patent," states "[w]here new or amended claims are presented . . . the claims of the
reexamination proceeding should be examined under 35 U.S.C. 305, to determine whether they
enlarge the scope of the original claims. 35 U.S.C. 305 states that 'no proposed amended or new
claim enlarging the scope of the claims of the patent will be permitted in a reexamination
proceeding...'." Under the further subheading "Criteria for Enlargement of the Scope of the
Claims," MPEP § 2258 states "A claim presented in a reexamination proceeding 'enlarges the

scope' of the claims of the patent being reexamined where the claim is broader than each and every claim of the patent. See MPEP § 1412.03 for guidance as to when the presented claim is considered to be a broadening claim as compared with the claims of the patent, i.e., what is broadening and what is not. If a claim is considered to be a broadening claim for purposes of reissue, it is likewise considered to be a broadening claim in reexamination." MPEP § 1412.03, under the heading "New Category of Invention Added In Reissue – Broadening," states "[t]he addition of process claims as a new category of invention to be claimed in the patent (i.e., where there were no method claims present in the original patent) is generally considered as being a broadening of the invention. See Ex parte Wikdahl, 10 USPQ2d 1546, 1549 (Bd. Pat. App. & Inter. 1989)." MPEP 2258, under the further subheading "Rejection of Claims Where There Is Enlargement," states "[a]ny claim in a reexamination proceeding which enlarges the scope of the claims of the patent should be rejected under 35 U.S.C. 305." Since no claims drawn to a method were ever presented during prosecution of Patent X (claims 1 through 4 "are the only claims that were ever presented during prosecution of the application that matured into Patent X"), the claim recited in (C) is not directed to "the invention as claimed." (A), (B), and (D) are all incorrect because each of their claims are directed to a hydrocyclone separator apparatus, i.e., "the invention as claimed," and they do not enlarge the scope of the claims in Patent X. (E) is an incorrect answer because (C) is the correct answer.

     Petitioner argues that the determination of whether a claim enlarges the scope claimed in an original patent is determined in particular not in general, and that "conceivability concerning enlargement of the scope of claims in reexamination cannot be determined in general but in relation to an original patent, and that conceivability must be judged relative to that which is known, as comparison cannot be made between stated knowns and omitted unknowns." Petitioner further argues that the "failure to recite the claims left open the possibility that certain methods language equivalents might be included as, e.g., 'means for' could have been present in the unrecited claims."

     Petitioner's arguments presented in the original petition and in the request for reconsideration have been fully considered but are not persuasive. The question specifically provides that Patent X contains independent claims 1 through 4, each directed to a hydrocyclone separator apparatus. There is no indication in the question that the claims in the patent are written in means-plus-function language under 35 U.S.C. 112, sixth paragraph. MPEP § 2181 set forth that a claim limitation will be interpreted to invoke 35 U.S.C. 112, sixth paragraph, if it meets the 3-prong analysis: (A) the claim limitations must use the phrase "means for" or "step for"; (B) the "means for" or "step for" must be modified by functional language; and (C) the phrase "means for" or "step for" must not be modified by sufficient structure, material or acts for

In re Peter R. Kramer                                                                 Page 6

achieving the specified function. MPEP § 2181 provides that the USPTO will not apply 35

U.S.C. 112, sixth paragraph, if the claim language does not meet the 3-prong test. Since the

question did not provide that the claims in Patent X meet the 3-prong test, the facts presented in

the question do not support Petitioner's contention that apparatus claims might include "means

for" language. Furthermore, the facts presented in the question do not support Petitioner's

contention that certain method claims may be indistinguishable from the apparatus claims in

Patent X. The question did not provide for any facts to indicate that the method claim in answer

(C) contains all the limitations of any of the apparatus claims in the patent. Therefore, to imply

that the method claim in answer (C) may be indistinguishable from the apparatus claims in

Patent X would be improper because the examination instructions specifically state "[d]o not

assume any additional facts not presented in the questions." Therefore, the addition of the

method claim in answer (C) as a new category of invention where there were no method claims

present in Patent X is considered as being a broadening of the invention under 35 U.S.C. 305.

