December 13, 2004

Peter R. Kramer, Ph. D.
48 Cheney Dr.
Storrs, CT 06268

Comp ID #:  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

Director USPTO
United States Patent and Trademark Office
P. O. Box 1450
Alexandria, VA  22313-1450

Dear Mr. Director:

I am writing in reference to the decision on regrade, dated October 25, 2004, concerning morning question 31 and afternoon question 33 from the registration examination administered on October 15, 2003. This request is pursuant to 37 CFR 10.2 (b)(2)(d). When I received the October 25 decision, eight months following my petition, I did not recall all of the details in my petition for regrade, and I trusted that my request had been fairly reviewed.  Were it not for this faulty assumption I would have requested review of the OED decision sooner.  I was a university professor for several years and have handled many regrade requests, but never with such an adversarial and cavalier disregard for fairness as has been displayed by the Office of Enrollment and Discipline in this instance.

Concerning the response to my argument for AM Number 31 (October 15, 2003 registration examination):

The response to my regrade request concerning question AM number 31 is entirely invalid, and contains unacceptably false and misleading statements.

In my regrade request I pointed out that determination of whether a claim enlarges the scope claimed in an <u>original patent</u> is determined in particular not in general.  I also argued that conceivability concerning enlargement of the scope of claims in reexamination cannot be determined in general but in relation to an <u>original patent</u>, and that conceivability must be judged relative to that which is known, as comparison cannot be made between stated knowns and omitted unknowns. I argued that failure to recite the claims left open the possibility that certain methods language equivalents might be included as, e.g., "means for" could have been present in the unrecited claims.  I did <u>not</u> assume that such language was in fact present.  Finally I correctly cited case law

references including but not limited to *in re Freeman* 30 F.3d 1464,(quoted below) proving my point; c.f. MPEP 2250 concerning application of 35 USC 251 regarding enlargement of scope under 35 USC 305, citing *in re Freeman*. The correctness of citing *In re Freeman* will also be discussed additionally below in relation to an unacceptably false and misleading statement.

In response to my argument, MPEP § 1412.03 was cited "addition of process claims as a new category of invention to be claimed in the patent (i.e., where there were no method claims present in the original patent) is generally considered as being a broadening of the invention." This response suffers from the assumption that rejection can be imposed on general grounds without consideration of specifics recited in the original patent. As stated in my regrade request, "It is quite possible that a method claim may be indistinguishable from an invention that was originally described with apparatus claims;" the truth of this statement was originally affirmed in *in re Freeman*, a case that is indisputably relevant to enlargement of scope under 35 USC 305 as noted above and below. This is why an examiner cannot reject on general grounds without considering specifics of the original patent. Indeed, application of a general rule without consideration of the specific original patent, as suggested by the response rejecting my argument, is impermissible as a stereotypical omnibus rejection.

Finally, I was astonished by the assertion suggesting that my citing *in re Freeman*, was irrelevant. It is my impression that petitioner's arguments should be carefully considered rather than to be treated in an adversarial fashion with steadfast intent to deny, omitting pertinent inconvenient points, misstating and mischaracterizing petitioner's comments and providing wholly incorrect and misleading statements in reply. The statement below is directly quoted from the OED decision of October 25, 2004:

"petitioner cites *In re Freeman*, 197 USPQ 464 (CCPA 1978) to show that an apparatus claim expressed in "means for" functional terms may be indistinguishable from a method claim directed to the steps performed by the "means." However, the issue in *In re Freeman* was whether both the method and apparatus claims were directed to statutory subject matter under 35 U.S.C. § 101 in a situation where the apparatus claims recited "means for" every step recited in the method claims. Morning question number 31 concerns the scope of claims under reexamination, where issues under § 101 may not even be considered. Accordingly, model answer (C) is correct and petitioner's answer (E) is incorrect."

The correctness of my citing *In re Freeman* is not arguable and should have been obvious:

HOCKERSON-HALBERSTADT, INC., v CONVERSE INC.,
United States Court of Appeals for the Federal Circuit

"In determining whether a patentee broadened a reexamined claim under 35 U.S.C. § 305, this court uses the same test as for reissue claims, see *In re Freeman*, 30 F.3d at

1464.

