UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PETER RONALD KRAMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1455 (HHK) |
| | ) | |
| UNITED STATES PATENT AND | ) | |
| TRADEMARK OFFICE, | ) | |
| JON W. DUDAS, Director, USPTO, | ) | |
| JOHN J. DOLL, Commissioner for Patents, | ) | |
| HARRY I. MOATZ, Director, Office of | ) | |
| Enrollment and Discipline, | ) | |
| ROBERT J. SPAR, Director, Office of | ) | |
| Patent Legal Administration, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

MOTION TO DISMISS

Pursuant to Fed. R. Civ. Proc. 12(b)(1) and LCvR 83.7, Defendants, the United States

Patent and Trademark Office (USPTO), Jon W. Dudas, Director of the USPTO, John J. Doll,

Commissioner for Patents, Harry I. Moatz, Director, Office of Enrollment and Discipline, and

Robert J. Spar, Director, Office of Patent Legal Administration, respectfully move this Court to

dismiss the complaint.  Plaintiff's complaint is untimely and should therefore be dismissed for

lack of jurisdiction.  A memorandum of points and authorities in support of this motion and a

proposed order are attached.

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201

Of Counsel:

JOHN M. WHEALAN
Solicitor

STEPHEN WALSH
JOSEPH G. PICCOLO
Associate Solicitors

United States Patent and Trademark Office
Alexandria, Virginia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER RONALD KRAMER,                    )
                                        )
                 Plaintiff,             )
                                        )
        v.                              )        Civil Action No. 05-1455 (HHK)
                                        )
UNITED STATES PATENT AND                )
TRADEMARK OFFICE,                       )
JON W. DUDAS, Director, USPTO,          )
JOHN J. DOLL, Commissioner for Patents, )
HARRY I. MOATZ, Director, Office of     )
        Enrollment and Discipline,      )
ROBERT J. SPAR, Director, Office of     )
        Patent Legal Administration,    )
                                        )
                 Defendants.            )
_____)

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THE MOTION TO DISMISS

Defendants submit this memorandum in support of their motion to dismiss the complaint.

Petitioner Peter Ronald Kramer (Kramer) took the patent bar registration examination offered by

the Office of Enrollment and Discipline (OED) of the United States Patent and Trademark Office

(PTO).  A passing grade is required for registration as a patent agent.  37 C.F.R. § 10.7(b).[1]

Kramer did not receive a passing grade, even after a regrade of his examination.

Kramer is dissatisfied with how the PTO treated his request for a regrade and has filed a

complaint with this Court.  However, Kramer's complaint is untimely because it was <u>not</u> filed

within this Court's required 30-day period.  Therefore, this Court lacks jurisdiction and the

_____

[1]  This motion cites the regulations in effect at the time Kramer took the exam.  Effective
July 26, 2004, the exam requirement was moved to 37 C.F.R. § 11.7(b).

1

complaint should be dismissed.

RELEVANT STATUTE AND RULE

35 U.S.C. § 32: Suspension or exclusion from practice.

The Director may, after notice and opportunity for a hearing, suspend or exclude, either generally or in any particular case, from further practice before the Patent and Trademark Office, any person . . . who does not comply with the regulations established under section 2(b)(2)(D) of this title . . . . The Director shall have the discretion to designate any attorney who is an officer or employee of the United States Patent and Trademark Office to conduct the hearing required by this section. The United States District Court for the District of Columbia, under such conditions and upon such proceedings as it by its rules determines, may review the action of the Director upon the petition of the person so refused recognition or so suspended or excluded.

Local Civil Rule 83.7: Review of Orders as to Admission or Exclusion of Practitioners

Before the Patent Office.

A person refused recognition to practice or suspended or excluded from practice before the Patent Office may file a petition in this court against the Commissioner of Patents for review of such action within <u>30 days</u> after the date of the order recording the Commissioner's action. The Commissioner shall answer the petition within 20 days after receiving service of the summons. Within 11 days after filing of the answer, the petitioner shall file a certified copy of the record and proceedings before the Patent Office, which shall constitute the sole basis for the court's review. (Emphasis added).

STATEMENT OF FACTS

1.    On October 15, 2003, petitioner Kramer took the Registration Examination for patent

attorneys or agents ("the patent bar exam" or "the exam"), required by the PTO. Comp. ¶

2.[2]

2.    On December 22, 2003, Harry I. Moatz, PTO Director of Enrollment and Discipline

---

[2] Citations are to the Amended Complaint ("Comp."), to Plaintiff's Exhibits attached to the Original Complaint ("P. Exh."), or to Defendants' Exhibit A ("D. Exh. A").

mailed a "Notice of Results of October 15, 2003 Registration Examination" to Kramer. Comp. ¶ 2; D. Exh. A.

3.  The Notice stated that the passing grade was 70, but that Kramer had achieved a score of 68. D. Exh. A.

4.  The Notice included instructions for retaking the exam. *Id*.

5.  The Notice included instructions for requesting a regrade pursuant to 37 C.F.R. § 10.7(c). *Id*.

6.  The Notice stated: "[i]n order to expedite your appeal rights, all regrade requests will be considered in the first instance by the Director of the United States Patent and Trademark Office. Decisions on regrade requests are final agency decision [sic], and are reviewable in the United States District Court for the District of Columbia under 35 U.S.C. § 32." *Id*.

