UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER RONALD KRAMER,            )
                                )
            Plaintiff,           )
                                )
    v.                          )       Civil Action No. 05-1455 (HHK)
                                )
UNITED STATES PATENT AND        )
TRADEMARK OFFICE,               )
JON W. DUDAS, Director, USPTO,  )
JOHN J. DOLL, Commissioner for Patents, )
HARRY I. MOATZ, Director, Office of )
    Enrollment and Discipline,  )
ROBERT J. SPAR, Director, Office of )
    Patent Legal Administration, )
                                )
            Defendants.          )
                                )
_____ )

MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO THE MOTION TO DISMISS

This memorandum is submitted in opposition to the defendants' motion to dismiss my complaint. Defendants contend that I am dissatisfied with "how the PTO treated his request for a regrade and has filed a complaint with this Court." However, the issue is not whether or not I am dissatisfied with how the PTO treated the regrade, but with defendants' willful and fraudulent refusal to act according to prescribed process, in particular, administrative review according to 37 C.F.R. 10.2(c). This issue is relevant to mandamus and is jurisdictional.

Peter R Kramer v USPTO, et. al.                                                                                               2

Defendants also maintain that I have missed a 30-day deadline for judicial review. Defendants have consistently made affirmative and misleading statements which led me to reasonable conclude that legitimate review of the regrade was not performed. Thus if the Court were to determine that the 30-day time limitation does apply, defendants should be estopped from affirming a time limitation defense.

## RELEVANT RULES AND STATUTES

37 C.F.R. 10.2(b)(1)

>    (1) Receive and act upon applications for registration, prepare and grade the examination provided for in § 10.7(b), maintain the register provided for in § 10.5, and perform such other duties in connection with enrollment and recognition of attorneys and agents as may be necessary.

37 C.F.R. 10.2(c)

>    (c) Review of Director's decision. Any final decision of the Director refusing to register an individual under § 10.6, recognize an individual under § 10.9 or § 10.14(c), or reinstate a suspended or excluded petitioner under § 10.160, may be reviewed by petition to the Commissioner upon payment of the fee set forth in § 1.21(a)(5). A petition filed more than 30 days after the date of the decision of the Director may be dismissed as untimely. Any petition shall contain (1) a statement of the facts involved and the points to be reviewed and (2) the action requested. Briefs or memoranda, if any, in support of the petition shall accompany or be embodied therein. The petition will be decided on the basis of the record made before the Director and no new evidence will be considered by the Commissioner in deciding the petition. Copies of documents already of record before the Director shall not be submitted with the petition. An oral hearing on the petition will not be granted except when considered necessary by the Commissioner.

Peter R Kramer v USPTO, et. al.                                                                         3

35 U.S.C. 32 Suspension or Exclusion from Practice

>      The Director may, after notice and opportunity for a
> hearing, suspend or exclude, either generally or in
> any particular case, from further practice before the
> Patent and Trademark Office, any person, agent, or
> attorney shown to be incompetent or disreputable, or
> guilty of gross misconduct, or who does not comply
> with the regulations established under section
> 2(b)(2)(D) of this title, or who shall, by word,
> circular, letter, or advertising, with intent to
> defraud in any manner, deceive, mislead, or threaten
> any applicant or prospective applicant, or other
> person having immediate or prospective business before
> the Office. The reasons for any such suspension or
> exclusion shall be duly recorded. The Director shall
> have the discretion to designate any attorney who is
> an officer or employee of the United States Patent and
> Trademark Office to conduct the hearing required by
> this section. The United States District Court for the
> District of Columbia, under such conditions and upon
> such proceedings as it by its rules determines, may
> review the action of the Director upon the petition of
> the person so refused recognition or so suspended or
> excluded.

## DISCUSSION

Defendants memorandum of points and authorities admits that 37 C.F.R. § 10.7(b) was in effect at the time I took the registration examination. It should be pointed out that both § 10.7(c) and § 10.2(c) were also in effect at the time I took the examination, and that rule changes supplanting these rules that were later announced were to be applied <u>prospectively only</u>. 69 *Fed. Reg.* 35428 (June 24, 2004). According to 35 U.S.C. 32, administrative review precedes judicial review and is mandated by statute. For applicants the mechanism for the administrative review is stated in 37 C.F.R. 10.2(c). Although the wording of 35 U.S.C. 32 indicates administrative review by means of a hearing, it has been interpreted that an in-person hearing is not required by

Peter R Kramer v USPTO, et. al.                                                                                          4

applicants to practice. [*In re Roe*, 178 U.S.P.Q. 559, and *in re Doe*, 178 U.S.P.Q. 560.] nevertheless applicants are entitled to an administrative review, and the prescribed form of review is via reconsideration according to 37 C.F.R. 10.2(c) upon payment of a fee according to §1.21(a)(5).

