**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PETER RONALD KRAMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1455 (HHK) |
| | ) | |
| UNITED STATES PATENT AND | ) | ECF |
| TRADEMARK OFFICE, | ) | |
| JON W. DUDAS, Director, USPTO, | ) | |
| JOHN J. DOLL, Commissioner for Patents, | ) | |
| HARRY I. MOATZ, Director, Office of | ) | |
| Enrollment and Discipline, | ) | |
| ROBERT J. SPAR, Director, Office of | ) | |
| Patent Legal Administration, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

**I.    Introduction**

*Pro se* plaintiff Peter Ronald Kramer took the registration exam to practice before Defendant United States Patent and Trademark Office (" PTO") on October 15, 2003, and received notice of a failing grade on December 22, 2003. He requested for a regrade of his exam on February 20, 2004. On October 25, 2005, the PTO regraded his exam and awarded one additional point, but that was not sufficient to allow him to pass the exam. Mr. Kramer then requested reconsideration of that regrade. On February 17, 2005, the PTO denied his request for reconsideration. That decision also informed Mr. Kramer that it was a final agency decision subject to judicial review.

Mr. Kramer, however, did not seek judicial review of the February 17, 2005 decision within the 30-day time period provided under Local Rule 83.7. In fact, he did not file this

lawsuit until July 22, 2005, approximately five months later. Mr. Kramer's Opposition does not deny that his lawsuit was untimely. However, Mr. Kramer's Opposition argues that the Court should apply the equitable tolling doctrine or the equitable estoppel doctrine to toll the statute of limitations because of Defendants' misleading and fraudulent conduct. This assertion has no support in the facts of this case. Accordingly, the Court should grant Defendants' motion because Mr. Kramer untimely filed this lawsuit.

## II.     Argument

### A.     Mr. Kramer Had Notice But Simply Failed To File His Complaint Within The 30-Day Filing Period And Thus Is Not Entitled To Equitable Tolling.

The party seeking equitable tolling faces a "stringent test" or "high hurdle." Communications Vending Corp. of Ariz. v. FCC, 365 F.3d 1064, 1075 (D.C. Cir. 2004). A court's equitable power to toll the statute of limitations will be exercised "only in extraordinary and carefully circumscribed instances." Communications Vending, 365 F.3d at 1075; Mondy v. Sec'y of the Army, 845 F.2d 1051, 1057 (D.C. Cir. 1988). It could apply, for example, when the plaintiff, "despite all due diligence . . . is unable to obtain vital information bearing on the existence of his claim." Currier v. Radio Free Europe, 159 F.3d 1363, 1367 (D.C. Cir. 1998). Here however, the Defendants told Kramer where to seek review and which statute provided for review.

However, to obtain the benefit of equitable tolling, a plaintiff has "the burden of pleading and proving facts supporting equitable avoidance of the defense," as well as establishing that he "acted diligently to preserve [the] claim." Koch v. Donaldson, 260 F.Supp.2d 86, 90 (D.D.C. 2003); McKay v. England, 2003 WL 1799247 (D.D.C. 2003) (untimely complaint dismissed when plaintiff has not proved why equitable tolling should apply). Plaintiff''s *pro se* status does

not excuse an untimely filing.  Kelley v. Sec'y U.S. Dept. of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) (untimely *pro se* complaint should be dismissed for lack of jurisdiction); Potter v. Reno, 1994 WL 731284 *3 (D.D.C. 1994) (*pro se* status alone does not justify tolling 30-day requirement in EEO matter).

Here, the PTO notified Mr. Kramer on three different occasions that he had the right to seek judicial review of the PTO's decision denying him admission to practice before the PTO.  The PTO issued the first notice on December 22, 2003, when it informed Mr. Kramer that he did not pass the registration exam.  See Reply Gov. Exh. A. at 1.  The letter also included information on how to obtain a regrade of his exam.  Id. at p. 2.  The letter also advised Mr. Kramer that any adverse decision on the regrade would be reviewable under 35 U.S.C. § 32.  See Reply Gov. Exh. A. at 2.[1]

