UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER RONALD KRAMER,           )
                               )
        Plaintiff,             )
                               )
    v.                         )    Civil Action No. 05-1455 (HHK)
                               )
UNITED STATES PATENT AND       )
TRADEMARK OFFICE,              )
JON W. DUDAS, Director, USPTO, )
JOHN J. DOLL, Commissioner for Patents, )
HARRY I. MOATZ, Director, Office of )
    Enrollment and Discipline, )
ROBERT J. SPAR, Director, Office of )
    Patent Legal Administration, )
                               )
        Defendants.            )
                               )

## MOTION FOR SANCTIONS

According to Rule 11(b)(2), Federal Rules of Civil Procedure, "By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." The defense has violated this rule.

FILED

JAN 25 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Peter R. Kramer v USPTO, et. al.        2

In my Memorandum in Opposition I stated that the PTO has unlawfully acted to direct applicants according to improper *ad hoc* extemporaneous rules not provided for in the Code of Federal Regulations and not published in the Federal Register. I further pointed out that PTO rules are subject to the rulemaking process according to the Federal Administrative Procedure Act.

In reply, defendants have maintained that "Under 35 U.S.C. § 2(b)(2)(D), the Director of the USPTO may delegate the task of 'regrading of the examination' to any other directors and the PTO Director did so," and that the "old delegation practice was superseded by the PTO's December 22, 2003 letter to Mr. Kramer (and to other examinees who failed the exam) informing Mr. Kramer that the Director of the USPTO would decide requests for a regrade of exams in order to expedite appeal rights."

The so-called "old delegation practice" was provided for by 37 C.F.R. 10.2(c), and was never superseded by any legitimate rule. 35 U.S.C. 2(b) clearly specifies in its preamble the manner in which the PTO may delegate authority: "may establish regulations, not inconsistent with law." Regulations may *not* be established through extemporaneous fiat. The PTO attempted to defraud me under color of law in its letter of December 22, 2003. Defendants are now attempting to mislead the Court.

The contention that 35 USC 2(b)(2)(D) entitles the Patent Office to enact impromptu rules and regulations is beyond a perverse interpretation of law and crosses the boundary that separates misreading from misleading. Thus defendants pleadings constitute

Peter R. Kramer v USPTO, et. al.                                                                              3

<u>misrepresentation</u> not "warranted by existing law," in violation of Civil Rule 11(b)(2).

Regulations are established by process prescribed by the Federal Administrative Procedure Act. The defendants are principal figures in the rulemaking process and could not fail to be cognizant of the fact that they have attempted to mislead the Court.

    The defense has also misrepresented Rule 10.2(b) and 10.2(c). Page 7 of their reply brief states: "Rule 10.7(b) does not specify who can perform the 'regrading of the examination.'" The contention that it is unclear that the OED Director is delegated the task of regarding is utterly frivolous. Under Rule 10.2(b)(1), the Director of OED shall "Receive and act upon applications for registration, prepare and grade the examination provided for in §10.7(b)," and "and perform such other duties in connection with enrollment and recognition of attorneys and agents as may be necessary." Regrading is a repetition of grading. Regrading is <u>not</u> §10.2(c) review, and it clearly included in the context of "such other duties in connection with enrollment and recognition."

    Rule 10.2(c) is obvious in its expectation that refusal of recognition in matters of enrollment and recognition is a task delegated to the Director of Enrollment and Discipline:

> 37 C.F.R. 10.2(c)
>
> *Review of Director's decision.* Any final decision of the Director
> refusing to register an individual under §10.6, recognize an individual
> under § 10.9 or § 10.14(c), or reinstate a suspended or excluded
> petitioner under § 10.160, may be reviewed by petition to the
> Commissioner upon payment of the fee set forth in § 1.21(a)(5).

Peter R. Kramer v USPTO, et. al.                                                                                   4

Rule 10.2(c) is broad in scope since it includes refusing registration under §10.6, and §10.6(b) in turn includes requirements under all of Part 10: "Any citizen of the United States who is not an attorney and **who fulfills the requirements of this part** [emphasis added] may be registered as a patent agent to practice before the Office."

The defense has consistently and brazenly maintained in all of its pleadings that the PTO is entitled to ignore the rulemaking process (and its own rules); processes and procedures <u>obviously</u> mandated by law. This conduct is intolerable and should be sanctioned. All defense pleadings should be stricken.

I respectfully request the Court to sanction the defense and propose striking all defense pleadings.

                                                            Respectfully submitted,

                                                            *[signature]*
                                                            Peter R. Kramer

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Motion For Sanctions to be served by USPS Express Mail this  30th  day of December, 2005, on:

John C. Truong
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, DC 20530

Peter R. Kramer
7 High St
Terryville, CT 06786
(860) 299-5364 cell
(860) 872-7000 ext 1292 (work)
(860) 533- 9795 (home)