UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER RONALD KRAMER, )<br>)<br>      Plaintiff, )<br>)<br>  v. )<br>)<br>UNITED STATES PATENT AND )<br>TRADEMARK OFFICE, )<br>JON W. DUDAS, Director, USPTO, )<br>JOHN J. DOLL, Commissioner for Patents, )<br>HARRY I. MOATZ, Director, Office of )<br>    Enrollment and Discipline, )<br>ROBERT J. SPAR, Director, Office of )<br>    Patent Legal Administration, )<br>)<br>      Defendants. )<br>_____) | Civil Action No. 05-1455 (HHK)<br><br>ECF |

DEFENDANTS' OPPOSITION TO MOTION FOR SANCTIONS

**I.    Introduction**

*Pro se* Plaintiff Peter Ronald Kramer failed the patent bar exam.  He applied for a re-grade of his exam, but still did not earn enough points to pass.  Mr. Kramer then sought reconsideration of the re-grade by the U.S. Patent & Trademark Office ("USPTO").  That petition was denied.  Finally, Mr. Kramer filed this lawsuit seeking review of the USPTO's decision not to reconsider his re-grade.  Defendants USPTO and other named officials moved to dismiss the Amended Complaint arguing that Mr. Kramer's lawsuit was untimely under Local Rule 83.7. See Dkt. No. 4.  Mr. Kramer opposed Defendants' Motion. See Dkt. No. 7.  The Motion to Dismiss is now ripe for a ruling by the Court.

Mr. Kramer disagreed with Defendants' Reply Brief and filed a "Motion for Sanctions" under Fed. R. Civ. P. 11 requesting that "[a]ll defense pleadings should be stricken."  Motion for

Sanctions (Mot. for Sanction) at 4 (Dkt. No.10). Mr. Kramer's sanctions motion is nothing more than a sur-reply couched as a sanctions motion. As shown below, Mr. Kramer misconstrued the law and did not understand Defendants' delegation authority. Accordingly, the Court should simply deny Mr. Kramer's Motion for Sanctions as meritless.

## II.    Background

As explained in more detail in Defedants' Motion to Dismiss, this action arises from Mr. Kramer failing his patent bar exam. See Dkt. No. 4. Mr. Kramer then petitioned for a re-grade of his exam. The USPTO re-graded Mr. Kramer's exam and awarded him one additional point, but he still did not achieve a passing score. Not satisfied, Mr. Kramer then filed a complaint in this Court alleging that the USPTO refused to follow proper procedure regarding his application for a re-grade. The Defendants moved this Court to dismiss Kramer's Amended Complaint because Mr. Kramer failed to file the complaint within the 30-day period stated in LCvR 83.7. See Motion to Dismiss.[1]

Mr. Kramer filed an opposition, principally arguing that the 30-day period should not apply because the wrong person decided his re-grade petition. See Dkt. No. 7. In Defendants' Reply, Defendants explained in detail how the duty to decide such petitions had been delegated and thus how Mr. Kramer's re-grade petition was treated properly. See Dkt. No. 9. Mr. Kramer now essentially repackages the arguments advanced in his Opposition in a "sanctions" motion

---

[1] This Court's L.Civ.R 83.7 is entitled "Review of Orders as to Admission or Exclusion of Practitioners Before the Patent Office" and provides that "[a] person refused recognition to practice . . . before the Patent Office may file a petition in this court against the Commissioner of Patents for review of such action within 30 days after the date of the order recording the Commissioner's action." (emphasis added).

2

and now accuses Defendants of violating Rule 11 by: "defraud[ing]" him; "mislead[ing] the Court"; and "misrepresentation." Mt. for Sanction at 2-3.

### III.     Rule 11 Standard of Review.

The standard for the applying Rule 11 sanctions is very high in the District of Columbia and certainly not met in this case. Under Rule 11, a person signing a pleading certifies among other things that:

> . . . to the best of the person's knowledge, information, and belief . . . [the pleading] (1) is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law . . .; (3) the allegations and other factual contentions have evidentiary support [or] are likely to have evidentiary support . . .; and (4) the denials of factual contentions are warranted on the evidence . . .

