R-1989-1

UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE COMMISSIONER OF PATENTS AND TRADEMARKS

In re                          )      Reconsideration of
Petitioner                     )      Decision on Petition
_____)      Under Rule 10.2(c)

, hereinafter petitioner, requests review under 37 CFR 10.2(c) of the Decision on Reconsideration of Request for Regrade of the Examination held on October 12, 1988, which was rendered on April 4, 1989 by the Director of the Office of Discipline and Enrollment (OED), hereinafter Director.  Petitioner seeks an award of at least five additional points to his score for the afternoon section.

BACKGROUND

Petitioner took the examination for registration to practice before the Patent and Trademark Office on October 12, 1988.  He previously passed the morning section but received less than the minimum 70 points (out of 100) on the afternoon section necessary to be registered.  A request for regrading was received by OED on January 31, 1989.  In his decision on the request, the Director added 1 point for question 1 and 1 point for question 2.  This resulted in a total score of 65 points.  A request for reconsideration was filed on March 20, 1989, but no additional credit was given by the Director in his decision of April 4, 1989.  On April 8, 1989, this petition was filed seeking 7 points for question 3 but withdrawing the challenge to Question 1 and to the deduction of 1 point for citing the incorrect petition fee in Question 3.  On April 14, 1989, a supplemental petition was filed.

1

## FACTUAL REVIEW

Question 3 relates to determining what action should be taken on an abandoned application when a practitioner's files were destroyed by fire and he was hospitalized because of the fire. It also concerns the filing of an amendment to distinguish over an anticipatory patent, and the correcting of a defective oath which did not identify the citizenship of the inventor. The examinees were asked to prepare a document to be filed in the PTO if they think that prosecution can be continued. The facts in the question did not specify the time for response to the Office action.

This question has a value of 40 points, of which the Model Answer assigned 20 points for the petition to revive, 5 points for the supplemental oath, 10 points for the amended claim, and 10 points for pointing out the novelty of the invention and for showing how the amended claim distinguishes over the reference.

The initial grader deducted 27 points for deficiencies in the petition to revive, the supplemental oath and the amendment. Of the issues remaining in dispute, 2 points were deducted for the supplemental oath because it failed to include the term "first inventor" (1 point) and to make reference to the amended claim (1 point). Ten points were deducted for the amended claim because the "removably attached" feature relied on by petitioner did not distinguish the amended claim over the reference. Five points were deducted because petitioner did not clearly point out the novelty of the invention. Four

2

points were deducted because petitioner's remarks did not accurately characterize the examiner's rejection (2 points) and the discussion of his amended claim did not distinguish over the reference (2 points).

On reconsideration, the Director refused to award any additional credit. The Director found that petitioner's supplemental declaration was not in accordance with 37 CFR §§ 1.63 and 1.67(a). The Director advised that the amendment and the argument in support of the amendment were separately graded so that petitioner's failure to correctly identify the novelty of his client's invention affected his answer in more than one area.

### DECISION

Petitioner disputes the Director's determination that his supplemental declaration is deficient and has presented sample forms to support his position. As the Director indicated, such forms do not establish compliance with PTO rules. However, if the two declarations are considered together, the requirements of 37 CFR §§ 1.63 and 1.67(a) have been fulfilled. See MPEP 602.02. With respect to the § 1.67(b) deficiency noted by the grader, a supplemental declaration is not required to make reference to the amended claim because the particular amendment does not appear to introduce subject matter not substantially embraced in the statement of the invention. Therefore, 2 points have been restored although the preferred approach, as mentioned in the Model Answer, is to request that the

3

requirement for a new declaration be deferred until the examiner indicates that there is allowable subject matter.

Petitioner asserts that he should have received partial credit for pointing out the support in the specification for the amendment he made to the claim. Although it is good practice to point out the basis in the specification for any limitation added to the claims to avoid a "new matter" rejection, no points were allocated (added or subtracted) for this feature of the response. Accordingly, the Director's refusal to give partial credit is appropriate.

The principal problem with petitioner's amended claim and argument in support of it is that it completely failed to identify the novelty of the invention and to distinguish the claim over the reference, which is the crux of this part of the question. No amount of argument or description of support for a limitation in the application disclosure can be persuasive of patentability if the limitation does not, as here, distinguish the claimed subject matter from the teaching of the prior art. Therefore, the Director's conclusion that petitioner is entitled to only 1 out of 20 possible points is reasonable especially since petitioner also inaccurately characterized the examiner's position on the reference patent.

CONCLUSION

The Director's decision of April 4, 1989 is modified to the extent of restoring two points deducted by the Director

4

from petitioner's score on the afternoon section of the examination on October 12, 1988.  However, petitioner has not received a passing score of 70 points on the afternoon section.

Therefore, this petition is denied.

Dated: May 18, 1989

Michael K. Kirk
MICHAEL K. KIRK
Assistant Commissioner
for External Affairs

MAILED

AUG 8 1989

UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE COMMISSIONER OF PATENTS AND TRADEMARKS
U.S. PATENT & TRADEMARK OFFICE

| | | |
|---|---|---|
| In re | , ) | Review of Decision |
| Petitioner | ) | On Petition Under |
| | ) | 37 CFR 1.181    R 1989-1 (RI) |

, hereinafter petitioner, requests
review by the Commissioner of a Decision by the Assistant
Commissioner for External Affairs.  Petitioner seeks an award
of four additional points to his score for the afternoon
section of an examination he took on October 12, 1988.

## BACKGROUND

On May 18, 1989, the Assistant Commissioner for External
Affairs, acting under a delegation from the Commissioner,
rendered a decision which modified the Director's decision of
April 4, 1989.  The Assistant Commissioner restored three
points to petitioner's score on the afternoon section.  The
additional points, however, did not give petitioner a passing
score of 70 points.

## DECISION

Although the Commissioner may review in person a decision
rendered by an official of the PTO pursuant to a delegated
authority, such a review is not a matter of right and is done
only in unusual or exceptional circumstances.  <u>In re Staeger</u>,
189 USPQ 284 (Comm'r Pat. 1974) and <u>Corrigan v. Alexeevsky</u>,
200 USPQ 368 (Comm'r Pat. 1978).

1

There does not appear to be any unusual or exceptional circumstances in the case which would justify review by the Commissioner in person.  The request for such a review is <u>denied</u> and the matter is <u>referred</u> to the Assistant Commissioner to be treated as a request for reconsideration.

_Fred mcKelvy_ for

DONALD J. QUIGG
Commissioner of Patents
   and Trademarks

2

R 1989 - (R2)

UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE COMMISSIONER OF PATENTS AND TRADEMARKS

In re                    ,         )    Request for
Petitioner                         )    Reconsideration
_____)

Pursuant to the order mailed August 8, 1989, the Petition under
37 CFR 1.181 has been treated as a request for reconsideration
of the decision by the Assistant Commissioner for External
Affairs on a petition under 37 CFR 10.2(c) to review the
regrading of the afternoon section of the Examination held on
October 12, 1988.  Curtis C. Panzer (petitioner) seeks an award
of four additional points to his score.

