UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER RONALD KRAMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1455 (HHK) |
| ) | |
| UNITED STATES PATENT AND ) | ECF |
| TRADEMARK OFFICE, ) | |
| JON W. DUDAS, Director, USPTO, ) | |
| JOHN J. DOLL, Commissioner for Patents, ) | |
| HARRY I. MOATZ, Director, Office of ) | |
| Enrollment and Discipline, ) | |
| ROBERT J. SPAR, Director, Office of ) | |
| Patent Legal Administration, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANTS' MOTION FOR AN EXTENSION OF TIME**

Pursuant to Fed. R. Civ. P. 6(b), Defendants respectfully move the Court for a 30-day extension of time to respond to *pro se* Plaintiff Peter R. Kramer's Motion for Summary Judgment, if necessary, after the Court issue an order on Defendants' fully-briefed Motion to Dismiss (Dkt. No. 4). Pursuant to Local Rule 7(m), the parties conferred by e-mail and Mr. Kramer will oppose this Motion.

There is good cause for the Court to grant this Motion. Mr. Kramer files this lawsuit under Local Rule 83.7 seeking to overturn Defendants' decision not to give him a passing score on his patent registration exam. The factual background of this case is fully set forth in Defendant's Motion to Dismiss and Reply brief. See Dkt. Nos. 4 and 9. However, a brief description of the factual background here is necessary to provide the Court with the full context of this case.

Mr. Kramer took the patent registration exam to practice before Defendant United States Patent and Trademark Office ("PTO") on October 15, 2003, and received notice of a failing grade on December 22, 2003. He requested for a regrade of his exam on February 20, 2004. On October 25, 2004, the PTO regraded his exam and awarded one additional point, but that was not sufficient to allow him to pass the exam. Mr. Kramer then requested reconsideration of that regrade. On February 17, 2005, the PTO denied his request for reconsideration. That decision also informed Mr. Kramer that it was a final agency decision subject to judicial review.

Mr. Kramer, however, did not seek judicial review of the February 17, 2005 decision within the 30-day time period provided under Local Rule 83.7. In fact, he did not file this lawsuit until July 22, 2005, approximately five months later. On September 14, 2005, Defendants moved to dismiss Mr. Kramer's Complaint as untimely. See Dkt. No. 4. In response, Mr. Kramer's Opposition does not deny that his lawsuit was untimely. However, Mr. Kramer's Opposition argues that the Court should apply the equitable tolling doctrine or the equitable estoppel doctrine to toll the statute of limitations because of Defendants' misleading and fraudulent conduct. See Dkt. No. 7. Defendants filed their reply on November 8, 2005. See Dkt. No. 9. Defendants' Motion to Dismiss is therefore fully briefed and waiting for a ruling by the Court.

Not satisfied with Defendants' Reply brief, on January 25, 2006, Mr. Kramer filed a motion for sanction arguing that the undersigned and the Defendants mislead the Court with their arguments. See Dkt. No. 11. The Court eventually denied Mr. Kramer's motion for sanction. See Apr. 12, 2006 Minute Order. Subsequently, on May 1, 2006, Mr. Kramer filed a Motion for Summary Judgment. See Dkt. No. 14.

Mr. Kramer's summary judgment motion does not raise any new arguments. Specifically, similar to his Opposition to Defendant's Motion to Dismiss and his Rule 11 Motion for Sanction, Mr. Kramer's Motion for Summary Judgment essentially argues that Defendants engaged in misconduct and fraudulently failed to "reconsider" his request for a regrade of his patent exam under the proper regulation. See Dkt. No. 14. Since Mr. Kramer fails to raise any new issues in his summary judgment motion, a favorable ruling on Defendant's Motion to Dismiss would moot out Mr. Kramer's motion for summary judgment. Given these circumstances, it would advance judicial economy and conserse the parties' resources for the Court to rule on Defendants' fully-briefed Motion to Dismiss before Defendants are required to expend additional time and resources to responding to Mr. Kramer's "repetitive" and meritless Motion for Summary Judgment. In the event that the Court denies Defendants' Motion to Dismiss, then the Court should give Defendants thirty days, after the issuance of the order, to respond to Mr. Kramer's Motion for Summary Judgment.

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants a 30-day extension of time to respond to Mr. Kramer's summary judgment, if necessary, after the Court rules on Defendants' Motion to Dismiss.[1]

Dated: May 12, 2006.                    Respectfully Submitted,


                                         /s/   Kenneth L. Wainstein
                                        KENNETH L. WAINSTEIN, D.C. BAR #451058
                                        United States Attorney

---

[1] Since the Court has granted Mr. Kramer's motion for electronic filing (see Apr. 12, 2006 Minute Order) Defendants will not separately serve Mr. Kramer with this Motion by First Class mail.

      /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

      /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PETER RONALD KRAMER,                )
                                                         )
             Plaintiff,                          )
                                                         )
        v.                                           )
                                                         )
UNITED STATES PATENT AND    )
TRADEMARK OFFICE,                   )
JON W. DUDAS, Director, USPTO,   )
JOHN J. DOLL, Commissioner for Patents,   )
HARRY I. MOATZ, Director, Office of   )
       Enrollment and Discipline,       )
ROBERT J. SPAR, Director, Office of   )
       Patent Legal Administration,    )
                                                         )
             Defendants.                     )
_____)   | Civil Action No. 05-1455 (HHK)

ECF |

**ORDER GRANTING DEFENDANTS' MOTION FOR AN EXTENSION OF TIME**

Upon consideration of Defendants' Motion for an Extension of Time and the entire record herein, it is this _____ day of _____, 2006,

ORDERED that Defendants' Motion for an Extension of Time be and is hereby GRANTED; and it is

FURTHER ORDERED that, if necessary, Defendant shall have up to thirty days to respond to Plaintiff's Motion for Summary Judgment, if necessary, after the Court rules on Defendants' Motion to Dismiss.

SO ORDERED.

_____
U.S. District Judge