UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER RONALD KRAMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 05-1455 (HHK) |
| | ) |
| UNITED STATES PATENT AND | ) |
| TRADEMARK OFFICE, | ) |
| JON W. DUDAS, Director, USPTO, | ) |
| JOHN J. DOLL, Commissioner for Patents, | ) |
| HARRY I. MOATZ, Director, Office of | ) |
| Enrollment and Discipline, | ) |
| ROBERT J. SPAR, Director, Office of | ) |
| Patent Legal Administration, | ) |
| | ) |
| Defendants. | ) |

## AMENDED MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME

This memorandum is in opposition to defendant's motion for extension of time. According to the defendants, I filed this lawsuit under Local Rule 83.7. However this suit is concerned with administrative review under 37 C.F.R. 10.2(c) which was established in accordance with the first paragraph of 35 U.S.C. 32. In particular it is concerned with the defendants' refusal to perform the review according to due process as prescribed by Rule 10.2(c). In the defendants' motion to dismiss, they contend that I was properly instructed about procedures concerning regrading and review under 35 U.S.C. 32. They introduced the Notice of Results (Def exhibit, Mot Dismiss) along with their pleading, in an attempt to establish that

contention as material fact. However the evidence that they presented did not support their contention. Rather it supported to the contrary, that the defendants never intended to perform the required review and wilfully violated rule and law with fraudulent intent to deceive. At most, their motion to dismiss should be treated as a motion for summary judgment, and their motion for extension of time should be denied since it is proposed without good cause.

**Background, Argument, and Discussion**

The background was described in my motion for Summary Judgment. It differs significantly from the description provided by the defendants. Both agree that I took the exam on October 15, 2003. Both agree that I received notice of failing grade on December 22, 2003, and that I subsequently petitioned for regrading of the exam, and that my score was adjusted from 68 to 69. Defendants' descriptions of facts and background, both in their Motion to Dismiss, and in all other pleadings, omit the fact that they sent me a letter along with the decision of February 17, 2005, falsely stating that there were no rules providing for a fee for reconsideration. It was evident that the so-called review conducted by the defendants was not a legitimate review according to the rules. Indeed, the individual who performed the regrade, which I strongly criticized, was the same individual who conduced the so-called review. Defendants have consistently refused to acknowledge that 37 C.F.R. 10.2(c) was in force at the time I took the exam, and that it was superseded, <u>prospectively only</u>, in June 2004. The defendants' version also omits mention that I petitioned for Rule 10.2(c) review in April 2005. According to the defendants, I simply waited several months following the February 17, 2005 decision, and then filed suit. According to their version, as stated in the Motion for Extension of Time, my Opposition to their Motion to Dismiss is merely an argument for equitable estoppel.

<u>However, my argument was primarily concerned with the issue of due process in relation to mandamus as my cause of action</u>.  Nevertheless, with regard to equitable estoppel, the defendants contended in their reply of November 8, 2005, that there are no grounds for equitable estoppel because they claim they did nothing wrong, and that they followed regulations insofar as Rules 10.2(c) and 10.7(c) are concerned.  According to the defendants, the explicit procedural requirements of the regulation were superceded by an extemporaneous sentence in the Notice of Results, and the Director of the PTO was somehow empowered under 35 U.S.C. 2(b)(2)(D) to make impromptu rule changes without regard to 35 U.S.C. 2(b)(2)(B), which specifically requires that the Director establish regulations in accordance with the APA 5 U.S.C. 553.  Subsequently I filed a Motion for Sanctions under Federal Rule 11.  It was my opinion that the defendants misrepresented 35 U.S.C. 2(b)(2)D in violation of Rule 11.  Despite the fact that my motion was denied, that ruling only concerns whether the defendants failed to exercise reasonable inquiry, not whether their theory is correct. Defendants' opposition to my Motion for Sanctions attempted to retract their contention that the Director was empowered to extemporaneously nullify §10.2(c), diverting attention away from their prior statement, by claiming that the Director was empowered under 35 U.S.C. 3(b)(3).  Aside from the question of whether or not the defendants have exercised reasonable inquiry, it should be clear that neither §§ 2(b)(2)(D) nor 3(b)(3) permit extemporaneous rulemaking by the Director of the PTO; and since the Director is bound by §2(b)(2)(B) he does not possess power to delegate authority to any subordinate, for establishment of impromptu rules.

  This case is about due process as it applies to applicants to practice before the PTO vis a vis grading of the registration examination.  It is interesting how the defendants have avoided

discussion of this issue.  Having filed a Motion for Summary Judgment that more fully elaborates on this issue, the defendants, in response, portray my opposition to their Motion to Dismiss as primarily concerned with estoppel. However, in their Motion to Dismiss, they attempted to show that my case is essentially the same as those of Homer Cupples, *Cupples v Marzall*, 101 F. Supp. 579, and Richard Franchi, *Franchi v Manbeck*, 972 F.2d 1283, (arguing that my complaint is purely concerned with subject matter pertaining to 35 U.S.C. 32 rather than 28 U.S.C. 1361.)  There are significant distinctions.  Homer Cupples did not seek mandamus claiming that the PTO failed to follow regrading and administrative review according to due process prescribed by regulations.  Rules 10.7(c) and 10.2(c) were established subsequent to Cupples.  Franchi did not allege that the PTO <u>failed to perform</u> the required review, but rather he was <u>dissatisfied with the result</u> of the review.  By the time Franchi's case was heard, it had been previously established that applicants to practice are entitled to administrative review as a matter of due process right.  This right was acknowledged by the PTO in *Cupples v. Marzall,* 101 F. Supp. 579. Also established by Cupples, was applicants' right for review in regard to grading of the examination.  I have provided a pertinent quotation below with emphasis added in bold face.

