**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PETER RONALD KRAMER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES PATENT AND TRADEMARK OFFICE,<br>JON W. DUDAS, Director, USPTO,<br>JOHN J. DOLL, Commissioner for Patents,<br>HARRY I. MOATZ, Director, Office of Enrollment and Discipline,<br>ROBERT J. SPAR, Director, Office of Patent Legal Administration,<br><br>Defendants. | ) | Civil Action No. 05-1455 (HHK)<br><br>ECF<br><br>Next Court Date: N/A |

**DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT OR , IN THE ALTERNATIVE, SUPPLEMENTAL BRIEF**

**I. Introduction**.

*Pro se* Plaintiff Peter Ronald Kramer's Motion for Leave to Amend or File Supplemental Brief (Dkt. No.18) should be denied as it is futile. Mr. Kramer files this lawsuit seeking to overturn Defendants' decision not to give him a passing score on his patent registration exam. Defendants moved to dismiss the action as time barred because Mr. Kramer failed to file the lawsuit within 30 days of Defendants' decision as provided under Local Rule 83.7. The motion to dismiss is ripe for a ruling by the Court.

At present, Mr. Kramer wishes to amend his previously "amended complaint" to bring the case under 35 U.S.C. § 32, in addition to his previous *writ of mandamus* claim. As shown

below, amendment to Mr. Kramer's current amended complaint is futile because he cannot overcome the fact that his lawsuit was untimely.

## II. Background.

The factual background of this case is fully set forth in Defendants' Motion to Dismiss and Reply brief. See Dkt. Nos. 4 and 9. However, a brief description of the factual background is necessary to provide the Court with the full context of this case.

Mr. Kramer took the patent registration exam to practice before Defendant United States Patent and Trademark Office ("PTO") on October 15, 2003, and received notice of a failing grade on December 22, 2003. He requested a regrade of his exam on February 20, 2004. On October 25, 2004, the PTO regraded his exam and awarded one additional point, but that was not sufficient to allow him to pass the exam. Mr. Kramer then requested reconsideration of that regrade. On February 17, 2005, the PTO denied his request for reconsideration. That decision also informed Mr. Kramer that it was a final agency decision subject to judicial review.

Mr. Kramer, however, did not seek judicial review of the February 17, 2005 decision within the 30-day time period provided under Local Rule 83.7. In fact, he did not file this lawsuit until July 22, 2005, approximately five months later. On September 14, 2005, Defendants moved to dismiss Mr. Kramer's Complaint as untimely. See Dkt. No. 4. In response, Mr. Kramer's Opposition does not deny that his lawsuit was untimely. However, Mr. Kramer's Opposition argues that the Court should apply the equitable tolling doctrine or the equitable estoppel doctrine to toll the statute of limitations because of Defendants' alleged misleading and fraudulent conduct. See Dkt. No. 7. Defendants filed their reply on November 8, 2005. See Dkt. No. 9. Defendants' Motion to Dismiss is therefore fully briefed and waiting

for a ruling by the Court.

Not satisfied with Defendants' Reply brief, on January 25, 2006, Mr. Kramer filed a motion for sanctions arguing that the undersigned and the Defendants mislead the Court with their arguments. See Dkt. No. 11. The Court eventually denied Mr. Kramer's motion for sanctions. See Apr. 12, 2006 Minute Order.

Subsequently, on May 1, 2006, Mr. Kramer filed a Motion for Summary Judgment. See Dkt. No. 14. Defendants sought a 30-day extension of time to respond to Mr. Kramer's motion for summary judgment after the Court rules on Defendants' fully briefed motion to dismiss. See Dkt. No. 16. Defendants argued that Mr. Kramer's summary judgment motion did not raise any new arguments. Specifically, similar to his Opposition to Defendant's Motion to Dismiss and his Rule 11 Motion for Sanctions, Mr. Kramer's Motion for Summary Judgment essentially argued that Defendants engaged in misconduct and fraudulently failed to "reconsider" his request for a regrade of his patent exam under the proper regulation. See Dkt. No. 16. The Court granted Defendants' motion for an extension of time. See May 22, 2006 Minute Order.

