UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER RONALD KRAMER,        )
                            )
        Plaintiff,           )
                            )
    v.                      )    Civil Action No. 05-1455 (HHK)
                            )
UNITED STATES PATENT AND    )
TRADEMARK OFFICE,           )
JON W. DUDAS, Director, USPTO, )
JOHN J. DOLL, Commissioner for Patents, )
HARRY I. MOATZ, Director, Office of )
    Enrollment and Discipline, )
ROBERT J. SPAR, Director, Office of )
    Patent Legal Administration, )
                            )
        Defendants.         )
                            )
_____ )


PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE
TO FILE

**I. Introduction and Background**

   This reply is in response to defendants' opposition to my motion for leave to file a second amended complaint or alternative supplemental brief. Defendants contend that my motion should be denied because it is futile. I will show that the motion is not futile because the defendants Motion to Dismiss is entirely without merit if not frivolous, and my motion raises an issue that the defendants omitted in their Motion to Dismiss. It is the defendants' contention that my case is time-barred because of the 30-day limit imposed by LCvR 83.7. They propose that the Court is bound by the deadline set in the Court's

local rules as if it were set forth in statute. I will show that their position is based upon false assumptions. It is not possible that LCvR 83.7, a local rule, can present a jurisdictional bar. LCvR 83.7 is not a mandatory local rule, therefore the Court may relax the 30-day time limit for good cause or in the interest of justice; the Court possesses broad discretionary power in application of local rules in matters concerned with equity. Before elaborating on these issues, a brief introduction is in order. I took the registration examination on October 15, 2003, and received a grade of 68. I petitioned under 37 C.F.R. 10.7(c) for regrade, and my petition was denied insofar as receiving a passing grade is concerned, my score adjusted to 69. The regrade was improperly performed by the Office of Patent Legal Administration, (OPLA) rather than by the Office of Enrollment and Discipline (OED). The regrade was also improperly fashioned as a final agency action. I then petitioned for §10.2(c) review of the regrade including the fee specified by 37 C.F.R. 1.21(a)(5). However, rather than perform required review according to proper procedure, the task was improperly assigned, ad hoc, to the Director of OPLA, Robert J. Spar, the same individual who had previously decided the re-grade petition, and he, with considerable bias, reissued his own previously rendered decision. Meanwhile, Harry Moatz, Director OED returned my fee, fraudulently stating that the rules did not provide for a fee for reconsideration. Insofar as the actions of the PTO violated their own rules and were also contrary to law, these agency actions should be considered null and void. Accordingly the PTO should be compelled to follow their own rules. Because the prior "final" agency actions are a nullity, defendants' contentions concerning the 30-day time limitation specified in Local Civil Rule 83.7 are baseless. The Court possesses broad authority in applying local rule deadlines. There is good

cause for relaxation of the 30-day deadline according to Local Rules. The conduct of the defendants would warrant equitable estoppel if the 30-day deadline had been articulated in statute rather than in a local rule, however, it is not necessary to invoke equitable estoppel in order for this case to be heard.

## II.    Argument

### A. There can be no jurisdictional bar.

It is not possible for a non-mandatory local civil rule to cause jurisdictional bar for a court. In their Motion to Dismiss, the defendants cited *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990), and presented a flase set of alternatives. The defendants failed to note the key distinction between this case and *Irwin*: the time limit in Irwin's case was explicitly articulated in statute. The question in *Irwin* was whether a limitation expressed <u>in the statute</u> is a jurisdictional bar or is non-jurisdictional. The Supreme Court ruled that the time-bar was non-jurisdictional. Subject matter jurisdiction in certain circumstances does not bar a court from hearing a case even when limitations are expressed in statute. For example in *Minard v. ITC Deltacom Communications, Inc.*, the Fifth Circuit Court of Appeals, case 04-30230[1], April 18, 2006, a threshold limit concerning the definition of an employer articulated in Title VII was regarded as non-jurisdictional. That court cited the U.S. Supreme Court decision, *Arbaugh v. Y&H Corporation,* 126 S.Ct. 1235, (2006) noting: "[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." In *Minard*, the question was whether the <u>statutory</u> limitation was jurisdictional or subject to equitable estoppel. In this case at hand, the

---

[1] http://caselaw.lp.findlaw.com/data2/circs/5th/0430230cv0p.pdf

3

alternatives are not either jurisdictional bar or equitable estoppel as in *Minard*, nor are the alternatives jurisdictional bar or equitable tolling as in *Irwin*. Clearly Congress did not express any intent concerning limitation of time for filing in 35 U.S.C. § 32.