Accordingly, answer (C) is the most correct answer.

          No error in grading has been shown. Petitioner's request for credit on this question is

denied.


Afternoon question 33 reads as follows.
33.      A registered practitioner files an application on the client's discovery that adding silica to
a known plastic composition containing the flame retardant, X, results in increased flame
retardance. The application claims a composition comprising the known plastic composition
containing X and also silica. The primary examiner rejects the claim on the basis that applicant
admits that X was a known flame retardant and that there is no evidence of improved flame
retardance. In accordance with the patent laws, rules and procedures as related in the MPEP, a
proper reply could include which of the following argument(s) to rebut and overcome the
rejection?

(A)      The examiner cannot rely on admitted prior art.
(B)      The examiner has not shown that the prior art appreciated applicant's discovery of silica
to be a flame retardant.
(C)      The examiner has not made out a prima facie case of obviousness due to lack of
motivation in the prior art or in the knowledge generally available to one of ordinary skill in the
art for adding silica to the known plastic composition.
(D)      The applicant does not have to show an improved or unexpected result for the claimed
invention.

(E)    (C) and (D).

33. MODEL ANSWER: (E) is the most correct answer.  MPEP §§ 2141, 2142, 2143 and
2143.01.  Regarding (C) MPEP 2142 under the heading "ESTABLISHING A PRIMA FACIE
CASE OF OBVIOUSNESS," states "To establish a prima facie case of obviousness, three basic
criteria must be met. First, there must be some suggestion or motivation, either in the references
themselves or in the knowledge generally available to one of ordinary skill in the art, to modify
the reference or to combine reference teachings. Second, there must be a reasonable expectation
of success. Finally, the prior art reference (or references when combined) must teach or suggest
all the claim limitations. The teaching or suggestion to make the claimed combination and the
reasonable expectation of success must both be found in the prior art, and not based on
applicant's disclosure. In re Vaeck, 947 F.2d 488, 20 USPQ2d 1438 (Fed. Cir. 1991). See MPEP
§ 2143  for decisions pertinent to each of these criteria." MPEP § 2143 states the same criteria,
and further "The teaching or suggestion to make the claimed combination and the reasonable
expectation of success must both be found in the prior art, not in applicant's disclosure. In re
Vaeck, 947 F.2d 488, 20 USPQ2d 1438 (Fed. Cir. 1991)."  Regarding motivation, MPEP
2143.01 states "Obviousness can only be established by combining or modifying the teachings of
the prior art to produce the claimed invention where there is some teaching, suggestion, or
motivation to do so found either explicitly or implicitly in the references themselves or in the
knowledge generally available to one of ordinary skill in the art. 'The test for an implicit
showing is what the combined teachings, knowledge of one of ordinary skill in the art, and the
nature of the problem to be solved as a whole would have suggested to those of ordinary skill in
the art.' In re Kotzab, 217 F.3d 1365, 1370, 55 USPQ2d 1313, 1317 (Fed. Cir. 2000). See also In
re Fine, 837 F.2d 1071, 5 USPQ2d 1596 (Fed. Cir. 1988); In re Jones, 958 F.2d 347, 21 USPQ2d
1941 (Fed. Cir. 1992)."  The examiner has not shown any suggestion or motivation, either in the
prior art or in the knowledge generally available to one of ordinary skill in the art, to modify the
known plastic composition.  Regarding (D) MPEP § 2142 states "The examiner bears the initial
burden of factually supporting any prima facie conclusion of obviousness. If the examiner does
not produce a prima facie case, the applicant is under no obligation to submit evidence of
nonobviousness. If, however, the examiner does produce a prima facie case, the burden of
coming forward with evidence or arguments shifts to the applicant who may submit additional
evidence of nonobviousness, such as comparative test data showing that the claimed invention
possesses improved properties not expected by the prior art." (E) is the most correct answer
since it addresses both issues raised by the examiner, obviousness and evidence of improved
results. (C) alone is incorrect inasmuch as it does not address the examiner's comments
regarding improved results. (D) alone incorrect because it does not address the examiner's
burden of presenting a prima facie case of obviousness. (A) is not correct.  MPEP § 2129.
Admissions by applicant can be used as prior art. (B) is not correct. MPEP § 2144. It is not
necessary for a finding of obviousness that prior art  be combined for the same advantage or
result as applicant.