Cited within:
"Tillotston Ltd. v. Walbro Corp., 831 F.2d 1033, 1037 n.2, 4 USPQ2d 1450, 1453 n.2 (Fed. Cir. 1987) (internal citations omitted). Stated another way, a "claim is enlarged if it includes within its scope any subject matter that would not have infringed the original patent." [Emphasis added.] *In re Freeman*, 30 F.3d at 1464. (I also directly quoted this latter statement in my regrade request.)

MPEP 2250:

> The test for when an amended or "new claim enlarges the scope of an original claim under 35 U.S.C. 305 is the same as that under the 2-year limitation for reissue applications adding enlarging claims under 35 U.S.C. 251, last paragraph." *In re Freeman*, 30 F.3d 1459, 1464, 31 USPQ2d 1444, 1447 (Fed. Cir. 1994).

I should be awarded one point for AM number 31. My arguments presented in my regrade petition were not only sufficiently persuasive but incontrovertibly proved the correctness of my answer. That my arguments were rejected is the only aspect of this matter that is truly inconceivable.


Concerning PM Number 33:

The response rejecting my arguments concerning this question are highly convoluted and contradictory. It also misstates my arguments and answers arguments that I did not propose. I argued that the statutory nature of the examiner's rejection was unclear. The proposed basis for rejecting my argument is that a §102 rejection would be improper, and must be a §103 rejection, and that if C is correct then D must also be correct. This is patently false because C correctly responds to what may be a proper §103 rejection, but if D is directed to a §103 rejection, it is an improper §103 rejection. Thus the claim that the rejection cannot be a §102 rejection because it would be improper according to the MPEP is contradicted, and affirms my original contention that it is not clear if D is in response to a §102 or §103 rejection or other statutes. (Even if D were to address a proper §103 rejection, the question does not require that one must assume any rejection be proper.) Furthermore D simply does not depend upon C.

The argument rejecting my position proposes that one must assume examiner's rejection based solely upon 35 USC 103, an assumption that is not warranted by the facts presented. Furthermore it misinterprets my selection of C: "Petitioner's choice of answer (C) was an apparent recognition that the examiner's rejection was an obviousness rejection under § 103." I clearly stated that C answers a 103 rejection but that D (which is independent from C) can be an inadequate response to a 102 rejection where the issue of whether the addition of silica materially affects the composition may indeed be

relevant; no statements concerning §102 or §103 (or the combination thereof) were included in the question thus it is preposterous and inappropriate to make any assumption concerning my state of mind. The mind-reading statement above also improperly assumes that examiner's rejection was necessarily based upon a single statute.

According to the facts presented in the question several legitimately implied (not assumed) scenarios are possible. Selection B can also properly respond to a §102 rejection even if the rejection itself is improper, a point from my statement that was not addressed in rejecting my argument. Indeed the response to my argument included an egregious misstatement, "Petitioner contends that the answer (D) argument is improper, and that answer (C) is the only [emphasis added] argument to be included in a proper reply," ignoring my comments pertaining to B. Furthermore I stated that although D can answer a §103 rejection, it is unclear whether it is directed to a §102 or §103 rejection. Rather than answer my statements, it appears that a straw man has been erected and shot down as a proxy; a situation that is entirely unacceptable and not consistent with the stated aim to carefully consider petitioner's arguments.

That numerous possibilities are consistent with the fact set as presented in the question renders the model answer invalid because the question forces speculation concerning the statutory basis of multiple proper or improper rejections and proper replies to proper or improper rejections.

In addition, the statement in response to my argument, "Further, if such a rejection was mistakenly made under §102, the argument of answer (D) would still be correct as not even a prima facie case of obviousness was made," is incorrect since §102 is not an obviousness rejection. Indeed, D may also concern credibility issues since the question as written is incomplete and begs the reader for completion. This is clearly evident as the response of October 25th to my argument itself includes illegitimate assumptions that compensate for serious omission. I should be awarded a point for this question.

I have enclosed $130.00 for review of the OED decision. However, I request that this sum be refunded. I believe that the review of my regrade petition was improperly conducted and I should not have to pay for OED errors.


Yours very truly,


Peter R. Kramer