7.  Kramer filed a petition for regrade dated February 20, 2004. Comp. ¶ 2; P. Exh. A.

8.  On October 25, 2004, the PTO issued a Memorandum and Order deciding Kramer's petition. Comp. ¶ 2; P. Exh. B.

9.  The October 25, 2004, decision notified Kramer that he was awarded an additional point for afternoon session question 9, but that his score was still below passing. The decision explained the reasons why his answers did not earn more credit. P. Exh. B.

10.  The October 25, 2004, decision stated that it was a "final agency action" and that it was reviewable under 35 U.S.C. § 32. *Id*.

11.  On December 13, 2004, Kramer requested review of the decision on regrade. Comp. ¶ 2.

12.  On February 17, 2005, the PTO issued a Memorandum and Order treating Kramer's

3

December 13, 2004, as a request for reconsideration. Kramer's arguments were considered and discussed, but the grade was not changed. Comp. ¶ 2.

13.    The February 17, 2005, decision stated: "[a]s indicated in the instructions for requesting regrading of the Examination, in order to expedite a petitioner's appeal rights, a single final agency decision will be made regarding each request for regrade. The decision will be reviewable under 35 U.S.C. § 32." P. Exh. B.

14.    Kramer filed his complaint in this Court on July 22, 2005.

DISCUSSION

A.    The PTO Requires That Patent Agents Pass A Registration
        Examination Before Becoming Registered.

Congress has authorized the PTO to establish regulations which "govern the recognition and conduct of" patent agents or attorneys. 35 U.S.C. § 2(b)(2)(D). The USPTO "may require them . . . to show that they . . . are possessed of the necessary qualifications to render to applicants or other persons valuable service, advice, and assistance in the presentation or prosecution of their applications or other business before the Office." *Id.* The statutes relating to the character and conduct of agents, attorneys, and other persons representing applicants for patents before the USPTO "represent[] congressional policy in an important field." *Kingsland v. Dorsey*, 338 U.S. 318, 319 (1949); *Leeds v. Mosbacher*, 732 F. Supp. 198, 203 (D.D.C. 1990) (representing applicants before the USPTO is "a highly specialized and technical position designed to protect and assist the public") (emphasis in original), *aff'd mem.*, 918 F.2d 185 (Fed. Cir. 1990).[3]

---

[3]    An appeal from this Court's decision would be in the United States Court of Appeals for the Federal Circuit. *Jaskiewicz v. Mossinghoff*, 802 F.2d 532, 536-37 (D.C. Cir. 1986);

One of the requirements established under this authority is the requirement that an applicant for registration take and pass a registration examination. 37 C.F.R. § 10.7(b) [now 37 C.F.R. § 11.7(b)]. *Sperry v. Florida*, 373 U.S. 379 (1963) (reaffirming right of USPTO to require special technical and other qualifications of its practitioners); *Premysler v. Lehman*, 71 F.3d 387, 389 (Fed. Cir. 1995) ("[T]he Commissioner has the discretionary authority to regulate the practice of patent agents before the PTO").

B.     Kramer Did Not Pass The Exam.

Kramer took the registration examination on October 15, 2003, but did not pass it. When the PTO sent him Notice that he did not pass, it also notified him that he could take the exam again, and that he could request a regrade of his exam result. D. Exh. A. The Notice stated: "[i]n order to expedite your appeal rights, all regrade requests will be considered in the first instance by the Director of the United States Patent and Trademark Office. Decisions on regrade requests are final agency decision [sic], and are reviewable in the United States District Court for the District of Columbia under 35 U.S.C. § 32." *Id.*

Kramer requested a regrade. The PTO issued a Memorandum and Order decision on Kramer's regrade request on October 25, 2004. That Order was immediately reviewable since the agency designated it as a "final agency action," and expressly stated that review was available under 35 U.S.C. § 32. Kramer did not seek review within the 30 day period in LCvR 83.7 ("A person refused recognition . . . may file a petition in this court against the Commissioner of Patents for review of such action within 30 days after the date of the order recording the Commissioner's action.").

_____

*Franchi v. Manbeck*, 972 F.2d 1283, 1287 (Fed. Cir. 1992).

5

Rather than seek review of the agency action in this Court, Kramer opted to seek reconsideration by the PTO. The PTO issued the requested reconsideration decision on February 17, 2005, again designating it "final agency action," and again stating the order was reviewable under 35 U.S.C. § 32. Kramer did not seek review within the 30-day period in LCvR 83.7.

C.    Kramer's Complaint Should Be Dismissed Since It
      Was Filed Over Four Months After The Deadline.

The rules required Kramer to file any complaint challenging his exam decision within 30 days. Thus, Kramer's complaint was due by March 21, 2005. Kramer filed his complaint July 22, 2005, over four months after it was due. Both the first regrade decision and the reconsideration decision expressly reminded Kramer of the procedure set out in the original notice: there would be only one decision and it would be reviewable under 35 U.S.C. § 32. Kramer's complaint was filed well out of time and therefore should be dismissed.