Defendants introduced into evidence the Notice of Results of October 15, 2003 Registration Examination that was mailed to me. That notice improperly attempts to persuade applicant to seek judicial review prematurely by directing applicant according to an *ad hoc* extemporaneous rule not provided for by the CFR and not enacted according to rule making provisions of the Federal Administrative Procedure Act, 5 U.S.C. 553. Applicants should not have to make a mutually exclusive choice between administrative review and judicial review when the rules provide for both in a prescribed sequence. That mailed notice indicates that the defendants never intended to perform § 10.2(c) review. It is an affirmative act intended to mislead applicant to forgo administrative review by concealing the availability of administrative review specified by 37 C.F.R. 10.2(c). Furthermore the notice falsely implied that there was a rule in place at that time providing for a single final agency action in response to §10.7(c) regrading. The relevant rules include no such provision.

Defendants surely were aware or should have been aware that § 10.2(c) review was available and required prior to judicial review. Concerning the rule changes, Mr. Moatz was a principal figure in the rulemaking process enacting the rules changes and was named as contact person. [Vol 68 no. 239 *Fed. Reg.* pp69491-69562.]

Proper process should have been clear to the defendants according to established rules and practices. According to the rules in place at the time I took the registration examination the

Peter R Kramer v USPTO, et. al.                                                                                          5

appropriate procedure to seek regrading and review was provided for by 37 CFR 10.6, 10.7, and 10.2, including, 10.7(c) and 10.2(c). Thus following regrade according to 10.7(c), prior to seeking judicial review, an applicant should petition for administrative review according to 10.2(c). Following 10.2(c) denial, applicant should seek judicial review pursuant to 35 U.S.C. 32.

Administrative review according to 37 C.F.R. 10.2(c) has not been performed by defendants. This is subject matter pertinent to mandamus. 35 U.S.C. 32 provides for administrative review prior to judicial review as a matter of due process. Applicants are entitled to § 10.2(c) administrative review although they do not have a statutory right to an in-person hearing without extraordinary circumstances. [*In re Roe*, 178 U.S.P.Q. 559, and *in re Doe*, 178 U.S.P.Q. 560.]

When I requested review of the regrading decision and submitted the required fee of $130.00 according to §1.21(a)(5), as specified by §10.2(c) for reconsideration, I intended to specify 37 CFR 10.2(c) in petitioning for review, but because of error I specified the nonexistent "37 CFR 10.2 (b)(2)(d)." Nevertheless, the defendants understood my petition to be a reconsideration petition pursuant to 37 CFR 10.2(c), but refused to perform a §10.2(c) reconsideration, returning my $130.00, and substituting a reissued regrade decision in the guise of "reconsideration." Defendants explicitly stated that they treated my request of December 13, 2003 as a petition for reconsideration. However, it should be clear that "reconsideration" in the context of a regrade means 37 C.F.R. 10.2(c) review, and this review has not been performed. In the past, when applicants failed to correctly specify the rule for reconsideration the PTO has construed applicants' requests as seeking relief under 37 C.F.R. 10.2(c). For example the Comissioner's *ex parte* decision reviewing a regrade, *in re Hintz*

Peter R Kramer v USPTO, et. al.                                                                                          6

(http://www.uspto.gov/web/offices/com/sol/foia/oed/regrades/R1987-04.pdf) states: "Review of the decision of the Director is specifically authorized under 37 CFR 10.2(c). The petition is construed as seeking relief under this rule." The first page of this document is attached and marked R1987-04.pdf. Similarly, the decision *in re Curtis C. Panzer* \R1989-01.pdf, in which the applicant requested review other than §10.2(c) review was treated as §10.2(c) reconsideration. Page eight of this electronic document is marked R1989-01.pdf and is physically attached.

The defendant, Robert J. Spar, essentially admits that §10.2(c) reconsideration has not been performed. He stated in his May 18, 2005 letter that my April, 2005 petition was improper because the two decisions had not been rendered by OED. He did not state that my petition was refused because reconsideration had already been performed since he was fully aware that bona fide reconsideration was never performed. Rather this spurious contrivance was proposed. It is preposterous to state that my petition which follows proper procedure is improper because Mr. Spar did not follow proper procedure; §10.2(c) was constructed with the expectation that regrade decisions should be rendered by OED. I should not be penalized because of the wrongdoing of the defendants, and they should not be rewarded for their wrongdoing.