The PTO gave Mr. Kramer notice for the second time on October 25, 2004, when the PTO issued a Memorandum and Order on his request to regrade his exam.  See Reply Gov. Exh. B ("October 24, 2005 Order").  After regrading Mr. Kramer's exam, the PTO gave him one additional point, but that extra point was not sufficient to allow him to pass the exam.  See Reply Gov. Exh. B at 3.  The October 25, 2005 Order also informed Mr. Kramer that the decision was reviewable under 37 U.S.C. § 32.  Id. at 1.  Finally, the PTO provided Mr. Kramer with a third notice on February 17, 2005, when it denied Mr. Kramer's request for reconsideration of the

---

[1] Title 35, section 32, states: "The United States District Court for the District of Columbia, under such conditions and upon such proceedings as it by its rules determines, may review the action of the Director upon the petition of the person so refused recognition or so suspended or excluded." (Emphasis added).  This Court's LCvR 83.7 – titled "Review of Orders as to Admission or Exclusion of Practitioners Before the Patent Office" – provides that a person refused recognition to practice before the PTO may file a petition in this Court "for review of such action within 30 days after the date of the order." (Emphasis added).

3

October 25, 2005 Order.  <u>See</u> Reply Gov. Exh. C (Decision on the Request for Reconsideration of Decision on Regrade) ("February 17, 2005 Decision").  This latest decision also informed Mr. Kramer that the decision was reviewable under 37 U.S.C. § 32.  <u>Id</u>. at 2.[2]

Under Local 83.7, Mr. Kramer had 30 days to seek judicial review of the PTO's latest reconsideration order (the February 17, 2005 Decision).  Mr. Kramer failed to do so.  In fact, Mr. Kramer waited until July 22, 2005, five months after the latest reconsideration order, to file this lawsuit.  His complaint was simply four months too late.  More importantly, Mr. Kramer's Amend Complaint and Opposition fail to set forth any valid reason for the Court to equitably toll the statute of limitations under Local Rule 83.7.

---

[2]    After receipt of the February 17, 2005 Decision, Mr. Kramer sought review of that decision on March 2, 2005.  <u>See</u> Reply Gov. Exh. E.  On March 28, 2005, the PTO responded by stating that the October 25, 2004 Order and the February 17, 2005 Decision fully addressed his argument and that those two decisions served as final agency decisions, subject to judicial review.  <u>See</u> Reply Gov. Exh. E.  As such, the March 28, 2005 letter did not respond substantively to Mr. Kramer, but merely informed him that his issues were previously addressed.  <u>Id</u>.

Subsequently, on April 11, 2005, Mr. Kramer again sought review of the October 25, 2004 Order and February 17, 2005 Decision.  <u>See</u> Reply Gov. Exh. F.  Similar to the March 28, 2005 letter, on May 18, 2005, the PTO informed Mr. Kramer that the October 25, 2004 Order and February 17, 2005 Decision had already addressed his issues and that those two decisions were final agency decisions, subject to judicial review.  <u>Id</u>.  The May 18, 2005 letter also did not address Mr. Kramer's April 11, 2005 letter substantively, but merely reminded him that his arguments had been previously dealt with in the October 25, 2004 Order and February 17, 2005 Decision.  <u>Id</u>.

Under these circumstances, neither the March 28, 2005 letter nor the May 18, 2005 letter could be seen as a "final agency decision" for purposes of Local Rule 83.7.  Unlike the October 25, 2004, and February 17, 2005 Orders, the letters were not an "order" under Local Rule 83.7.  In any event, even assuming that these two letters were "final agency decisions" that start the 30-day clock under Local Rule 83.7, Mr. Kramer's lawsuit was still untimely.  The latest that Mr. Kramer should have filed this lawsuit was on June 18, 2005, 30 days after the issuance of the May 18, 2005 letter.  However, Mr. Kramer did not file suit until July 22, 2005, which was 32 days out of time.

4

Mr. Kramer merely states that he "became aware of LCvR 83.7 only after deciding to file my complaint." Opp. at 8-9. Mr. Kramer then argues that he "may . . . have a basis for equitable tolling" because he relied upon Defendants' "fraudulent statements" about the deadline. Id. at 9. It is unclear what "fraudulent statements" Mr. Kramer referred to, but the facts remain – as described above – that the PTO gave Mr. Kramer notices to seek judicial review on three separate occasions. This is not a case where Mr. Kramer received inadequate notice or was "unable to obtain vital information bearing on the existence of his claim." Currier, 159 F.3d at 1367. The PTO notified Kramer where to seek review, and told him what statute applied. Mr. Kramer was not diligent in prosecuting his claims. Baldwin Co. Welcome Center v. Brown, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." ); Norman v. U.S., 377 F. Supp.2d 96, 101 (D.D.C. 2005) (where reasonable diligence would have revealed facts, court will not toll time limitation). Under these facts, the Court should dismiss Mr. Kramer's Amended Complaint as untimely and dismiss this action with prejudice.