(Brackets and ellipses added).

In this Circuit, the test is whether a "reasonable inquiry would have revealed that there is no basis in law or fact for the asserted claim." Laverne Johnson Reynolds, et al. v. The U.S. Capitol Police Board, 357 F.Supp.2d 19, 23 (D.D.C. 2004). Thus, it almost goes without saying that, even if the Court subsequently finds that a party failed to sustain its burden of proof with respect to a contention, this hardly demonstrates a Rule 11 violation. Naegele v. Albers, 355 F.Supp.2d 129, 147 (D.D.C. 2005). A court will not find Rule 11 sanctions based upon "procedural niceties." Rather, it must be "patently clear" that a pleading "had no chance of success under the existing precedents and [that] no reasonable argument [could] be advanced to extend, modify or reverse the law as it stands." Independence Fed. Savings Bank v. Bender, 230 F.R.D. 11, 16-17, 2005 U.S. Dist. LEXIS 16923 (D.D.C. July 19, 2005). Therefore, Rule 11

sanctions, which never are to be "take[n] lightly," are "an extreme punishment for pleadings that frustrate judicial proceedings." Dove v. WMATA, 2005 U.S. Dist. LEXIS 17955, at *7 (D.D.C. Aug. 18, 2005).

Not surprisingly, Rule 11 is to be applied sparingly. It is a "blunt instrument of sanction against individual attorneys . . . to be applied with restraint." Dove, 2005 U.S. Dist. LEXIS 17955 at *7 (emphasis added). Rule 11 "guards against abuses to the judicial process," such as "frivolous and baseless filings that are not well grounded, [are] legally untenable, or brought for the purpose of vexatiously multiplying the proceedings." Id. at *9. Thus, one example of the proper application of Rule 11 sanctions would be where a party reiterates arguments that have already been rejected by the Court. Laverne Johnson Reynolds 357 F.Supp. 2d. at 24.

When considering a Rule 11 sanctions motion, the Court may also consider whether the filing was made in "bad faith," as well as whether it was frivolous. See Paul v. FNMA, 697 F.Supp. 547, 550-551 (D.D.C. 1988); LaFrance v. Georgetown Univ. Hosp., 1988 U.S. Dist. LEXIS 17514 at *16 (D.D.C. 1988); Blair v. U.S. Treasury Dept., 596 F.Supp. 273, 282 (N.D. Ind. 1984)(no Rule 11 sanction imposed where "subjective bad faith" absent); but see, e.g., Laverne Johnson Reynolds, supra, 357 F.Supp.2d at 23 (the test under Rule 11 is "an objective one"); Eastway Constr. Corp. v. New York, 762 F.2d 243 (2d Cir. 1985)(subjective good faith no longer precludes imposing sanctions under 1983 amendment to Rule 11). Examples of sanctionable conduct where the Court could find bad faith are "dilatory" or "vexatious" tactics to "perpetuate litigation" or cause "needless" or "unnecessary" delay. Paul, supra, 697 F.Supp. at 550-551.

**IV.     Argument**

**A.      Kramer's Arguments Do Not Support A Rule 11 Sanctions.**

Mr. Kramer fails to present any evidence that Defendants acted in bad faith in their pleadings. Mr. Kramer merely argues that the Defendants are attempting to mislead the Court, (Mot. for Sanctions at 2), and that the Defendants' pleadings constitute misrepresentation of the law. Mot. for Sanctions at 2-3. Additionally, Kramer argues that the USPTO misrepresented its own rules. Id. at 3. None of Kramer's contentions have merit. His arguments only repeat his disagreement with Defendants' position. Rather than support sanctions, Mr. Kramer's arguments are in the nature of a sur-reply to Defendants' reply to his Opposition.