### BACKGROUND

On May 18, 1989, a decision was rendered which modified the
Director's decision of April 4, 1989.  Three points were added
to petitioner's score on the afternoon section.  The additional
points, however, did not give petitioner a passing score of 70
points.

Petitioner now asserts that 10 points were improperly allocated
to part of the answer to Question 3, in which the examinees
were to point out the novelty over a particular reference and
show how their amended claim would distinguish over this
reference.  According to petitioner, this part should have been
given only 5 points and the other 5 points were for summarizing
the amended claim and making a "no new matter" assertion.

### DECISION

In rendering a decision on the petition, only the record was
relied upon, which includes the Model Answers.  37 CFR 10.2(c).
The Model Answer for preparing a response to the Office Action
rejecting a claim as being anticipated by a reference was
assigned a total of 25 points: 10 points for a satisfactory
claim, 5 points for dealing with a deficient oath, 5 points for
correctly pointing out the novel feature and 5 points for
correctly explaining how the amended claim distinguishes over
the reference.  The fact that the decision added the 5 points
for pointing out the novelty of the invention and the 5 points
for showing how the amended claim distinguishes over the art
is not inconsistent with the Model Answer.

It may be that petitioner does not appreciate that 37 CFR
1.111(c) has two distinct requirements for a reply by an
applicant to an Office action.  In particular, an applicant in
amending the claims "must clearly point out the patentable
novelty . . . which the claims present in view of the . . .
references cited" (designated Item 2A by petitioner in the

1

Model Answer to Question 3) and "must also show how the amendments avoid such references" (designated Item 3A by petitioner).  Although the Model Answer graded the two requirements separately, the Director advises that it was acceptable to discuss the requirements together.

Petitioner persists in maintaining that there is a "new matter" issue in this question.  The record has been reviewed and the evidence supports the Director's conclusion that the facts in this question do not raise that issue, notwithstanding that petitioner believes the regrader agreed with him.  The part of the Model Answer designated Item 3A by petitioner is clearly a discussion of the requirement in § 1.111(c) to show how the amended claim distinguishes over the reference and has nothing to do with "new matter."  There is no mention in the Model Answer of providing support in the specification for the particular amendment.  Accordingly, the Director's refusal to give partial credit for petitioner's answer which shows support in the disclosure for a feature, which does not distinguish over the cited reference, is appropriate.

CONCLUSION

Reconsideration of my decision of May 18, 1989 is granted but the petition for additional points on the afternoon section of the Examination on October 12, 1988 is denied.

Petitioner's check has been returned by separate correspondence.

Dated: September 7, 1989

MICHAEL K. KIRK
Assistant Commissioner
for External Affairs

2

R- 1988-1

UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE COMMISSIONER OF PATENTS AND TRADEMARKS

| | | |
|---|---|---|
| In re , ) | | Decision on Petition |
| Petitioner ) | | for Review under |
| _____ ) | | Rule 10.2(c) |

, hereinafter petitioner, requests review under 37 CFR 10.2(c) of the Decision on Request for Regrade on the Afternoon Section of the Examination Held on October 6, 1987, which was rendered on March 31, 1988 by the Director of the Office of Enrollment and Discipline (OED), hereinafter Director. Petitioner seeks an award of at least six points to his score to give him a passing grade.

## BACKGROUND

Petitioner took the examination for registration to practice before the Patent and Trademark Office on October 6, 1987. He passed the morning section but received less than the minimum 70 points (out of 100) on the afternoon part necessary to be registered. A request for regrading on questions 4 and 5 was timely filed on February 29, 1988. In his decision on the request, the Director added no points for question 4 and 5 points for question 5, which resulted in a total score of 64 points. On April 29, 1988, this petition was filed seeking partial credit on question 4 and additional points for question 5.

## FACTUAL REVIEW

### Question 4

This question sought an analysis of filing a continuation-in-part (CIP) patent application to cover an embodiment outside the scope of the original claims. If the option of filing the CIP was considered acceptable, the examinees were asked to explain why filing a CIP would be better than continuing prosecution of the original application. However, if this option was not considered desirable, the examinees were asked to explain the problems of filing a CIP and provide a strategy for prosecuting the original application.

The initial grader gave the petitioner no credit for his answer to this question, which was worth 15 points. The grader noted that the "CIP gives best protection & can easily be filed before 11-11-87 sale bar date." On review, the Director awarded no additional points because the issues discussed by petitioner were considered to be immaterial in view of his answer that a CIP should not be filed.

The model answer, as does the question, allows for both a "yes" and "no" answer with respect to the filing of a CIP. However, the explanation for "no" is that there are no problems with the CIP if filed before the response period has expired and before the statutory bar arises.  The model answer assigns 7 points to this part of the question and 8 points for providing a prosecution strategy.

Petitioner argues that he should receive partial credit for mentioning that the Office Action must be responded to within the three month period and that the CIP would have to be filed prior to November 11, 1986.

## Question 5

This question asked the examinees to draft a species claim which would provide for literal infringement of a particular device and explain why the claim is permissible. The model answer assigned 10 points for a claim drawn to a specific embodiment and 5 points for showing its basis in the specification.

The grader awarded no points because petitioner's claim was not drawn to a species but rather was subgeneric and because petitioner's answer contained no discussion of the claim's basis in the specification.  The Director added 5 points on his review but noted that there was no support for the actual language of this claim.

Petitioner argues that he should receive additional credit because there is in fact support for his claim language.

## DECISION

## Question 4

A thorough and detailed review of the entire record indicates that some partial credit should have been awarded for petitioner's answer to this question.  When considered as a whole, the answer shows that petitioner was aware of the need to file a response within the statutory time period and the need to consider potential statutory bars.  These issues are relevant because the question asked for a discussion of the problems of filing a CIP if one was not recommended.  However, full credit of 7 points is not considered appropriate because of the petitioner's discussion of "new matter" which contains faulty reasoning and is therefore subject to a deduction of 2 points.  Five points will be added to petitioner's score for this question.

-2-

## Question 5

A thorough and detailed review of the entire record indicates that additional credit should have been awarded for petitioner's species claim.  Petitioner's claim deserves more credit although not the full amount of 10 points because it is not the preferred answer. Further, it is arguable whether there is actual support in the specification for the language of petitioner's species claim. Three points will be added to petitioner's score for this question.