> "It is the **position of the Commissioner of Patents** that the function of the court in reviewing the action of the Commissioner under the provisions of 35 U.S.C.A. § 11 is not that of a trier of the facts, but is merely **to review what has been done to determine whether or not a fair hearing has been had** and whether there is substantial evidence to support the action of the Patent Office. **With this the court agrees**. Kingsland v. Dorsey, 338 U.S. 318, 70 S.Ct. 123, 94 L.Ed. 123, affirming Hatch v. Ooms, D.C., 69 F.Supp. 788. However, viewing the statute as giving an applicant, as a matter of right, an appeal for judicial review of the Commissioner's action, it seems apparent that in the case of **denial of admission on the basis of the applicant's grade on the written examination**, in order for such appeal to have any real effectiveness, the court should review the record not only as to the law of the case, but also as to whether there was any **substantial basis for the Commissioner's grading of the examination.**"

The Court rejected Cupples' mandamus claim only <u>after</u> establishing that there was indeed substantial basis for the Commissioner's grading.  Subsequent to Cupples, Rules 10.7(c) and 10.2(c) were established and Franchi received bona fide administrative review according to regulations that had been originally established in accordance with 35 U.S.C. 11, the predecessor of 35 U.S.C. 32[1]; regulations that were also consistent with the Cupples decision.  Franchi was given review according to established procedure under 37 C.F.R. §10.2(c) <u>before</u> he filed his complaint in the form of mandamus.  Thus Franchi had no basis for mandamus as there was no violation of procedural due process; he could only conjure "vague" notions of  "duty owed." *Franchi v Manbeck*, 972 F.2d 1283.

In my case, the PTO failed to perform a duty where there was a clear obligation to do so. My Motion for Summary Judgment elaborates in greater detail concerning the defendants' obligation to conduct review according to Rule 10.2(c).

In my Memorandum in Opposition to the Defendants' Motion to Dismiss, I indicated that the defendants knowingly disregarded Rule 10.2(c).  My Motion for Summary Judgment includes an exhibit, Exh. C, that documents nearly 100 instances where the defendants have deceived applicants concerning §10.2(c) review.  As noted above, the defendants have requested extension of time without good cause.  Their motion is consistent with the intent that this case might be disposed before my Motion for Summary Judgment is considered, in part, to avoid accountability for their wrongdoing – on a rather large-scale – a motion clearly intended for no good cause.  It is most reasonable and equitable for pending cross-motions for summary

---

[1] 37 C.F.R. §§ 10.2(c) and 10.7(c) were established in accordance with 35 U.S.C. §§ 11and 31, however 35 U.S.C. §§ 11and 31 had been superceded by  35 U.S.C. §§  32 and 2(b)(2)(D), and Franchi's case was heard with §§ 31 and 32 in force.

judgment to be considered together. It would be most appropriate if the Court were to consider all of the evidence and all of the facts before judging this case. It would also be more efficient to consider both motions together rather than separately. The assumption that deciding the defendants' Motion for Summary Judgment prior to my Motion for Summary Judgment would be more efficient, presumes that the judgment will be in their favor.

**Conclusion**

My amended complaint was filed under 28 U.S.C. 1361, requesting relief insofar as legitimate review of the regrade decision of October 25, 2004, had not been performed. According to 35 U.S.C. 32 and 37 C.F.R. 10.2(c), applicants to practice who took the registration examination on October 15, 2003, were entitled to review of regrading decisions to be conducted by the PTO wherein the Commissioner reviewed decisions by the Director of OED[2]. The facts presented in my Amended Complaint support the cause of action. Defendants have repeatedly mis-characterized the nature of my complaint as purely a 35 U.S.C. 32 matter, claiming that their ad hoc review process that fails tests for legitimate review[3] constituted the "reconsideration" that I had requested on December 17, 2004[4]. The exhibit presented by defendants with their Motion to Dismiss does not support their contention that I was properly notified about the correct review procedure in the Notice of Results. Their Motion to Dismiss should be considered as a Motion for Summary Judgment according to the discretion of the Court. Their Motion for Extension of

---

[2] The issue or who should conduct the regrade and who should conduct administrative review has been thoroughly discussed in my Memorandum in Support of Motion for Sanctions, and Reply.

[3] Standards for review, and tests concerning bias are discussed in my Memorandum in support of Motion for Summary Judgment.

[4] Petition for recosideration was dated December 13th, but filed December 17th.

Time should be denied. The defendants had sufficient opportunity to oppose my Motion for Summary Judgment but they chose to fashion their opposition as a Motion for Extension of Time without good cause[5]. This case is about due process and the opportunity for applicants to practice before the PTO, <u>to be heard</u>, concerning grading of the registration examination. This is an important issue[6]. In the interest of a just and equitable decision, I truly hope that the Court will consider all pleadings, arguments, and all of the evidence that has been presented before judging this case.

Respectfully submitted,

_____/s/_____

Peter R. Kramer

---

[5] Defendants' Motion for Extension of Time should be considered as an opposition to my Motion for Summary Judgment.

[6] C.f., Def. Mot. Dismiss at 6, citing *Kingsland v. Dorsey* 338 U.S. 318, 319 (1949)