At present, Mr. Kramer seeks leave of Court to amend his Amended Complaint for the second time or, alternatively, to file a supplemental brief to his Opposition to Defendants' Motion to Dismiss. See Dkt. No. 18. As shown below, amendment to Mr. Kramer's Amended Complaint is futile because he still fails to show that his lawsuit was timely under Local Rule 83.7.

## III. Standard of Review.

It is well-settled that a motion to amend a complaint should be denied if it is futile, and an amended complaint is futile if it would not survive a motion to dismiss. E.g., Willoughby v.

Potomac Elec. Power Co., 100 F.3d 999, 1003 (D.C. Cir. 1996) (affirming denial of leave to amend as futile, the court stated: "Futility provides a good reason here . . . . . With little chance of a successful Title VII claim, the district court did not abuse its discretion in concluding Willoughby was not entitled to add the claim to his complaint."); James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) (affirming denial of leave to amend, court stated: "We review a district court's denial of a motion for leave to amend a complaint for abuse of discretion, requiring only that the court base its ruling on a valid ground. Courts may deny a motion to amend a complaint as futile, as the district court did here, if the proposed claim would not survive a motion to dismiss.") (citations omitted). As discussed below, Plaintiff's proposed amendment is legally deficient and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

## IV. Argument

### A. A Second Amended Complaint Would Be Futile.

Mr. Kramer's current motion argues that he "intend[s] to add 35 U.S.C. § 32 as an alternative cause of action, and include therein a brief request for relaxation of the 30-day filing limit imposed by Local Rule 83.7." Mot. for Leave at 1. He also claims that his current Amended Complaint only seeks *mandamus* relief under 28 U.S.C. § 1361. Id. Amendment, however, is futile because the proposed amended claim is time barred.[1]

---

[1] Mr. Kramer appears to argue that allowing him to add a claim under 35 U.S.C. § 32 would save his time-barred lawsuit because § 32 does not "mention of time limitation." Mot. for Leave at 1. Mr. Kramer is mistaken.

§ 32 provides the Director of the PTO with the authority to suspend or exclude an individual from practicing before the patent bar. See 35 U.S.C. § 32. Section 32 also provides that, "The United States District Court for the District of Columbia, under such conditions and upon such proceedings as it by its rules determines, may review the action of the Director upon

As a matter of law, Defendants' decision is reviewed under 35 U.S.C. § 32, regardless of the fact that Mr. Kramer characterized his action as one for *mandamus* relief. See Franchi v. Manbeck, 972 F.2d 1283, 1287-88 (Fed. Cir. 1992). In Franchi, plaintiff sued the U.S. Patent and Trademark Office (USPTO) seeking *mandamus* relief because the USPTO denied him registration to practice before the patent bar. Id. at 1287. On appeal, the Federal Circuit observed that plaintiff's "action, though creatively styled as an action for *mandamus* relief and damages, is bottomed upon his disagreement with the [USPTO's] decision to deny him registration." Id. The Federal Circuit then held that a review of the USPTO's decision is available under § 32 of Title 35, notwithstanding [plaintiff's] arguments to the contrary." Id. at 1287-88.

Similar to the plaintiff in Franchi, Mr. Kramer's Amended Complaint sought *mandamus* relief because Defendants did not give him a passing grade to practice before the bar. See Amended Complaint at p. 1-2 (Dkt. No. 2). Under Franchi, regardless of how Mr. Kramer characterized his Amended Complaint, Defendants' decision not to give him a passing grade is reviewed under 35 U.S.C. § 32. In that vein, Defendants moved to dismiss Mr. Kramer's

---

the petition of the person so refused recognition or so suspended or excluded." Id. (emphasis added). Armed with this statutory mandate, the District Court for the District of Columbia promulgated Local Rule 83.7, which provides that, "A person refused recognition to practice or suspended or excluded from practice before the Patent Office may file a petition in this court . . . for review of such action within 30 days after the date of the order recording . . .[of such] action." LCvR 83.7. Local Rule 83.7 is, therefore, an offspring of 35 U.S.C. § 32.