> **B. Neither equitable estoppel nor equitable tolling are necessary for relaxation of the 30-day deadline for filing.**

The 30-day time limit specified in Local Civil Rule 83.7[2] is not a mandatory rule[3]. LCvR 83.7 is no different than any other local rule or civil rule, insofar as the Court's authority to exercise its discretion in applying or extending filing deadlines. District courts have broad discretion to set and apply filing deadlines. *Jones v. Central Bank* 161 F.3d 311. 35 U.S.C. § 32[4] grants authority to the District Court of the District of Columbia to hear this case. It does not limit the Court in the exercise of its discretion concerning its non-mandatory rules where there is good cause. Similarly, according to

---

[2] LCvR 83.7: A person refused recognition to practice or suspended or excluded from practice before the Patent Office may file a petition in this court against the Commissioner of Patents for review of such action within 30 days after the date of the order recording the Commissioner's action. The Commissioner shall answer the petition within 20 days after receiving service of the summons. Within 11 days after filing of the answer, the petitioner shall file a certified copy of the record and proceedings before the Patent Office, which shall constitute the sole basis for the court's review.

[3] LCvR 83.7 does not state that commencement of action <u>must</u> be accomplished in 30 days. It says that "[a] person … may file … a petition … within 30 days …." Furthermore, <u>there is no Local Civil Rule excepting 83.7 from being extended</u>. Thus extending the 30-day deadline does not violate the "as by its rules determines" clause in 35 U.S.C. § 32, which is emphasized below in footnote 4.

[4] 35 U.S.C. § 32: The Director may, after notice and opportunity for a hearing, suspend or exclude, either generally or in any particular case, from further practice before the Patent and Trademark Office, any person, agent, or attorney shown to be incompetent or disreputable, or guilty of gross misconduct, or who does not comply with the regulations established under section 2(b)(2)(D) of this title, or who shall, by word, circular, letter, or advertising, with intent to defraud in any manner, deceive, mislead, or threaten any applicant or prospective applicant, or other person having immediate or prospective business before the Office. The reasons for any such suspension or exclusion shall be duly recorded. The Director shall have the discretion to designate any attorney who is an officer or employee of the United States Patent and Trademark Office to conduct the hearing required by this section. The United States District Court for the District of Columbia, under such conditions and upon such proceedings <u>as it by its rules determines</u>, [emphasis added] may review the action of the Director upon the petition of the person so refused recognition or so suspended or excluded.

Federal Civil Rule 3 "[a] civil action is commenced by filing a complaint with the court." According to Federal Civil Rule 6(b)[5] the court may extend any deadlines except for those under Rules 50(b), and (c)(2), 52(b), 59(b), (d), and (e). Thus the Federal Rules of Civil Procedure also can contain deadlines, some that are mandatory, and others that can be extended. <u>There exists no rule either in the Local Civil Rules, or Federal Rules of Civil Procedure prohibiting the hearing of this case</u>. 35 U.S.C. § 32 is the offspring of Congress. LCvR 83.7 is the offspring of the Court. The defendants' contention that the Court lacks the authority to exercise discretion in applying its rules is frivolous. § 32 simply does not express any intent to limit the time for filing and cannot cause a time-bar. § 32 does not emphasize any particular local rule nor does it require that any particular non-mandatory local rule be considered as mandatory; therefore the 30-day deadline is a matter under the Court's discretion. The Court is subservient to the expressed intent of law, but it is not subservient to its own non-mandatory rules. It is evident that the defendants' contention that inclusion of 35 U.S.C. § 32 as an alternative cause of action in a 2nd amended complaint or supplemental brief would be futile, is preposterous if not frivolous.