Petitioner selected answer (C) which did not include answer (D).  The model answer (E)

includes both answer (C) and answer (D). Petitioner argues that "the statutory nature of the

In re Peter R. Kramer                                                                              Page 8

examiner's rejection was unclear." Petitioner contends that "it is not clear if D is in response to a § 102 or § 103 rejection or other statutes" and "D (which is independent from C) can be an inadequate response to a 102 rejection where the issue of whether the addition of silica materially affects the composition may indeed be relevant..." Petitioner alleges also that answer (E) is incorrect insofar as semantics because the Boolean statement "C and D" is incorrect. Petitioner further argues that answer (B) is also correct.

Petitioner's arguments presented in the original petition and in the request for reconsideration have been fully considered but are not persuasive. Answer (E) is correct because both answer (C) and answer (D) are correct. The question provides that the application claims a composition comprising the known plastic composition containing X and also silica, and the primary examiner rejects the claim on the basis that applicant admits that X was a known flame retardant and that there is no evidence of improved flame retardance. The question asks in accordance with the patent laws, rules and procedures as related in the MPEP, a proper reply could include which of the following argument(s) to rebut and overcome the rejection.

For anticipatory rejections under 35 U.S.C. 102, the reference must teach every aspect of the claimed invention either explicitly or impliedly. See MPEP 706.02. The rejection made by the examiner is not a rejection under 35 U.S.C. 102 because the admitted prior art presented in the question did not show adding silica to the flame retardant X. Therefore, the admitted prior art did not show every aspect of the claimed invention. The facts presented in the question did not support Petitioner's contention that "inclusion of silica if it does not materially affect the flame retardant properties of a composition would be subject to a 102 rejection."

For obviousness rejections under 35 U.S.C. 103(a), there must be a motivation to modify the prior art composition. The examiner must show there is a suggestion or motivation either in the prior art or in the knowledge generally available to one of ordinary skill in the art, to modify the known plastic composition by adding silica. The examiner bears the initial burden of factually supporting any prima facie conclusion of unpatentability. See MPEP 2142. Answer (C) correctly addresses to the examiner's burden of presenting a prima facie case of unpatentability.

In re Peter R. Kramer                                                    Page 9

     The examiner also raises the issues that there is no evidence of improved flame retardance. Answer (D) properly addresses this issue raised by the examiner. If the examiner does not produce a *prima facie* case of unpatentability, the applicant is under no obligation to submit any evidence of an improved or unexpected result for the claimed invention. The examination instructions provide that "where two or more choices are correct, the most correct answer is the answer that refers to each and every one of the correct choices." Answer (E) is correct because both answer (C) and answer (D) are correct. Petitioner's selected answer (C) which did not include answer (D) is not the most correct answer.

     No error in grading has been shown. Petitioner's request for credit on this question is denied.

In re Peter R. Kramer                                                      Page 10

## **ORDER**

For the reasons given above, no point has been added to petitioner's score on the Examination. Therefore, petitioner's score is 69. This score is insufficient to pass the Examination.

Upon consideration of the request for regrade to the Director of the USPTO, it is ORDERED that the request for a passing grade on the Examination is denied.

This is a final agency action.

571-272-7700

Robert J. Spar
Director, Office of Patent Legal Administration
Office of the Deputy Commissioner
    for Patent Examination Policy