Recognizing that Kramer was required to comply with the time limit in LCvR 83.7, the question becomes whether the time deadline in LCvR 83.7 is an absolute bar to an appeal to the district court or whether it is a limitation that is subject to the principle of equitable tolling. An example of the latter is the time limitation (now 90 days) set out in Title VII of the Civil Rights Act of 1964 for a complainant to file an action in federal district court if the complainant is unsatisfied with the final federal agency decision, the issuance of which triggers the 90-day time limit. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990). In that case, the Court of Appeals had held that failure to meet the filing deadline was a jurisdictional bar that was not subject to equitable tolling. The majority of the Supreme Court in <u>Irwin</u> concluded that the filing deadline was subject to the principle of equitable tolling.

6

In a case where the jurisdictional bar, the time limit, is subject to equitable tolling, the burden is on plaintiff to establish the basis for its application.  On the facts of this case, plaintiff cannot meet this burden.  Kramer's original complaint suggested that he was aware of missing the 30-day filing requirement, but the original complaint blamed his failure to meet the time limitation on the PTO: "any failure to petition the USPTO or the court within any prescribed timeframe is a consequence of deceptive and fraudulent behavior of the USPTO."  Original Complaint, last sentence.  However, as explained above, the PTO gave Kramer advance notice that he would receive only one regrade decision, reviewable in this Court under 35 U.S.C. § 32, and reminded him in each order that the decision was reviewable under 35 U.S.C. § 32, a statute that specifically referred him to the local rules of this Court.

D.    Kramer's Complaint Is A Petition Under § 32,
      Regardless Of What He Calls It.

Kramer characterizes his complaint as a request for mandamus under 28 U.S.C. § 1361, rather than a petition under 35 U.S.C. § 32.  Comp. ¶15.  This is a distinction without a difference.  The relief requested is review under § 32, whether the action requested is mandamus or other forms of relief.  Kramer cannot avoid the appeal deadline by simply styling his complaint as one that sought mandamus relief.  When the same issue arose in a complaint filed in the District of Connecticut, the Federal Circuit held that such a complaint was still based on § 32. *Franchi*, 972 F.2d at 1285 (affirming dismissal for lack of jurisdiction)..

In *Franchi*, a person who did not pass the registration exam sought mandamus in district court.  The district court ruled that the case was a § 32 case, although styled as a writ.  The Federal Circuit agreed.  *See also*, *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 27-28 (1943)

7

("Ordinarily mandamus may not be resorted to as a mode of review where a statutory method of appeal has been prescribed or to review an appealable decision of record."); *Cupples v. Marzall*, 101 F.Supp. 579, 580 (D.D.C. 1952) ("In view of the statutory provision for judicial review of the Commissioner's denial of admission to practice, the court holds that mandamus will not lie.").

Kramer's complaint falls under § 32. The substance of Kramer's complaint asks this Court to review the Director's action refusing Kramer recognition, *i.e.*, the subject matter of § 32. Indeed the four alternative forms of relief Kramer requests are: (1) order the Director of OED to conduct yet another regrade; (2) order the Director of OED to state that Kramer is excluded from practice; (3) order yet another administrative review; or (4) enter his name on the register without requiring him to pass the exam. Thus, under the well-pled complaint rule, the complaint is solely a petition for court review of the PTO's refusal to recognize Kramer and not a mandamus case. Kramer's attempt to evade the timeliness requirement of LCvR 83.7 by styling his complaint as a mandamus request emphasizes form over substance. The Court should not indulge it.

CONCLUSION

The complaint should be dismissed because it was untimely filed under LCvR 83.7.

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney

R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

8

FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201

Of Counsel:

JOHN M. WHEALAN
Solicitor

STEPHEN WALSH
JOSEPH G. PICCOLO
Associate Solicitors

United States Patent and Trademark Office
Alexandria, Virginia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER RONALD KRAMER,                      )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )         Civil Action No. 05-1455 (HHK)
                                          )
UNITED STATES PATENT AND                  )
TRADEMARK OFFICE,                         )
JON W. DUDAS, Director, USPTO,            )
JOHN J. DOLL, Commissioner for Patents,   )
HARRY I. MOATZ, Director, Office of       )
      Enrollment and Discipline,          )
ROBERT J. SPAR, Director, Office of       )
      Patent Legal Administration,        )
                                          )
            Defendants.                   )
_____ )

ORDER

      Upon consideration of Defendant's motion to dismiss and Plaintiff's reply thereto, it is

ORDERED THAT:

      The complaint is dismissed.  This is a final, appealable order.

                              _____
                              United States District Judge

Copies to:

Fred E. Haynes
Assistant U.S. Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530

Peter Ronald Kramer
7 High Street
Terryville, CT 06786

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Motion To Dismiss to be served by

first class mail, postage prepaid, this 2nd day of September, 2005, on:

Peter Ronald Kramer
7 High Street
Terryville, CT 06786


Fred E. Haynes, D.C. Bar # 165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
(202) 514-7201