Defendants maintain that my complaint is solely the subject matter of 35 U.S.C. 32 because I am dissatisfied with the manner in which my regrade was performed. Although my complaint did discuss the manner of grading, this was included in the context of <u>establishing a pattern of deceptive behavior</u>. I proposed several alternative remedies, The first two were proposed essentially because of the spurious excuse proffered by Mr Spar on May 18, 2005 concerning the decision not being rendered by OED. I can hardly be faulted for emphasizing form over

Peter R Kramer v USPTO, et. al.                                                                                              7

substance as such a claim is utterly hypocritical under these circumstances since Spar had raised the (groundless) issue of formality. My third alternative request for relief seeking that the Comissioner perform bona fide review according to 37 C.F.R. 10.2(c) is clearly the subject matter of mandamus. Defendants have sought to characterize this case as essentially concerned with the same issues as *Franchi*, 972 F.2d at 1285. The issue here is willful and fraudulent refusal to perform the prescribed administrative review rather than the manner or standard of grading, thus the comparison to *Franchi* is faulty. It is ironic that defendants have attempted to deny due process but characterize my complaint by dressing it in the garments of *Franchi*, and in turn accuse me of framing an altogether different issue as the subject matter of 35 U.S.C. 32. My third proposed alternative form of relief is not a request for the Court to review either decision, but it is a request that §10.2(c) review should be performed by the PTO.

Defendants have essentially proposed that (if) my complaint is concerned with the subject matter of 35 U.S.C. 32, (then) my complaint should be dismissed because I allegedly do not have a basis for extension of the 30-day deadline in LCvR83.7 by means of equitable tolling. However, defendants have affirmatively acted with misleading statements from the outset. They have acted to conceal from this applicant (and others) that 37 C.F.R. 10.2(c) review was available and attempted to deceive me into believing that I should bypass administrative process and seek judicial review prematurely. The exhibit introduced by the defense contains such a misleading statement. It essentially denies the existence of 37 C.F.R. 10.2(c). The February 17, 2005 letter from Harry I. Moatz also essentially denies the existence of §10.2(c) reconsideration. The May 18, 2005 letter from Robert J. Spar in a contradiction admits that §10.2(c)

Peter R Kramer v USPTO, et. al.                                                                          8

reconsideration exists, but nevertheless includes the impertinent: "The provision for regrade of an examination set forth in former 37 CFR 10.7(c) has been eliminated and current 37 CFR 11.7(e) provides that "[s]ubstantive review of the answers or questions may not be pursued by petition for regrade" " Even as late as May 18, 2005, defendants were attempting enforce the new rule that cannot apply to my case, and that has nothing to do with §10.2(c).

It is entirely reasonable that I would conclude that bona fide review has not been performed. Mr. Moatz returned my $130 fee and falsely implied that there were no rules providing for reconsideration. By relying on this statement I concluded that §10.2(c) review was not performed. The February 17, 2005 decision from OPLA, signed by Robert J. Spar, does not contain any statement concerning any rule authorizing the decision. Even the instructions in the Notice of Results, mailed October 15, 2003, do not specify a valid rule enabling the USPTO to truncate the regrading and review process into a single final agency decision. How can I be faulted for believing that a valid review was never performed or that a legitimate final agency action had ever been executed? The USPTO has acted unlawfully, and has affirmatively acted in a manner that was deceptive, I relied on their statements, which thoroughly muddle the issues, in order to conclude that bona fide review had not been performed, and that there was no legitimate final agency action. Because of defendants' affirmative deception, it does not matter whether or not I was aware that there did exist a 30-day deadline that is specified in LCvR83.7. According to the principle of equitable estoppel, it may apply no matter how unequivocally the applicable time limitation is expressed. [*Bomba v. W. L. Belvidere, Inc.*, 579 F.2d 1067, (1978)]. I should mention that my reference to a deadline in my letter of December 13, 2004 concerned the non-absolute deadline for §10.2(c) petition. I became aware of LCvR 83.7 only after deciding to file