> **B.    Equitable Estoppel Does Not Apply Because The PTO Followed Its Regulations Properly And Gave Full Consideration To Mr. Kramer's Exam Regrade Requests.**

Mr. Kramer alternatively asserts that the PTO should be equitably estopped from asking the Court to enforce the time limit because the PTO misled him or acted fraudulently. Opp. 7-9. Specifically, Mr. Kramer argues that his request for a regrade under 37 C.F.R. § 10.2(c) was not performed, and that availability of review under Rule 10.2(c) was fraudulently concealed with

misleading statements. Id. at 7; see also State. of Gen. Issues at 1.[3] According to Mr. Kramer, the reconsideration he received "was not treated as a 37 CFR 10.2(c) reconsideration." State. Gen. Issues #4. He further claims that the "legitimate review of the regrade was not performed." Opp. at 2. Thus, based on these allegations, Mr. Kramer argues that equitable estoppel shields him from the 30-day time limit in LCvR 83.7. See State. Gen. Issues at 2. Mr. Kramer' assertions have no basis in facts or law.

"Equitable estoppel in the statute of limitations context prevents a defendant from asserting untimeliness where the *defendant* has taken active steps to prevent the plaintiff from litigating in time." Currier, 159 F.3d at 1367. (Emphasis provided). Here, the PTO did not prevent Mr. Kramer from filing his lawsuit in time. Rather than mislead or conceal anything from Mr. Kramer, the PTO gave him clear, correct, and proper instructions.

As discussed above, when the PTO regraded his exam on October 25, 2004, it informed Mr. Kramer that he had the right to seek judicial review of the regrade decision. See Reply Gov. Exh. B at 1-2. Subsequently, upon Mr. Kramer's request, the PTO reconsidered the October 25, 2004 Order and denied that request with the February 17, 2005 Decision. In the Decision denying his request, the PTO also informed Mr. Kramer of his rights to seek judicial review in the district court. See Reply Gov. Exh. C at 2. A regrade and review of the regrade is all Mr.

---

[3] In support of his Opposition to Defendant's Fed. R. Civ. P. 12(b)(1) motion, Mr. Kramer attached a "Statement of Genuine Issues" under Local Rule 7(h) and a "Statement of Facts." Mr. Kramer's reliance on Local Rule 7(h) is misplaced as neither party has moved for summary judgment. However, Defendants will address Mr. Kramer's "Genuine Issues" and "Statement of Facts" in the body of this Reply Brief.

Kramer was entitled to, and he received both. Mr. Kramer simply failed to file this case on time. It is of his own doing.

### 1. The Statutory and Regulatory Procedures Were Properly Followed.

Disappointed with the result of the regrade decision that gave him only one additional point, Mr. Kramer sought review of the October 24, 2004 Order under 37 C.F.R. § 10.2(c). Opp. at 4-5. Mr. Kramer simply sought reconsideration under the wrong regulation.

A patent bar applicant who fails the registration exam can ask to have his exam regraded. See 37 C.F.R. § 10.7(c). Rule 10.7(c) states, in pertinent part:

> Within two months from the date an applicant is notified that he or she failed an examination, the applicant may request regrading of the examination upon payment of the fee set forth in § 1.21(a)(6).

Rule 10.7(c) does not specify who can perform the "regrading of the examination." Under 35 U.S.C. § 2(b)(2)(D), the Director of the USPTO may delegate the task of "regrading of the examination" to any other directors and the PTO Director did so. As explained in the PTO's October 25, 2005 Order, the PTO Director "delegated the authority to decide requests for regrade to the Director [of the Office] of Patent Legal Administration." See Reply Gov. Exh. B at 1-2. The Director of Patent Legal Administration reviewed Mr. Kramer's request for reconsideration of the October 24, 2005 Order, and denied it on February 17, 2005. See Reply Gov. Exh. C.