**B.      The USPTO's Decision On Mr. Kramer's Petition Was Decided By An Appropriate Official.**

The federal regulations in effect at the time Mr. Kramer failed the patent bar exam authorized the USPTO to use an exam as a requirement for registration in the patent bar. 37 C.F.R. § 10.7(b) (Gov. Exh. A). The regulation allowed applicants who failed the exam to request "regrading":

> § 10.7  Requirements for registration.
> ***
> (c) Within two months from the date an applicant is notified that he or she failed an examination, the applicant may request regrading of the examination upon payment of the fee set forth in § 1.21(a)(6). Any applicant requesting regrading shall particularly point out the errors which the applicant believed occurred in the grading of his or her examination.

For the exam given in October 2003, which Mr. Kramer took, the re-grading task was delegated to the Director of the Office of Patent Legal Administration ("OPLA"). It appears that Mr. Kramer is arguing that the re-grade should have been conducted by the Director of

Enrollment and Discipline ("OED"), not OPLA.  See Mot. for Sanctions at 3.  Mr. Kramer argues that the USPTO attempted to defraud him by having the Director of OPLA perform the re-grading.  Id. at 2.  However, receiving a decision from an official other than the official Mr. Kramer would prefer is not fraud.

On its face, the regulation does not name any specific officer to perform the requested regrading.  Thus, Mr. Kramer has not been defrauded of anything.  The examination is objective and a grade does not change from official to official.  Worley v. USPTO, 121 F.Supp.2d 107, 109 (D.D.C. 2000) ("This Court holds that the USPTO's use of a set of Model Answers to grade patent bar examinations . . . provides a set of uniform standards by which all examinations can be fairly judged and is therefore not arbitrary and capricious.").

In any event, given that 37 C.F.R. § 10.7(c) does not specifically identify the official who should perform the re-grade, the Director of the USPTO may delegate to any officer to make the decision.   Title 35 expressly authorizes the Director of the USPTO to delegate the powers vested in the office.  35 U.S.C. § 3(b)(3) reads:

> (3)  The Director shall–
>
> (A) appoint such officers, employees (including attorneys), and agents of the Office as the Director considers necessary to carry out the functions of the Office; and
>
> (B) define the title, authority, and duties of such officers and employees and delegate to them such of the powers vested in the Office as the Director may determine.  (Emphasis added).

A separate regulation, 37 C.F.R. § 10.2(b), provides that the USPTO's Director of Enrollment and Discipline (OED) shall "prepare and grade the exam," but that regulation does not say who shall decide re-grading requests.  In Mr. Kramer's view, § 10.2(b) should be read to

require that regrading under § 10.7(c) must also be done by the Director of OED. That is not the plain reading of the regulation, and it is certainly not the USPTO's reading. The USPTO's interpretation is that § 10.7(c) does not name an official, and that the Director of the USPTO may therefore exercise the power granted under 35 U.S.C. § 3 to delegate the decision. The USPTO's interpretation of the terms of its own regulations is authoritative because interpreting its own rules is a component of the agency's powers. Martin v. Occupational Safety & Health Review Comm'n, 499 U.S. 144, 151 (1991). Further, the USPTO's construction of its own regulations is controlling unless plainly erroneous or inconsistent with the regulation. Auer v. Robbins, 519 U.S. 452, 461-62 (1997).[2] The re-grading rule does not name any specific official to decide regrading requests, and Defendants' arguments have been neither erroneous nor inconsistent with the rule.

In contrast to the regrading rule, 37 C.F.R. § 10.2(c), in effect at the time of Kramer's request, states that "[a]ny final decision of the Director [of OED] refusing to register an individual . . . may be reviewed by petition to the Commissioner [since 1999, the Director of the USUSPTO]." The USPTO explained to Mr. Kramer that § 10.2(c) did not technically apply to

---

[2] The Federal Circuit recently states,

> Under 35 U.S.C. § 2(b)(2), the PTO has broad authority to govern the conduct of proceedings before it and to govern the recognition and conduct of attorneys. See Stevens v. Tamai, 366 F.3d 1325, 1333 (Fed. Cir. 2004). Because the USPTO is specifically charged with administering this statute, we analyze a challenge to the statutory authority of its regulations under the Chevron framework. See United States v. Mead Corp., 533 U.S. 218 (2001); Chevron U.S.A. Inc. v. Natural Res. Def. Council, 467 U.S. 837 (1984).