## CONCLUSION

The Director's decision of March 31, 1988 is reversed to the extent of restoring eight points deducted by the Director from petitioner's score in the afternoon section of the examination on October 6, 1987. Petitioner, accordingly, has achieved a passing score of 72 points in the afternoon section.

The petition is granted.

Dated: 5/31/88

MICHAEL K. KIRK
Assistant Commissioner
for External Affairs

-3-

R-1988-2

UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE COMMISSIONER OF PATENTS AND TRADEMARKS

| | | |
|---|---|---|
| In re        , | ) | Decision on Petition |
| Petitioner | ) | for Review under |
|  | ) | Rule 10.2(c) |

, hereinafter petitioner, requests review under 37 CFR 10.2(c) of the Decision on Request for Regrade on the Afternoon Section of the Examination Held on October 6, 1987, which was rendered on April 1, 1988 by the Director of the Office of Enrollment and Discipline (OED), hereinafter Director. Petitioner seeks an award of at least eight points to his score to give him a passing grade.

## BACKGROUND

Petitioner took the examination for registration to practice before the Patent and Trademark Office on October 6, 1987. He passed the morning section but received less than the minimum 70 points (out of 100) on the afternoon part necessary to be registered. A request for regrading on questions 2, 3, 5 and 6 was received on February 29, 1988. In his decision on the request, the Director added 2 points for question 2, no points for question 3, 3 points for question 5, and no points for question 6, which resulted in a total score of 62 points. On April 30, 1988, this petition was filed seeking at least 4 points on question 2, full credit on question 3, 2 points on question 5 and 3 points on question 6.

## FACTUAL REVIEW

### Question 2

This question asks for the preparation of an information disclosure statement. A number of patents and various activities of the coinventors were to be considered for inclusion in this statement.

The initial grader deducted 10 points (out of 15). On review, the Director added 2 points because petitioner's answer indicated that a copy of the patent should be enclosed with the statement, which avoids the need to mention the issue date of this patent.

Petitioner argues that there was double counting in the deduction of 6 points for his discussion of "materiality" and that his statement about the date of conception was correct.

## Question 3

This question also relates to preparing an information disclosure statement. It adds to the fact situation of the previous question a coinventor's prior use and reduction to practice of the invention in the United States. The examinees were asked if they would modify the disclosure statement and explain either a "yes" or "no" answer.

The grader deducted 12 points (out of 20) because petitioner did not discuss a number of issues raised by the facts. The Director did not add any points because the petitioner did not give any reasons for his conclusion that the statement should not be modified.

Petitioner argues that the model answer is wrong and that most, if not all, the points deducted should be added back. In the alternative, he requests more partial credit because he asserts that there was some double counting in the deduction of points for the same error.

## Question 5

This question asks the examinees to draft a species claim which would provide for literal infringement of a particular device and explain why the claim is permissible. The model answer assigned 10 points for a claim drawn to a specific embodiment and 5 points for showing its basis in the specification.

The grader deducted 5 points (out of 15) because the petitioner's answer did not cite Example III as support for the added claim. The Director added 3 points although he concluded that petitioner's reliance for support on broad claim 1 was not appropriate.

Petitioner argues that he should receive full credit because claim 1 was with the application as filed and therefore is part of the original disclosure.

## Question 6

This question focuses on obtaining an early application filing date in the PTO when not all the required parts including a filing fee are available.

The grader deducted 10 points (out of 15) because petitioner's answer did not mention express mailing (6 points), omitted naming the inventor in the accompanying papers (3 points), and did not discuss the need to pay a

surcharge when the missing parts were filed later (1 point).
On his review, the Director did not add any points because
petitioner's answer did not disclose how the application was
to be filed, that the inventor's name must be identified and
that the particular fee was a surcharge. As explained by the
Director, the question was in two parts: how to get a filing
date and then how to complete the application.

Petitioner seeks more partial credit because it was not
clear from the facts that the inventor's name was missing.

## DECISION

### Question 2

A thorough and detailed review of the entire record
indicates that too many points were deducted.  For example,
petitioner lost 2 points for mentioning that the conception
date occurred on June 14, 1987.  As previously explained by
the Director, the stated facts do not support this
conclusion which is based on an assumption by petitioner.
However, this error has no direct relevance to the
prepartion of the particular information disclosure
statement and so should not have resulted in a deduction of
any points.

On the other hand, petitioner's discussion about the
co-inventor's activities in Canada does relate to the issue
covered by this question.  Petitioner lost 2 points for
using the term "relevant" instead of "material" and 2 more
points for "incorrect reasoning" for saying that these
activities were relevant instead of immaterial because
applicants may not rely on them to establish a date of
invention.  Thus, in effect petitioner lost points for
giving the wrong answer and using incorrect reasoning, which
has the appearance of "double counting."

These deductions have the effect of giving considerable
weight to the particular errors in view of petitioner's
substantively correct answer.  Accordingly, 4 points will be
added to petitioner's score for this question.

### Question 3

Petitioner argues that the model answer and its
explanation is wrong and suggests that the PTO must prove
that it is right.  On the contrary, the burden of proof in
this matter lies with the petitioner who must demonstrate
the error in the decision by the Director.  Accordingly, no
further basis nor justification for the model answer will be
provided.

With respect to the assertion that the deduction of 12 points is excessive, it is noted that the correct answer is "yes" and petitioner's answer of "no" does not have an adequate explanation.  His answer indicates that the information disclosure statement does not have to be modified because the invention was reduced to practice in Canada.  The significance of this statement is not understood because under 35 USC 104, foreign acts are not relevant.  Further, petitioner's answer does not seem to recognize the consequence of Smith's prior use in the United States under 35 USC 102(a) and prior reduction to practice in the United States under 35 USC 102(g) with respect to Wisdom's invention set forth in claim 2.

Therefore, the award of 8 points in partial credit for a wrong answer is considered to be rather generous especially since petitioner's answer shows no awareness of a number of the issues raised by the facts of this particular question.  No additional points will be added to petitioner's score for this question.

### Question 5

Petitioner's argument that an original claim is part of the disclosure is correct.  However, the narrowing of a claim without support in the specification raises a problem with the description requirement in 35 USC 112.  See In re Smith, 173 USPQ 679 (CCPA 1972).  Therefore, the perferred answer is to rely on Example III for support of the species claim.  No additional points will be added to petitioner's score for this question.

### Question 6

Petitioner has not shown any error in the Director's decision to sustain the grader's deduction of 10 points (out of 15).  The facts stated in this question were that the "application was prepared in good order."  This is not considered to suggest that the papers which were filed named the inventor.  What was actually filed according to the model answer was the specification which generally does not identify the inventor.  The declaration was not filed because it was incomplete and it is this document that tells the PTO who the inventor is.  Accordingly, no points will be added to petitioner's score for this question.