Accordingly, any petition filed pursuant to 35 U.S.C. § 32 is subject to the time limitation set forth in Local Rule 83.7. As explained more fully in Defendants' Motion to Dismiss and Reply, Mr. Kramer simply failed to petition this Court to review Defendants' action within 30 days of the final decision not allowing him to pass the patent bar exam. As such, allowing Mr. Kramer "to add 35 U.S.C. § 32 as an alternative cause of action" is futile because it would not salvage his time-barred lawsuit.

Amended Complaint arguing that his petition for review under 35 U.S.C. § 32 was untimely for failure to meet the 30-day time limit under Local Rule 83.7. See Def. Mot. at 5-7 (Dkt. No. 4). Specifically, Defendants argued that, "Kramer characterizes his complaint as a request for mandamus under 28 U.S.C. § 1361, rather than a petition under 35 U.S.C. § 32. This is a distinction without a difference. The relief requested is review[ed] under § 32, whether the action requested is mandamus or other forms of relief." Def. Mot. at 7. Defendants then went on to explain that, under 35 U.S.C. § 32, Mr. Kramer's lawsuit was untimely. See Def. Mot. at 5-7.

Under these circumstances, to allow Mr. Kramer "to add 35 U.S.C. § 32 as an alternative cause of action" is futile because his lawsuit is time barred. See Def. Mot. at 5-7. Accordingly, the Court should deny Mr. Kramer's motion for leave to file a second amended complaint.

Furthermore, another basis for the Court to deny Mr. Kramer's motion for leave to file a second amended complaint is his failure to comply with Local Rule 7(i). Specifically, Local Rule 7(i) provides that, "A motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended." LCvR 7(i). Here, Mr. Kramer did not attach "the proposed pleading as amended" with his motion for leave. Accordingly, the Court should deny Mr. Kramer's motion for failure to comply with Local Rule 7(i).

**B. The Supplemental Brief Will Only Rehash Old Arguments.**

With regard to his request to file a supplemental brief to include a "request for relaxation of the 30-day filing limit imposed by Local Civil Rule 83.7" (Mot. for Leave at 1-2), the Court should similarly deny this request because Mr. Kramer had already made this request in his Opposition to Defendants' Motion to Dismiss. See Opp. at 8-9 (Dkt. No. 7). Indeed, in his

Opposition, Mr. Kramer argued that, "If the 30-day deadline does apply, [he] also ha[s] a basis for equitable tolling" because of Defendants' alleged fraudulent representation causing him to miss the filing deadline. Id. at 9.

In light of the argument previously set forth in his Opposition, Mr. Kramer's current request for a "relaxation of the 30-day filing limit" is not a new argument. Therefore, the Court should deny his request to file a supplemental brief because the issue has been briefed and is ripe for a ruling by the Court.

**V. Conclusion.**

For the foregoing reasons, the Court should deny Mr. Kramer's motion for leave to file a second amended complaint as his new proposed claim is futile because it is untimely. The Court should also deny Mr. Kramer's alternative request to file a supplemental brief to ask the Court for a "relaxation" of the 30-day deadline because he previously raised this issue in his Opposition to Defendants' Motion to Dismiss.

Dated: July 21, 2006.

Respectfully Submitted,

/s/ Kenneth L. Wainstein
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PETER RONALD KRAMER, )
)
Plaintiff, )
)
v. ) Civil Action No. 05-1455 (HHK)
)
UNITED STATES PATENT AND ) ECF
TRADEMARK OFFICE, )
JON W. DUDAS, Director, USPTO, ) Next Court Date: N/A
JOHN J. DOLL, Commissioner for Patents, )
HARRY I. MOATZ, Director, Office of )
Enrollment and Discipline, )
ROBERT J. SPAR, Director, Office of )
Patent Legal Administration, )
)
Defendants. )
______________________________________)

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT OR ,
IN THE ALTERNATIVE, SUPPLEMENTAL BRIEF

Upon consideration of Plaintiff's Motion for Leave to File Second Amended Complaint or, in the alternative, Supplemental Brief (Dkt. No. 18), Defendants' Opposition, and the entire record herein, it is this _________ day of ________, 2006,

ORDERED that Plaintiff's Motion for Leave to File Second Amended Complaint or, in the alternative, Supplemental Brief be and is hereby DENIED.

SO ORDERED.

___________________________________

U.S. District Court