### C. Request for relaxation of the 30-day deadline is a new argument.

In their opposition to my motion for leave, the defendants contend that my request to extend the 30-day deadline in LCvR 83.7 is rehashing old arguments. In view of the forgoing arguments it should be evident that the defendants are attempting to blur the distinction between this new argument, that the Court may exercise discretion in applying

---

[5] Rule 6 includes local deadlines. 6(a): "In computing any period of time prescribed or allowed by these rules, by the <u>local rules</u> [emphasis added] of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included."

its local rules, and my prior argument for equitable estoppel, which would apply to a statutory time limit. Despite defense's fondness for the expression "distinction without a difference," there is a clear and obvious distinction here[6]. Equitable estoppel or tolling of a statutory time bar is vastly different than extending a local filing rule. I doubt that this point can be stated more simply and directly.

### D. My Complaint is Essentially Different that of *Franchi*.

The defendants have repeatedly characterized my complaint as essentially the same as that of *Franchi v. Manbeck* 1991 U.S. Dist. LEXIS 5449, U.S.P.Q.2D (BNA) 1316. There is a distinction here, and it is a <u>distinction with a difference</u>. The PTO did not attempt to hide the availability 37 C.F.R. 10.2(c) review from Franchi. The PTO did not fraudulently tell Franchi that Rule 10.2(c) was superseded even though it was in effect at the time that both my and Franchi's examinations were administered. The PTO did not refund Franchi's fee for reconsideration claiming that there were no rules for reconsideration. Franchi was given appropriate administrative review according to the rule in place, Rule 10.2(c). Franchi attempted to subvert the "orderly administrative mechanism established for review" through mandamus. In contrast, I have asked the Court to enforce the orderly mechanism, and order the PTO to conduct their review according to proper procedural mechanism specified by 37 C.F.R. 10.2(c).

### E. My complaint and pleadings are sufficient to defeat Defendant's Motion to Dismiss.

Although my Amended Complaint does not list 35 U.S.C. § 32 as an alternative cause of action, it includes sufficient facts to justify hearing this case despite the 30-day deadline, if the Court were to decide that this case is essentially concerned with the

---

[6] This is a distinction that the defendants should have been aware of when they filed their Motion to Dismiss.

6

subject matter of § 32.  Pro se complaints are held to a less stringent standard than for others.  The <u>facts</u> presented in my complaint entitle relief, even if I were not to file the proposed amendments, and even if my legal theories construing the facts are deficient.  Defendants state that with the proposed amendments my complaint could not survive a Rule 12(b)(6) challenge.  However, their argument is merely a repetition of their 'time barred' proposition.  They must show that there is <u>no</u> set of facts that can overcome their Motion to Dismiss, and they have not demonstrated that the 30-day time limit cannot, must not, or should not be extended in light of the <u>facts</u> of this case.   I have shown that there is <u>no jurisdictional bar to hearing this case</u>.  I have shown that it <u>is not necessary to invoke equitable tolling or equitable estoppel</u>, and that <u>the Court has the discretion to extend the 30-day deadline in LCvR 83.7 according to the Local Rules and according to the Federal Rules of Civil Procedure</u>.  I therefore respectfully request the Court to extend the 30-day deadline.

  **F.  My failure to comply with Local Rule 7(i) is not sufficient to deny my request for leave**.

Because of my inexperience with the Local Rules I neglected to include a copy of my 2nd Amended Complaint.  I apologize to the defendants and to the Court.  I will attach a copy of the proposed 2nd Amended Complaint. The defendants have 30 days following a ruling on their Motion to Dismiss to answer my Motion for Summary Judgment, if necessary.  That should be ample time for their response.

**III.  Conclusion**

In view of the forgoing, my motion for leave to file 2nd Amended Complaint or alternative Supplemental Brief should be granted, and the defendants' Motion to Dismiss should be denied.

Respectfully Submitted,

_____/s/_____

Peter R. Kramer

Case 1:05-cv-01455-HHK    Document 21    Filed 07/30/2006    Page 8 of 8