Peter R Kramer v USPTO, et. al.                                                                                          9

my complaint. If the 30-day deadline does apply, I may also have a basis for equitable tolling (rather than equitable estoppel) because relying on defendants fraudulent statements to reasonably believe that a deadline is not applicable effectively negates perception of the deadline as effectively as total unawareness of its existence. In other words, awareness that a deadline exists in the abstract - a potential deadline (i.e. a deadline may be applied concerning a legitimate final agency action) is not the same as awareness that a deadline applies to one's particular situation – an actual deadline, (where no legitimate final agency action is believed to have actually occurred.) <u>Despite the fact that defendants attempted to make it appear as though legitimate reconsideration was accomplished, their fraudulent attempt to conceal §10.2(c) led me to believe that legitimate reconsideration had not been performed.</u> It should also be mentioned that I have diligently pursued appropriate administrative review, and that the USPTO has not ruled any of my requests to be untimely. Nevertheless, it is only in regard to my final alternative proposed form of relief in which it might be possible that the issue of 35 U.S.C. 32 subject matter could be asserted, and if equitable tolling or equitable estoppel were to apply, the subject matter issue should not defeat my complaint, and defendants' motion to dismiss can have no basis.

## CONCLUSION

The complaint should not be dismissed. Mandamus should be available, and concerning the final alternative form of relief, either equitable estoppel or equitable tolling should prevent assertion of a time limitation defense.

Peter R Kramer v USPTO, et. al.                                                                                         10

                                        Respectfully submitted,

                                        */s/ Peter R. Kramer*

                                        Peter R. Kramer

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Memorandum in Opposition to be served by Express Mail this 12th day of October, 2005, on:

Fred E. Haynes
Assistant U.S. Attorney
555 4th Street, N.W., Room E-4110
Washington, DC 20530

Peter R. Kramer
7 High St
Terryville, CT 06786
(860) 299-5364 cell
(860) 872-7000 ext 1292 (work)
(860) 533-9795 (home)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER RONALD KRAMER, )
)
Plaintiff, )
)
v. )   Civil Action No. 05-1455 (HHK)
)
UNITED STATES PATENT AND )
TRADEMARK OFFICE, )
JON W. DUDAS, Director, USPTO, )
JOHN J. DOLL, Commissioner for Patents, )
HARRY I. MOATZ, Director, Office of )
   Enrollment and Discipline, )
ROBERT J. SPAR, Director, Office of )
   Patent Legal Administration, )
)
Defendants. )
)
_____)

STATEMENT OF GENUINE ISSUES
According to Rule LCvR7(h)

Defendants motion to dismiss depends upon the assertion that my complaint is solely concerned with 35 USC 32 issues. This is clearly a false assertion. Therefore this Court does not lack jurisdiction. Furthermore defense's motion to dismiss also depends upon the assumption that legitimate administrative review was performed. The prescribed process for administrative review according to 37 CFR 10.2(c) was not performed and its availability was fraudulently concealed by the defendants with affirmatively misleading statements. This is a denial of due process, an issue that is subject to mandamus or injunctive relief, and it is this issue that my complaint is primarily concerned with. They further assert that if my complaint is solely a matter of jurisdiction pertinent to 35 USC 32, that the statutory 30-day deadline would not be

Peter R. Kramer v. USPTO et. al.                                                                                                 2

subject to equitable tolling because I allegedly cannot establish the basis for its application, however, I can establish a basis for equitable estoppel, clearly showing that defendants acted affirmatively in a misleading manner, and that my actions depended upon their fraudulent assertions and that my rationale was reasonable. Thus, even if the Court were to deem that administrative review had been accomplished, defendants should be estopped from asserting a defense based upon the 30-day time limitation.

## STATEMENT OF FACTS

1) My petition for reconsideration dated December 13, 2004, included payment of a fee in accordance with 37 C.F.R. 10.2(c), in the amount of $130.00 specified by §1.21(a)(5).

2) The Memorandum and Order of February 17, 2005, from the Director of the Office of Patent Legal Administration was mailed along with a letter from Harry I Moatz which included the statement "Inasmuch as the rules did not provide for a fee for reconsideration of the decision on regrade, the money order is being returned to you."