Mr. Kramer now claims that he is entitled to review of the February 17, 2005 Decision under 37 C.F.R. § 10.2. Rule 10.2 deals with the "Director of Enrollment and Discipline." More specifically, Rule 10.2(c) addresses review of decisions by the "Director of Enrollment and Discipline." Mr. Kramer's regrade request was decided by the Director of the Office of Patent

Legal Administration, not the Director of Enrollment and Discipline. Since Mr. Kramer's regrade request was not decided by the Director of Enrollment and Discipline, Rule 10.2(c) does not apply. Accordingly, Mr. Kramer did not have a right to seek review under Rule 10.2(c).

### 2. Mr. Kramer Was Not Misled About Exam Regrade And Was Not Defrauded Of Full Consideration.

Mr. Kramer then argues that PTO acted fraudulently when the PTO did not accord him administrative review under 37 C.F.R. §10.2(c). Opp. at 1. Mr. Kramer's assertion finds no support in the facts.

The December 22, 2003 letter that the PTO sent to Mr. Kramer was clear. The letter states, "[i]n order to expedite your appeal rights, all regrade requests will be considered in the first instance by the Director of the United States Patent and Trademark Office. Decisions on regrade requests are final agency decision [sic], and are reviewable in the United States District Court for the District of Columbia under 35 U.S.C. § 32." See Reply Gov. Exh. A at 2. In other words, the Director of the PTO would decide any request for a regrade of Mr. Kramer's exam, and that decision would be immediately reviewable in this Court. Id.

Mr. Kramer, however, erroneously relies upon several old published regrade requests to argue that the Director of Enrollment and Discipline was responsible for regrading exams. Opp. at 5-6. That old delegation practice was superseded by the PTO's December 22, 2003 letter to Mr. Kramer (and to other examinees who failed the exam) informing Mr. Kramer that the Director of the USPTO would decide requests for a regrade of exams in order to expedite appeal rights. See Reply Gov. Exh. A.

After receipt of this letter, on February 20, 2004, Mr. Kramer then sought a regrade of his exam. See Reply Gov. Exh. D.[4] His letter actually states, "I am requesting a regrade pursuant to 37 C.F.R. § 10.7(c)." Given Mr. Kramer's letter, there is no basis for him to argue that he was misled by the PTO's old decisions into thinking he had a right to have his exam regraded by the Director of Enrollment and Discipline. Under these facts, there is no basis for Mr. Kramer to ask the Court to apply the equitable estoppel doctrine to waive the 30-day statute of limitations in Local Rule 83.7. Accordingly, the Court should dismiss this case as untimely.

## III.   Conclusion

For the foregoing reasons, the Court should grant Defendant's motion and dismiss this lawsuit as untimely filed.

Dated: November 8, 2005.                        Respectfully submitted,

                                                _____/s/_____
                                                KENNETH L. WAINSTEIN, D.C. Bar #451058
                                                United States Attorney

                                                _____/s/_____
                                                R. CRAIG LAWRENCE, DC Bar #171538
                                                Assistant United States Attorney

---

[4] Mr. Kramer's letter seeking a regrade of his exam was actually dated February 20, 2004. See Reply Gov. Exh. D. However, the October 24, 2004 Decision states that the request for a regrade was made on February 26, 2004. See Reply Gov. B at 1. For consistent purposes, Defendants will assume that the request on made on February 20, 2004. The discrepancy between the two dates has no material effect on the underlying issue in this case – that is: Mr. Kramer failed to file this lawsuit within 30 days of the PTO's last decision (February 17, 2005) on his request for reconsideration.

                _____/s/_____
                JOHN TRUONG, DC Bar #465901
                Assistant United States Attorney
                555 4th Street, N.W., Room E-4210
                Washington, D.C. 20530
                202.307-0406

Of Counsel:

JOHN M. WHEALAN
Solicitor

STEPHEN WALSH
JOSEPH G. PICCOLO
Associate Solicitors
United States Patent and Trademark Office
Alexandria, Virginia

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on the 8th day of November , 2005, service of the foregoing Defendants' Reply In Support of Motion to Dismiss  was made via the Court's Electronic Case Filing System and by first class, postage prepaid mail to pro se plaintiff addressed as follows:

> Mr. Peter Ronald Kramer
> 7 High Street
> Terryville, CT 06786

/s/
JOHN C. TRUONG
Assistant United States Attorney