LaCavera v. Dudas, No. 05-1204, slip op. at 5 (Fed. Cir. Feb. 6, 2006).

his situation since the Director of OED had not decided his first re-grade request. Nevertheless, the USPTO did review the re-grade decision and issued another Memorandum and Order reviewing the original re-grade Memorandum and Order. See Defendants' Reply (Gov. Exh. C). The review order did not bear the title "under § 10.2(c)" for the technical reason explained. It appears that Mr. Kramer considers the failure to issue the decision "under § 10.2(c)" to be part of the alleged fraud as well. Mt. for Sanctions at 3-4. The USPTO explained this accurately to Mr. Kramer in its order. The Defendants also explained this accurately, without misrepresentation, to this Court in their Motion to Dismiss and Reply. See Dkt. Nos. 4 & 9.

Mr. Kramer argues that 35 U.S.C. § 2(b) "clearly specifies" that USPTO must establish regulations to delegate decisions, and must establish those delegations by the rule making process of the Administrative Procedure Act (APA), and that the Defendants have misrepresented this to the Court. Mt. for Sanctions at 2. As established above, Mr. Kramer is wrong. Hence, Defendants have not misled the Court or misrepresented this point to the Court. Section 2(b) of the patent statute does not even mention delegation, and places no such rule making burden on the agency's delegation authority. It appears that Mr. Kramer is confusing delegation with rule making. Neither the APA nor Title 35 requires notice and comment rule making to exercise the delegation authority conferred by 35 U.S.C. § 3.

**V.     Conclusion**

Mr. Kramer's Motion for Sanctions has not presented any evidence that Defendants misrepresented the facts, the regulations, the statutes, or the law to this Court. Moreover, Defendants did not defraud Mr. Kramer in any way. There is simply no merit to Mr. Kramer's

allegations.  This Court should deny the Motion for Sanctions and grant Defendants' Motion to Dismiss.

Dated: February 9, 2006.           Respectfully Submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney

/s/
R. CRAIG LAWRENCE, D.C. BAR #171538
Assistant United States Attorney

/s/
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendants

Of Counsel:

JOHN M. WHEALAN
Solicitor

STEPHEN WALSH
JOSEPH G. PICCOLO
Associate Solicitors

United States Patent and Trademark Office
Alexandria, Virginia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER RONALD KRAMER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES PATENT AND )<br>TRADEMARK OFFICE, )<br>JON W. DUDAS, Director, USPTO, )<br>JOHN J. DOLL, Commissioner for Patents, )<br>HARRY I. MOATZ, Director, Office of )<br>    Enrollment and Discipline, )<br>ROBERT J. SPAR, Director, Office of )<br>    Patent Legal Administration, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 05-1455 (HHK) |

ORDER

Upon consideration of Plaintiff's Motion For Sanctions, Defendants' Opposition, and the entire record herein, it is this _____ day of _____, 2006,

ORDERED THAT Plaintiff's Motion For Sanctions be and hereby DENIED.

SO ORDERED.

_____
United States District Judge

Copies via ECF to:

John C. Truong
Assistant U.S. Attorney

Peter R. Kramer, *pro se* plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on February 9, 2006, service of the foregoing <u>Defendants' Opposition to Plaintiff's Motion for Sanctions</u> was made via the Court's Electronic Case Filing System and by first class, postage prepaid mail to <u>pro se</u> plaintiff addressed as follows:

Mr. Peter Ronald Kramer
7 High Street
Terryville, CT 06786

/s/
JOHN C. TRUONG
Assistant United States Attorney