<u>CONCLUSION</u>

The Director's decision of April 1, 1988 is modified to the extent of restoring four points deducted by the Director from petitioner's score in the afternoon section of the examination on October 6, 1987.  Petitioner, however, has not achieved a passing score of 70 points or more in the afternoon section.

Therefore, this petition is denied.

Dated: 5/31/88

MICHAEL K. KIRK
Assistant Commissioner
    for External Affairs

-5-

R-1988-3

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE COMMISSIONER OF PATENTS AND TRADEMARKS

In re            ,        )        Decision on Petition
Petitioner                )        for Review under
_____  )        Rule 10.2(c)

        , hereinafter petitioner, requests review
under 37 CFR 10.2(c) of the Decision on Request for Regrade
on the Afternoon Section of the Examination Held on October
6, 1987, which was rendered on March 31, 1988 by the
Director of the Office of Enrollment and Discipline (OED),
hereinafter Director. Petitioner seeks an award of twenty
two additional points to his score.

## BACKGROUND

    Petitioner took the examination for registration to
practice before the Patent and Trademark Office on October
6, 1987. He previously passed the morning section but
received less than the minimum 70 points (out of 100) on the
afternoon part necessary to be registered. A request for
regrading on questions 1, 3 and 4 was received on February
26, 1988. In his decision on the request, the Director
added no points for question 1, 2 points for question 3 and
5 points for question 4, which resulted in a total score of
65 points. On April 29, 1988, this petition was received
which requests an increase of 4 points on question 1 and 18
points on question 3.

## FACTUAL REVIEW

### Question 1

    This question asked the examinees to prepare a single
claim on either a folding tooth brush or an electrical
device. Petitioner chose the former.

    The initial grader deducted 11 points (out of 20). On
review, the Director did not add any points. Petitioner
argues that the deduction of 2 points for failing to provide
antecedent basis for the term "the unhinged end" in element
(g) of his claim was improper because that term was recited
as part of element (e). Also, he asserts that the term
"side walls" is not indefinite as determined by the grader
and the Director and therefore the deduction of one point
was not appropriate. Finally, he questions the 1 point
deduction for vagueness in the recitation of element (c)
which described the handle of the brush because if element
(c) is considered with element (f), there would be no
vagueness.

## Question 3

This question related to preparing an information disclosure statement. It added to the fact situation of question 2, a coinventor's prior use and reduction to practice of the invention in the United States. The examinees were asked if they would modify the disclosure statement and explain either a "yes" or "no" answer.

The grader gave no credit for this 20 point question which petitioner answered by indicating that there was no need to change the information disclosure statement. The only comment the grader made was that the inventions were not assigned at the time of Smith's U.S. trip so that it would be prior art under 35 USC 102(g)/103 as to Wisdom's invention. On review, the Director awarded partial credit of 2 points for petitioner's discussion of why there was no material prior art under 35 USC 102(b).

Petitioner argues that the relevant date for determining the applicability of the common ownership prior art exclusion under 35 USC 103 is the date when the Wisdom invention was made and not the date of the making of the Smith invention. Since at the time the Wisdom invention was made in the United States, the inventions were commonly owned, Smith's trip would not be prior art as to the Wisdom invention and so it does not have to be disclosed to the PTO. Petitioner also argues that there is no prior knowledge under 35 USC 102(a) which must be disclosed because it was not public.

## DECISION

### Question 1

A thorough and detailed review of the entire record indicates that too many points were deducted for this question. It is concluded that there is antecedent basis in the claim for the term "the unhinged end" and also that "side walls" is a definite term. However, the Director was correct in his assessment that petitioner's description of the handle was vague and that this deficiency was not cured by the subsequent language in element (f). Accordingly, only 3 points will be added to petitioner's score for this question.

### Question 3

A thorough and detailed review of the entire record indicates that additional partial credit should have been awarded for petitioner's answer to this question. In particular, his discussion about the common ownership issue under 35 USC 103 deserves partial credit of 2 points out of

a total of the four assigned to this issue by the model answer.  It should be noted that the common ownership prior art exclusion in section 103 is limited to 35 USC 102(f) and (g) and therefore does not apply to 102(a) prior art. Further, the exclusion is not limited to the date the invention was made in the United States as assumed by petitioner.

The Director did not err in refusing to award full credit because petitioner's answer did not indicate that the information disclosure statement should be revised to include Smith's trip as prior knowledge or use under 35 USC 102(a) and the circumstances of the separate reductions of practice of the two species inventions.  The non-secret use of the Smith invention by Smith would be prior art as to the Wisdom invention under sections 102(a)/103 even though it would not be an absolute bar under section 102(b).

Accordingly, only two points will be added to petitioner's score for this question.

### CONCLUSION

The Director's decision of March 31, 1988 is reversed to the extent of restoring five points deducted by the Director from petitioner's score in the afternoon section of the examination on October 6, 1987.  Petitioner, accordingly, has achieved a passing score of 70 points or more in the afternoon section.

The petition is granted.

Dated: 6/20/55

MICHAEL K. KIRK
Assistant Commissioner
for External Affairs

-3-

R-1988-4

UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE COMMISSIONER OF PATENTS AND TRADEMARKS

| | | |
|---|---|---|
| In re | , ) | Decision on Petition |
| Petitioner | ) | for Review under |
| _____ | ) | Rule 10.2(c) |

_____, hereinafter petitioner, requests review under 37 CFR 10.2(c) of the Decision on Request for Regrade on the Afternoon Section of the Examination Held on October 6, 1987, which was rendered on March 31, 1988 by the Director of the Office of Enrollment and Discipline (OED), hereinafter Director. Petitioner seeks an award of nine points to his score to give him a passing grade.

### BACKGROUND

Petitioner took the examination for registration to practice before the Patent and Trademark Office on October 6, 1987. He passed the morning section but received less than the minimum 70 points (out of 100) on the afternoon part necessary to be registered. A request for regrading on questions 2, 3, 4, and 5 was received on March 14, 1988. In his decision on the request, the Director added 5 points for question 2, 8 points for question 3, no points for question 4, and 3 points for question 5, which resulted in a total score of 64 points. On April 29, 1988, this petition was filed by express mail seeking 4 points on question 2, 3 points on question 3, and at least 2 points on question 4.

### FACTUAL REVIEW

#### Question 2

This question asked for the preparation of an information disclosure statement. A number of patents and various activities of the coinventors were to be considered for inclusion in this statement.

The initial grader deducted 9 points (out of 15). On review, the Director added 5 points in view of petitioner's arguments. Petitioner argues that the deduction of 2 points for misrepresenting the facts in his answer and of 2 points for including immaterial information was not proper.

#### Question 3

This question also related to preparing an information disclosure statement. It added to the fact situation of the previous question a coinventor's prior use and reduction to practice of the invention in the United States. The examinees were asked if they would modify the disclosure statement and explain either a "yes" or "no" answer.