3) Robert J. Spar, Director of the Office of Patent Legal Administration, mailed to me a letter dated May, 18, 2005, stating "The petition under 37 CFR 10.2(c) filed on April 11, 2005 is improper for requesting review of the decisions dated February 17, 2005 and October 25, 2004. 37 CFR 10.2(c) provides for review of any final decision of the Director of Enrollment and Discipline. Thus, the petition under 37 CFR 10.2(c) is improper because the decisions were not rendered by the Director of Enrollment and Discipline. Mr. Spar's letter further stated "The provision for regrade of an examination set forth in former 37 CFR 10.7(c) has been eliminated and current 37 CFR 11.7(e)

Peter R. Kramer v. USPTO et. al.                                                                                               3

        provides that "[s]ubstantive review of the answers or questions may not be pursued by petition for regrade." This letter was submitted with my complaint in evidence.

4)    Defendants' fact 12) states that my request was treated as a "reconsideration." However, it was not treated as a 37 CFR 10.2(c) reconsideration.

5)    I included in my amended complaint, a narrative chronological description that included essentially a statement of facts, and include that statement herein by reference.

A memorandum in opposition of the proposed motion to dismiss is attached.

                                                Respectfully submitted,

                                                Peter R. Kramer

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Statement of Genuine Issues and Facts to be served by Express Mail this 12th day of October, 2005, on:

Fred E. Haynes
Assistant U.S. Attorney
555 4th Street, N.W., Room E-4110
Washington, DC 20530

Peter R. Kramer
7 High St
Terryville, CT 06786
(860) 299-5364 cell
(860) 872-7000 ext 1292 (work)
(860) 533- 9795 (home)

R 1989-01.pdf

R 1989-(R2)

UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE COMMISSIONER OF PATENTS AND TRADEMARKS

In re                          )        Request for
Petitioner                     )        Reconsideration
_____)

Pursuant to the order mailed August 8, 1989, the Petition under 37 CFR 1.181 has been treated as a request for reconsideration of the decision by the Assistant Commissioner for External Affairs on a petition under 37 CFR 10.2(c) to review the regrading of the afternoon section of the Examination held on October 12, 1988. Curtis C. Panzer (petitioner) seeks an award of four additional points to his score.

BACKGROUND

On May 18, 1989, a decision was rendered which modified the Director's decision of April 4, 1989. Three points were added to petitioner's score on the afternoon section. The additional points, however, did not give petitioner a passing score of 70 points.

Petitioner now asserts that 10 points were improperly allocated to part of the answer to Question 3, in which the examinees were to point out the novelty over a particular reference and show how their amended claim would distinguish over this reference. According to petitioner, this part should have been given only 5 points and the other 5 points were for summarizing the amended claim and making a "no new matter" assertion.

DECISION

In rendering a decision on the petition, only the record was relied upon, which includes the Model Answers. 37 CFR 10.2(c). The Model Answer for preparing a response to the Office Action rejecting a claim as being anticipated by a reference was assigned a total of 25 points: 10 points for a satisfactory claim, 5 points for dealing with a deficient oath, 5 points for correctly pointing out the novel feature and 5 points for correctly explaining how the amended claim distinguishes over the reference. The fact that the decision added the 5 points for pointing out the novelty of the invention and the 5 points for showing how the amended claim distinguishes over the art is not inconsistent with the Model Answer.

It may be that petitioner does not appreciate that 37 CFR 1.111(c) has two distinct requirements for a reply by an applicant to an Office action. In particular, an applicant in amending the claims "must clearly point out the patentable novelty . . . which the claims present in view of the . . . references cited" (designated Item 2A by petitioner in the

1

R 1987-04.pdf

MAILED
12/04/87

R-1987-4

UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE COMMISSIONER OF PATENTS AND TRADEMARKS

In re                          )    Decision on Petition to
                               )    Review Decision of Director
                               )    of Enrollment and Discipline
_____)

This is a decision on petitioner Hintz's Petition To Invoke The Supervisory Authority Of The Commissioner Under 37 CFR 1.182 [sic] To Overturn The Grading Of Examination, filed September 1, 1987. Petitioner asks the Commissioner to review and reverse the decision of the Director of Enrollment and Discipline, entered July 31, 1987, which granted the addition of only two of the requested thirty points to petitioner's grade in the Afternoon Section of the PTO Registration Examination For Patent Attorneys And Agents of April 7, 1987. Review of the decision of the Director is specifically authorized under 37 CFR 10.2(c). The petition is construed as seeking relief under this rule.

In the petition, petitioner repeats and incorporates by reference the arguments made before the Director in his Request For Regrading Of Examination In Accordance With 37 CFR 10.7(c), filed July 8, 1987, and additionally argues that the decision of the Director on regrade ignored and disregarded the applicable case law on language in claim preambles as limitations in claims.