The grader deducted 15 points (out of 20) because petitioner did not discuss a number of issues raised by the facts. The Director added 8 points in view of petitioner's comments and his answer to question 2.

Petitioner argues that he is entitled to 3 additional points for the reasons expressed in his request for regrade noting that no explanation was given by the Director for refusing to award all of the 11 points requested.

## Question 4

This question sought an analysis of filing a continuation-in-part (CIP) patent application to cover an embodiment outside the scope of the original claims. If the option of filing the CIP was considered acceptable, the examinees were asked to explain why filing a CIP would be better than continuing prosecution of the original application. However, if this option was not considered desirable, the examinees were asked to explain the problems of filing a CIP and provide a strategy for prosecuting the original application.

The grader gave no credit for petitioner's answer to this 15 point question because of incorrect reasoning. This was not changed by the Director who found the answer to be confusing and inconsistent. Petitioner seeks partial credit of at least 2 points because his answer recognized that a claim in a CIP to an article or widget having an outer film thickness of 2 mm would provide the desirable coverage.

## DECISION

### Question 2

A thorough and detailed review of the entire record indicates that the Director was correct in concluding that the facts, as stated in this question, do not clearly indicate that the assignments were executed on the filing date of the patent application. Petitioner's assumption that the assignments must have been re-executed is not warranted by the stated facts.

Petitioner's answer, in addition to mentioning the assignments, identified the inventors' statements about the making of the invention and some test results as being material and so should be included in the information disclosure statement. Since none of these three items are considered material under the fact situation in question 2, 2 points were appropriately deducted.

-2-

Petitioner's argument that there may be a duplicate claimimg problem has been considered but it is not convincing because under the given facts, there is no likelihood that such a problem exists. Further, it is not understood how such a problem would make all of the items in petitioner's disclosure statement material.

On the other hand, if the activities of one inventor becomes prior art against the other as in question 3, this would be an entirely different matter. Thus, the Director gave petitioner's answer to question 2 considerable partial credit for question 3.

Accordingly, no points will be added to petitioner's score for this question.

## Question 3

Although the Director in restoring most but not all of the points for this question gave no reason for any deduction, a review of the entire record supports the conclusion that full credit was not considered appropriate for petitioner's discussion of the Smith invention. The discussion analyzed this invention as creating a possible interference, which only indirectly suggests a prior art problem under 35 USC 102(g) and is completely silent on the 35 USC 102(a) issue. Therefore, the partial credit of 2 points awarded by the Director out of 5 points assigned in the model answer is appropriate. Accordingly, no more points will be added to petitioner's score for this question.

## Question 4

As acknowledged by petitioner, his answer to this question focused erroneously on what he believed to be an improper dependent claim issue. It was for this reason, he found the proposed CIP to be unacceptable although his answer did recommend responding to the rejection and filing a CIP with the dependency of the claims changed.

Because his answer generally recognized the advantage of filing a CIP to provide protection, some partial credit is appropriate. The model answer designated 5 points for indicating that the proposed CIP strategy in the question was adequate. Full credit under this part is not warranted because not only does petitioner's answer have a different CIP strategy but also there is no need to tie the filing of the CIP to the response to the rejection.

Additional partial credit under other parts of this question is not justified because the timing of the CIP is critical as explained by the model answer. Accordingly, only 2 points will be added to petitioner's score for this question.

-3-

## CONCLUSION

The Director's decision of March 31, 1988 is modified to the extent of restoring two points deducted by the Director from petitioner's score in the afternoon section of the examination on October 6, 1987.  Petitioner, however, has not achieved a passing score of 70 points or more in the afternoon section.

The petition is denied.

Dated: 6/20/33

MICHAEL K. KIRK
Assistant Commissioner
   for External Affairs

-4-

R-1988-5

UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE COMMISSIONER OF PATENTS AND TRADEMARKS

In re                     ,    )        Decision on Petition
Petitioner                     )        for Review under
_____)        Rule 10.2(c)

·, hereinafter petitioner, requests
review under 37 CFR 10.2(c) of the Decision on Request for
Regrade on the Afternoon Section of the Examination Held on
October 6, 1987, which was rendered on March 31, 1988 by the
Director of the Office of Enrollment and Discipline (OED),
hereinafter Director.  Petitioner seeks an award of at least
fourteen points to his score to give him a passing grade.

## BACKGROUND

Petitioner took the examination for registration to
practice before the Patent and Trademark Office on October
6, 1987.  He previously passed the morning section but
received less than the minimum 70 points (out of 100) on the
afternoon part necessary to be registered.  A request for
regrading on all of the afternoon questions was received on
February 25, 1988.  In his decision on the request, the
Director added 4 points for question 1, 2 points for
question 2, no points for question 3, 1 point for question
4, 3 points for question 5 and no points for question 6,
which resulted in a total score of 56 points.  On April 29,
1988, this petition was filed by express mail seeking 3
points on question 1, 7 points on question 3, 11 points on
question 5 and 3 points on question 6.

## FACTUAL REVIEW

### Question 1

This question asked the examinees to prepare a single
claim on either a folding tooth brush or an electrical
device. Petitioner chose the former.  The instructions for
the tooth brush required that the claim must interrelate at
least all of the following elements: tooth brush (1), handle
(2), bristles (4), shank (5), slot (6), pivot pin (9),
hinged cover (12), locking projections (15), locking
depressions (16), locking flange (26), and notch (27).

The initial grader deducted 8 points (out of 20).  On
review, the Director added 4 points in view of petitioner's
arguments.  Petitioner argues that the deduction of 3 points
for failing to recite specifically the spatial relationship
between a number of the elements was improper because his
claim fully satisfied 35 USC 112.

## Question 3

This question related to preparing an information disclosure statement. It added to the fact situation of question 2, a coinventor's prior use and reduction to practice of the invention in the United States. The examinees were asked if they would modify the disclosure statement and explain either a "yes" or "no" answer.

The grader deducted 11 points (out of 20) because petitioner did not discuss a number of issues raised by the facts. This was not changed by the Director who explained why petitioner's answer was incomplete.

Petitioner argues that too many points were taken off for his failing to discuss the common assignment issue. Although the model answer indicated that this issue was worth only 4 points, the grader deducted 5 points. Further, petitioner questions whether any points should be deducted because the examiner has sufficient information to determine whether Smith's invention is prior art to Wisdom without knowing about the common assignment. Petitioner also urges that the 2 points deducted for his failing to disclose Smith's activity in Canada is improper because acts in a foreign country are not material.

## Question 5

This question asked the examinees to draft a species claim which would provide for literal infringement of a particular device and explain why the claim is permissible. The model answer assigned 10 points for a claim drawn to a specific embodiment and 5 points for showing its basis in the specification.

The grader deducted 10 points because petitoner's claim was not drawn to a species limiting the thickness to 0.5 mm but gave 1 point credit for explaining why a preliminary amendment was permissible although no basis in the specification for the particular claim was given. The Director increased the partial credit for this part to 4 points on the basis of petitioner's comments. Petitioner seeks full credit of 5 points because he explained accurately why the preliminary amendment could be presented. Also, petitioner argues for partial credit of 7 points for his species claim which he asserts would be literally infringed by the Bremerton widget. In the alternative, he requests full credit of 10 points because this question, which related to infringement, is beyond the proper scope of the examination.

## Question 6

This question focused on obtaining an early application filing date in the PTO when not all the required parts including a filing fee are available.

The grader deducted 3 points (out of 15) because petitioner did not mention specifically filing the express mail certificate, to which the model answer assigned a value of 3 points. No change was made by the Director. Petitioner seeks full credit for this question because he referred generally to 37 CFR 1.10, which includes the requirement for a mail certificate.

## DECISION

## Question 1

A thorough and detailed review of the entire record indicates that the Director was correct in identifying various deficiencies of petitioner's claims. Although there is a certain amount of subjectivity involved in determining what constitutes a well drafted claim, it is noted that the directions specifically require that the claim must interrelate a number of specified elements. Petitioner did not follow these directions because his claim failed to set forth the specific relationship of these elements. Accordingly, no points will be added to petitioner's score for this question.

## Question 3

A thorough and detailed review of the entire record indicates that too many points were deducted for this question. As correctly noted by petitioner, the model answer did assign 4 points to providing information to the PTO on common assignment. Accordingly, the deduction of 5 points by the grader, as affirmed by the Director, was improper.

According to petitioner, information about common ownership of the two inventions described in the patent application is not relevant to the PTO's decision to issue the patent if the examiner has sufficient information to consider Smith's reduction to practice in the United States as prior art with respect to claim 2. Petitioner suggests that if applicants do not rely on common ownership, there would be no need for the examiner to have this information.

We disagree because this information is relevant whether or not applicants rely on common ownership to avoid a prior art rejection.  Otherwise, the examiner is in no position to evaluate the circumstances especially since an assumption may be made that the inventions are commonly owned in view of the fact that the assignments were submitted to the PTO with the patent application which listed Smith and Wisdom as coinventors.

Although petitioner is correct in his statement that foreign acts cannot be used to establish a reduction to practice (35 USC 104), this does not necessarily mean that Wisdom's reduction to practice in Canada is not material in this question.  As explained by the Director, disclosure of the foreign acts would make it clear to the examiner that Wisdom's reduction to practice would be limited to the filing date of the application.  However, because it is accepted practice for examiners to assume that the filing date of an application is the date of the invention, this information is not material to the use of the Smith invention as prior art or prior invention against the Wisdom invention under both 35 USC 102(a) and (g), respectively.

Accordingly, three points will be added to petitioner's score for this question.

### Question 5

This question, although it mentions the word infringement, relates to the drafting of a claim of particular scope.  Since practitioners are expected to know how to vary the scope of the claims to cover their clients' inventions, the particular question is considered appropriate for this examination.

Because it is arguable whether the species claim in the model answer is more accurately classified as a subgeneric claim, the particular label assigned to the claim will not be used to evaluate petitioner's answer.  As explained by the Director, petitioner's claim was not sufficiently narrow in scope to avoid potential prior art but read directly on the competitor's device.

Further, petitioner's claim adds limitations to original claim 1 which would make it a substantial duplicate of original claim 2 and would therefore be improper.  The fact that petitioner chose to focus attention on the composition of the inner coating does not seem particularly relevant because according to the facts of this question, the Bremerton widget is said to be identical in every respect to the Midwidco "second generation" widget except

-4-

for the thickness of the outer resin film. Therefore, the Director did not err in refusing to award petitioner any partial credit for his claim even though it may be considered to be "subgeneric."

With respect to the permissibility of the preliminary amendment, it is noted that petitioner has received 4 out of a possible 5 points even though his answer varies from the model answer. The Director observed that petitioner's answer assumed that the subject matter of the new claim was disclosed in the specification although its location was not identified. Accordingly, the Director did not err in refusing to give full credit for this part of the question.

In view of the foregoing, no points will be added to petitioner's score for this question.

### Question 6

The issue in dispute is whether the general reference by petitioner in his answer to 37 CFR 1.10 is evidence of recognition that a mailing certificate is required as set forth in the model answer. Upon a thorough and complete review of the entire record, it is concluded that the Director did not err in refusing to accept petitioner's interpretation of his answer. Although petitioner's argument has some merit, the Director's conclusion is supportable because petitioner's answer does not <u>clearly</u> indicate an intent to comply with <u>all</u> the requirements of 37 CFR 1.10. It seems well within the Director's discretion to emphasize the use of a mailing certificate. Accordingly, no points will be added to petitioner's score for this question.

### CONCLUSION

The Director's decision of March 31, 1988 is modified to the extent of restoring three points deducted by the Director from petitioner's score in the afternoon section of the examination on October 6, 1987. Petitioner, however, has not achieved a passing score of 70 points or more in the afternoon section.

The petition is denied.

Dated: 6/20/88

MICHAEL K. KIRK
Assistant Commissioner
for External Affairs

R - 1988 -6

UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE COMMISSIONER OF PATENTS AND TRADEMARKS

| | | |
|---|---|---|
| In re | ) | Decision on Petition |
| Petitioner | ) | for Review under |
| | ) | Rule 10.2(c) |

, hereinafter petitioner, requests review under 37 CFR 10.2(c) of the Decision on Reconsideration of Request for Regrade of the examination held on October 6, 1987, which was rendered on June 3, 1988 by the Director of the Office of Enrollment and Discipline (OED), hereinafter Director.  Petitioner seeks an award of six additional points to his score for the morning section and at least nine points for the afternoon section.

## BACKGROUND

Petitioner took the examination for registration to practice before the Patent and Trademark Office on October 6, 1987.  He received less than the minimum 70 points (out of 100) on both the morning and afternoon parts.  A request for regrading was filed on February 22, 1988.  In his decision on the request, the Director added 1 point to morning multiple choice question 24, and on the afternoon part, 7 points for question 1, 2 points for question 3 and 5 points for question 4, which resulted in total scores of 67 and 61 points on the morning and afternoon parts, respectively.  A request for reconsideration was received on May 11, 1988 and denied on June 3, 1988.  However, the Director added one point to the morning section for true/false question 15, which resulted in a total score of 68 points on this part.  On June 24, 1988, this petition was received which requests additional credit on morning true/false questions 11, 45, 50 and multiple choice questions 7, 35, 44 and afternoon questions 1, 3 and 4.

## FACTUAL REVIEW

## MORNING SECTION

### (TRUE/FALSE)

### Question 11

This question addressed the time when an applicant may

petition the Commissioner for a review of a restriction requirement.  In the stated facts, applicant Brown petitioned two months after the claims were finally rejected but before the notice of appeal was filed.  The petition was stated to be timely.

Petitioner answered this question "false" and received no credit because the model answer was "true".  Petitioner argued that since the petition was filed after 2 months but not within 2 months as required by 37 CFR 1.181(f), it was untimely.  The Director explained that the "2-month" period of this rule did not apply in this case.  Instead, 37 CFR 1.144, which specifically addresses petitions from restriction requirements, was considered pertinent.  Since the latter rule permits petitions after a Final Rejection but before appeal, the petition was considered timely filed and therefore the correct answer was "true."

## Question 45

The statement in this question was:

> "Double patenting cannot exist between a design application and utility patent."

Petitioner answered this question "true" and received no credit because the model answer was "false".  Petitioner argued that it was possible to obtain a utility patent without being rejected on double patenting over a design patent on the same article.  Although the Director agreed, he explained that since the statement was not true in all situations, i.e. that there were some circumstances when double patenting would exist between a design application and a utility patent, the correct answer was "false."

## Question 50

This question related to the scope of reexaminations.  It stated that:

> "In a reexamination proceeding, an unamended patent claim may be re-examined for compliance with the requirements of 35 USC 112."

Petitioner answered this question "true" and received no credit because the model answer was "false." Petitioner argued that "unamended" claims include "new" claims, which, under 37 CFR 1.552(b), are reviewed for compliance with 35 USC 112.  The Director disagreed with this interpretation of "unamended," noting that the question stated that it involved an "unamended patent claim."  Accordingly, the correct answer was "false."

(MULTIPLE CHOICE)

### Question 7

This question addressed the requirements for filing a continuing application under 37 CFR 1.60.  Petitioner selected the answer "a," which mentioned pendency but did not specify that a filing fee must also be paid.  He argued that the facts implied that the fee had been paid as a matter of routine when it was stated that "the continuation is filed...."  The Director disagreed and held that the correct answer was "d," which identified both requirements: pendency of the two applications and payment of the fee.

### Question 35

This question addressed the requirements for a petition to revive.  According to the facts, the patent attorney's secretary lost the Final Rejection and the PTO held the application abandoned for the applicant's failure to respond.  Examinees were asked how to revive the application.

The petitioner selected "d," which did not mention that a notice of appeal had to be filed.  He argued that the facts implied the filing of a notice of appeal, which was a matter of routine.  The Director disagreed and held that the correct answer was "e" because none of the other answers recited both requirements for a proper petition.

### Question 44

This question addressed the filing requirements in the U.S. after a PCT application was filed in Japan.  It was stated that the U.S. attorney was given a copy of the Japanese patent application filed 20 months ago without an English translation or declaration and was asked what to do.

Petitioner chose "d," which indicated that the declaration and translation must be filed by the end of the twenty-second month with the appropriate surcharge for filing the declaration.  This answer did not mention including the filing fee, which was covered generally by "b."  Petitioner argued that the facts implied that the application was filed with the proper fee.  The Director disagreed with petitioner's interpretation of the facts.

AFTERNOON SECTION

## Question 1

This question asked the examinees to prepare a single claim on either a folding tooth brush or a method of making an electrical device. Petitioner chose the latter.

The initial grader gave no credit for petitioner's claim (out of 20 points).  On review, the Director added 7 points.  Petitioner argues that several deficiencies in his claim, noted by the grader and repeated by the Director, were incorrect and that as a result, more partial credit should be awarded.

## Question 3

This question related to preparing an information disclosure statement.  It added to the fact situation of question 2, a coinventor's prior use and reduction to practice of the invention in the United States.  The examinees were asked if they would modify the disclosure statement and explain either a "yes" or "no" answer.

The grader gave no credit because of "incorrect reasoning" for this 20 point question which petitioner answered by indicating that there was no need to change the information disclosure statement.  On review, the Director awarded partial credit of 2 points for petitioner's discussion of why there was no material prior art under 35 USC 102(b).

Petitioner argues generally that he is entitled to more partial credit.

## Question 4

This question sought an analysis of filing a continuation-in-part (CIP) patent application to cover an embodiment outside the scope of the original claim.  If the option of filing the CIP was considered acceptable, the examinees were asked to explain why filing a CIP would be better than continuing prosecution of the original application.  However, if this option was not considered desirable, the examinees were asked to explain the problems of filing a CIP and provide a strategy for prosecuting the original application.

The grader deducted 10 points for petitioner's answer to this 15-point question, which recommended the filing of a CIP because the answer did not contain any discussion of the problems with the prior sale and publication and also it did not mention when the CIP should be filed.  On review, the Director added 5 points. Petitioner seeks full credit because he discussed all the relevant issues.

- 4 -

## DECISION

### MORNING SECTION

#### (TRUE/FALSE)

##### Question 11

Petitioner suggests that it makes a difference whether the petition was filed "within" or "after" two months. This argument apparently is based on the assumption that "two-month" period of 37 CFR 1.181(f) is controlling. This is not the case as explained by the Director, who invited petitioners' attention to 37 CFR 1.144, which specifically relates to petitions on restriction requirements. Since Brown has <u>three</u> months to respond to the Final Rejection or file a notice of appeal, his petition is timely and the correct answer is "true." Accordingly, no credit is appropriate for this question.

##### Question 45

Petitioner seeks to create an ambiguity by misinterpreting the word "cannot" in this question. The Director was correct in defining "cannot" as "can never." To make an analogy, if the statement was "man (or woman) cannot swim" and the facts were that some men (or women) can swim, then such a statement would clearly be false. Accordingly, no credit is appropriate for this question.

##### Question 50

Petitioner has advanced no reason why the Director erred in refusing to accept petitioner's answer of "true." On the other hand, we agree with the Director, who advised that under 37 CFR 1.552(b) only amended claims in reexaminations are considered for compliance with 35 USC 112. <u>See, Patlex Corp. v. Quigg</u>, 680 F. Supp. 33, 6 USPQ 2d 1296 (D.D.C. 1988). On the other hand, if you accept petitioner's interpretation, a redundancy would be introduced into the rule because it would result in both amended and unamended claims being subject to a § 112 rejection. Accordingly, no credit is appropriate for this question.

#### (MULTIPLE CHOICE)

##### Question 7

The Director was correct in concluding that there was no reasonable basis for petitioner to assume that the filing

fee was paid.  Accordingly, no credit is appropriate for
this question.

## Question 35

Director was correct in concluding that there was no
reasonable basis for petitioner to assume that a notice of
appeal had been separately filed.  Under 37 CFR 1.137, a
petition to revive must include the proposed response unless
previously filed.  Accordingly, no credit is appropriate for
this question.

## Question 44

The Director was correct in concluding that the facts,
as stated in the question, do not indicate that any fees had
been paid prior to filing the declaration and translation.
Accordingly, no credit is appropriate for this question.

## AFTERNOON SECTION

## Question 1

This question calls for claim to a method of making a
specific electrical device, as shown in Figure 2, to have
three layers including a carbon substrate, a middle layer of
silicon, phosphorus and carbon and a top layer of silicon,
aluminum and carbon.  Accordingly, the examinees were
expected to select those steps from the specification which
were necessary to make the particular device.  To the
contrary, petitioner did not follow directions but appears
to have merely listed the steps in order as they appeared in
the third, fourth and fifth paragraphs on page 5 of the
afternoon section.  As a result, his claim recited an extra
carbon layer and the order of the other layers were reversed
from that in Figure 2.  In addition, both the Director and
the initial grader observed that the claim did not specify
that the gas mixture was passed over a heated substrate to
decompose the gas and thereby deposit a layer on the
substrate.  Petitioner now argues that the decomposition was
implied in his claim because he recited the correct
processing conditions.

We agree to some extent although petitioner's claim
does not clearly state that the gas mixture comes in contact
with the heated substrate.  Accordingly, 2 points will be
added out of the 4 points which the initial grader deducted
for not mentioning "decomposing."

## Question 3

Petitioner has not shown why the Director erred in
refusing to award additional partial credit although he

- 6 -

makes a general reference to his request for
reconsideration.  However, we have reviewed the entire
record and observe the following about petitioner's answer:

    a)    it indicates that the information disclosure
statement does not need to be modified because the trip to
Lake Washington is not a statutory bar (i.e. it occurred
less than a year prior to the filing of the U.S. patent
application);
    b)    it does not contain any discussion of the prior
use of one species, i.e., Smith (claim 1), as being prior
art against the other species, i.e. Wisdom (claim 2), under
35 USC 102(a) and 102(g)/103 and also does not mention the
applicability of 35 USC 104 which limits Wisdom's date of
invention to the filing of the patent application and does
not mention the impact of the second paragraph of 35 USC 103
if the prior invention under 35 USC 102(g) is commonly
owned; and
    c)    it does not contain any discussion about the need
to disclose the different inventorship of the individual
species.

    Thus, we find that the Director did not err in refusing
to give partial credit of more than 2 points and so no
points will be added to petitioner's score for this
question.

## Question 4

    Petitioner has not shown why the Director erred in
refusing to award additional partial credit although he
makes a general reference to his request for
reconsideration.

    We have reviewed the entire record and agree with the
petitioner that the model answer requires more information
than was specifically asked for in this question, i.e. an
explanation why the CIP would be better for the client than
prosecuting the claims in the rejected application if the
answer selected is "yes."  Although the issue of when the
CIP should be filed to avoid the patentability problem
created by the offer of sale and the publication should have
been included in a complete answer (as suggested by the
Director), we note that the question mentions that the CIP
is being considered for filing within the originally set
3-month period.  This period expires on November 3, 1987 or
in advance of any statutory bar and thus there would be no
problem with the sale or publication.  However, the record
does not indicate that petitioner ever made this analysis
and so does not deserve full credit for his answer.  Thus,
only 3 points will be added to petitioner's score for this
question.

CONCLUSION

The Director's decision of June 3, 1988 is modified to the extent of restoring five points deducted by the Director from petitioner's score on the afternoon section. However, petitioner has not achieved a passing score of 70 points or more on either the morning or afternoon section of the examination on October 6, 1987.

Therefore, this petition is denied.

Dated: *Aug 17, 1988*

*Michael K Kirk*

MICHAEL K. KIRK
Assistant Commissioner
 for External Affairs

- 8 -

R-1988-6(R)

UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE COMMISSIONER OF PATENTS AND TRADEMARKS

In re                        , )        Reconsideration of
Petitioner                     )        Decision on Petition
_____)        under Rule 10.2(c)

., hereinafter petitioner, requests reconsideration of the decision on petition under 37 CFR 10.2(c) of the Decision on Reconsideration of Request for Regrade of the Examination held on October 6, 1987. Petitioner seeks an award of two additional points to his score for the morning section and at least four points for the afternoon section.

As the petitioner no doubt is aware, the Patent and Trademark Office has reviewed his answers to the examination on four separate occasions, including the initial grading. The petitioner now seeks a fifth review.

With respect to multiple choice questions 7, 35 and 44, petitioner argues for additional credit because he used a "different but logical and understandable interpretation of the facts as given." As was explained in the decision on petition, petitioner's interpretation of the facts are not considered reasonable. Thus, the fact that petitioner's answers may be correct if the facts he assumed were present is not at issue.

Petitioner's answers to questions 1 and 3 on the afternoon section are still considered to be deficient. Although it is regretable that petitioner did not follow the directions for question 1, he must bear the consequences of such action. With respect to question 3, please be assured that the entire record, including the February 22, 1985 letter, was carefully and thoroughly considered when the petition was acted upon, especially since both your scores were close to the passing score of 70.

Therefore, the request for reconsideration is denied.

Dated: October 3 , 1988

MICHAEL K. KIRK
Assistant Commissioner
for External Affairs

MAILED

MAY 25 1990

U.S. PATENT & TRADEMARK OFFICE

# UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE COMMISSIONER OF PATENTS AND TRADEMARKS

In re        )    Decision on Petition
Petitioner       )    for Review under
_____ )    Rule 10.2(c)

        (petitioner) requests review under 37
CFR 10.2(c) of the Decision on Request for Regrade of the
Morning Section of the Examination held on October 11, 1989,
entered March 26, 1990 by the Director of the Office of
Enrollment and Discipline (Director).  That Decision denied
petitioner's request for regrade of his answers to five
questions of the morning section of said examination and his
request for a passing grade on said morning section.

   Petitioner argues, _inter alia_, that on at least three of
the contested questions, at least one other applicant for
regrading made arguments "similar to or identical with" those
asserted by petitioner and was able to obtain a passing grade
pursuant to his request for regrading.

   In view of the allegation that the Director accepted
certain arguments of another applicant in a request for
regrading which are similar to or identical to arguments made
by petitioner which the Director did not accept, this petition
is _remanded_ to the Director for consideration of this
allegation.

34, 476

Petitioner's payment of the fee due pursuant to 37 CFR § 1.21(a)(5) will be refunded in due course.

Dated: _24 May 90_

_Fred McElroy for_

**HARRY F. MANBECK, JR.**
Commissioner of Patents
and Trademarks

- 2 -