UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PETER RONALD KRAMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1455 (HHK) |
| | ) | |
| UNITED STATES PATENT AND | ) | |
| TRADEMARK OFFICE, | ) | |
| JON W. DUDAS, Director, USPTO, | ) | |
| JOHN J. DOLL, Commissioner for Patents, | ) | |
| HARRY I. MOATZ, Director, Office of | ) | |
| Enrollment and Discipline, | ) | |
| ROBERT J. SPAR, Director, Office of | ) | |
| Patent Legal Administration, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**MOTION FOR RECONSIDERATION UNDER Fed. R. Civ. Proc. 59(a) and (e)**

Pursuant to Fed. R. Civ. Proc. 59(a) and (e) I am requesting reconsideration of the
judgment of August 9, 2006.  I believe there are certain issues of manifest error that
should be addressed.

1.  Both my original and amended complaints are composite in nature, it is erroneous
    to characterize my cause of action, which included four alternative proposed
    forms of relief, as 35 U.S.C. 32, because of the essential nature of one my
    alternative forms of requested relief.

2.  The PTO owed clear non-discretionary duty to perform 2-step regrade and review
    to be conducted by separate individuals.  PTO violated rules and standards of

review.  The court incorrectly concluded that PTO failed to perform

nondiscretionary duty.

3.  It has erroneously been asserted by both the defendants and the court that 35 USC

3(b)(3) permits the PTO Director to alter procedures without regard to the

requirement that new regulations be established in accordance with 5 USC 553

(APA).  The Director coupled an improper act and a delegation.  Such a maneuver

does not alter the impropriety of the act.

4.  The court erred in concluding that the PTO reviewed its regrade decision by

issuing the order of February 17, 2005.  Substantive review was not performed.

5.  The evidence shows that the PTO never intended to perform 2-step review

required by 37 CFR §§ 10.2(c) and 10.7(c).  The court erroneously decided that

the return of the $130 fee for reconsideration was probably a mistake.  This

conclusion is contrary to the evidence.  Furthermore, in issuing an order on a

motion to dismiss, that conclusion construes the facts in light most favorable to

the moving party rather than to the non-moving party.

6.  The PTO wrongdoing in improperly establishing rules without regard to APA

procedures, and its deception in implementing improperly established rules

caused me to legitimately conclude that review had not been performed.  There is

cause for equitable estoppel such that the PTO should not be permitted to plead

that my complaint was not timely filed.

7.  The court should have extended the 30-day deadline imposed by LCvR 83.7.  The

burden on the plaintiff should be lower for extension of deadlines expressed in

non-mandatory local rules than for non-jurisdictional deadlines set forth in

statutes.

These issues are fully elaborated in the attached memorandum, and I believe that there is

sufficient error demonstrated justifying reversal of the judgment.


Respectfully submitted,

_____/s/_____
Peter R. Kramer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


PETER RONALD KRAMER,                          )
                                              )
            Plaintiff,                        )
                                              )
      v.                                      )    Civil Action No. 05-1455 (HHK)
                                              )
UNITED STATES PATENT AND                      )
TRADEMARK OFFICE,                             )
JON W. DUDAS, Director, USPTO,                )
JOHN J. DOLL, Commissioner for Patents,       )
HARRY I. MOATZ, Director, Office of           )
      Enrollment and Discipline,              )
ROBERT J. SPAR, Director, Office of           )
      Patent Legal Administration,            )
                                              )
            Defendants.                       )
                                              )
_____        )


## MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION UNDER FRCP 59

**I.**                  **INTRODUCTION**

        This memorandum is in support of my motion for reconsideration of the judgment

of August 9, 2006.  I believe that there are several issues that need attention, and that this

memorandum will show sufficient error to reverse or amend the judgment under Fed. R.

Civ. Proc. 59(a) and (e).


**II.**                  **ARGUMENT**

        **A.**    Concerning the Essential Nature of My Complaint

                1.    It is the opinion of the court that "focus on the administrative

                      procedures utilized or the substance of the examination is of no

moment." However, this conclusion is in turn based on the conclusion that the PTO had not failed to perform a clear non-discretionary act that it was required to perform. I will show below that that latter conclusion, (no required non-discretionary act), is erroneous. I cannot believe that every dispute that involves the registration examination must necessarily be brought under 35 U.S.C. § 32 without exception, even if the PTO fails to perform a duty that is clear and non-discretionary in nature, (and which is required in order to make a final decision that would be reviewable by the court).

2.    Consider if only the first and third alternative remedies[1] had been proposed in my complaint. There is no request for review of any decision there; the issue is entirely process. If the PTO failed to perform legitimate review, then there is no administrative review for the court to examine under 35 U.S.C. § 32. According to Fed. R. Civ. Proc. 8(e)(2), "When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements." Inclusion of the fourth alternative does not alter the essential nature of the first and third alternatives. I

---

[1] I hereby request that the Director of OED be ordered to conduct regrading and notify me of his decision, in a timely manner. … Alternatively, I request that the Commissioner be ordered to conduct an administrative review of the regrades that have been performed; to be fairly reviewed according to rule and statute, 37 C.F.R. 10.2(c) and 35 U.S.C. 32 respectively.

was dissatisfied that legitimate review was <u>not performed</u>.  This is very distinct from being dissatisfied with the result of bona fide review.

**B.**     PTO Failed to Perform Clear Non-Discretionary Duty

According to 37 CFR sections 10.2, 10.6 and 10.7, the PTO was required to perform a 2-step regrade and review process with regrade and review administered by <u>different</u> individuals.  The court has construed my complaint as taking issue with the fact that the Commissioner delegated to OPLA administrative review of the regrade decision[2].  Alternatively the defendants construe: "It appears that Mr. Kramer is arguing that the re-grade should have been conducted by the Director of Enrollment and Discipline ("OED"), not OPLA."[3]  Both the court and the defendants argue that it was within the authority vested in the Director to delegate to OPLA either the review, or the regrade, respectively.  Both the court and the defendants looked at the object from different vantage points without recognizing the thing as a whole.  Delegation of authority by the Director under 35 U.S.C. § 3(b)(3) permits neither truncation of the 2-step procedure to a 1-step procedure, ( 10.7(c) regrade without 10.2(c) review), nor delegation of both regrade and review to the same individual – a violation of standards of review[4].  By coupling a change in procedure with a

---

[2] "Kramer contends that, in contravention of this provision, the Director of OPLA—not the Director of the PTO—reconsidered his score following the regrading of his examination." Document 22, Memorandum Opinion, August 9, 2006, pp7-8.

[3] Document 12-9 pp5-6, February 9, 2006. Defendants' memorandum in opposition to Rule 11 motion.

[4] Excerpted from *U.S. v. State of Oregon*, 1991 U.S. Dist. LEXIS 14495, 774 F. Supp. 1568 (D.Or 1991): Absent the presence of a personal or financial stake in the outcome of the proceedings by the adjudicator, the test for determining a probability of unfairness has been articulated as one in which:

delegation of responsibility the Director can disguise but not change the essential nature of an act.

**C.**    Erroneous Application of 35 U.S.C. § 3(b)(3)

It was my contention that the PTO acted unlawfully and deceptively when it announced that the 2-step regrade and review procedure had been superseded by a new rule whereby the 2-step procedure would be condensed into a 1-step regrade. I agree, it does not matter who the Director delegated authority to, but he did <u>not</u> have authority to "condense" the procedure extemporaneously (bypassing the requirement that regulations be established in accordance with the APA)[5]. Similarly the Director violated standards of review by having OPLA review its own decision after Mr. Spar had been severely criticized.  The PTO attempted, (and has apparently succeeded), with a sleight of hand maneuver. (They have blurred the distinction between delegation and rulemaking.)  35 U.S.C. § 3(b)(3) is not intended as a means for the Director to disregard laws such as 35 U.S.C. § 2(b)(2)(B) by coupling an illegal act with a new personnel assignment. Similarly, § 3(b)(3) was not intended to permit the Director to ignore standards of

---

1) the presumption of honesty and integrity among administrative adjudicators is balanced against a realistic appraisal of psychological tendencies and human weaknesses where administrators have made prior judgments or commitment such that they would be so psychologically wedded to their previous positions that they would consciously or unconsciously avoid the appearance of having erred or changed position. *Withrow v. Larkin*, 421 U.S. at 55; and

2) whether "a disinterested observer may conclude that [the agency] has in some measure adjudged the facts as well as the law of a particular case in advance of hearing it." *Cinderella Career and Finishing Schools, Inc. v. FTC*, 138 App. D.C. 152, 425 F.2d 583, 591 (D.C. Cir. 1970). Furthermore, to find a violation of procedural due process, it is the decision maker who must be biased; it is not sufficient to allege that other state officials not serving as the adjudicator may be biased. *Hammond v. Baldwin*, 866 F.2d 172 (6th Cir. 1989).  It should be expected that officials will be criticized, thus the procedure should be designed to accommodate for such occurrences.  In this particular case I strongly criticized Mr. Spar's decision.

[5] There is an essential difference between act and actor.

4

review.  The manner in which the defendants and the court have interpreted § 3(b)(3) would enable the Director to disregard almost any law or regulation by merely installing a proxy to do the deed.  Section 3(b)(3) does not permit the Director to delegate authority not vested in him by Congress.  The Director is bound by § 2(b)(2)(B); if he wishes to delegate authority to a subordinate to establish new rules, his subordinate is similarly bound.  Section 3(b)(3) is not a license to disregard laws and regulations by coupling personnel changes to any new procedures that the director wishes to establish that violate inconvenient regulations or laws.  Otherwise there would be no point in having rules.

**D.    Favorable Light**

It is my understanding that rulings concerning a motion to dismiss under Rule 12 requires that the court construe the facts in light most favorable to the non-moving party.  The court seems perplexed because of my emphasis on Harry Moatz' return of my $130 fee for reconsideration, February 17, 2005. Regarding that apparently insignificant act, "the court agrees that this refund was most likely a mistake."  With whom does the court agree?  Certainly not with the defendants.  They announced that there would be a 1-step regrade procedure – new rules superseding old[6].  They performed regrades and said they were final.  They said they followed regulations and did nothing wrong[7].  Yet they did not perform

---

[6] Notice of Results, Document 4-2, Defendants' Exhibit A, filed September 14, 2005, page 2.
[7] "Equitable Estoppel Does Not Apply Because The PTO Followed Its Regulations Properly And Gave Full Consideration To Mr. Kramer's Exam Regrade Requests." Document 9-1, p.5.  Conversely, if the PTO did act wrongly, equitable estoppel should apply and the court's judgment should be reversed.

substantive review[8] of my regrade, and they never intended to.  Consider the

scheme below:

Procedure under 37 C.F.R. Sections 10.2, 10.6, and 10.7 previously followed by PTO.

Step 1: Petition for regrade § 10.7(c) + Fee § 1.21(a)(1) → Regrade Decision (OED)
Step 2: Petition for review § 10.2(c) + Fee § 1.21(a)(5) → <u>Final Agency Action</u>

Procedure according to the Director's extemporaneous illegal rule

Step 1: Petition for regrade § 10.7(c) + Fee § 1.21(a)(1) → <u>Final Agency Action</u>
Step 2: There is no Step 2!  No petition for review.  + NO FEE § 1.21(a)(5).

The improper new scheme that the PTO foisted on thousands of applicants

did <u>not provide for a fee for reconsideration</u>.  Harry Moatz' letter[9] February 17,

2005, refunding my fee because "the rules <u>did provide for a fee for

reconsideration</u>," [emphasis added] was carefully worded, but the court construes

the fact of Mr. Moatz' act as a simple mistake?

E.     There Exists Grounds for Estoppel Preventing Defendants from Assertion of

        Time Limitation Defense.

        The record shows that the PTO did not properly follow regulations as

required to review my examination.  They concealed the 2-step regrade and

review process.  They issued two so called final orders, neither being a valid final

order.  They intended for me to seek judicial review prematurely.  However, their

deception caused me (correctly) to believe that I was not given legitimate review.

It may seem ironic that I delayed because I resisted their improper urging.

---

[8] Merely filling a memorandum and order with boilerplate and rehash and stamping the word,
"Reconsideration" in the caption does not make for a substantive response.  Consider question PM #33.
The PTO did not respond substantively to my objections except for redacting a few sentences.  Concerning
my major objection, they did not respond at all, as described in my complaints.  That is not a substantive
response.
[9] Document 1-8, filed July 22, 2005.

Nevertheless, their intent to induce me to file prematurely is immaterial insofar as their deception had the unintended effect of causing me to delay[10]. What matters is that they perpetrated a deception and in response I delayed. It was <u>reasonable</u> for me to conclude that I should seek review under Rule 10.2(c) given the circumstances. I cannot see how anyone can dispute the fact that I had every right to insist upon legitimate (i.e. substantive and unbiased) 10.2(c) review. This review has not yet been performed.

**F.**    The 30-day Deadline LCvR 83.7 – The Court Should Apply Less Stringent Standards.

It appears *a priori* that four categories of deadline exist.

1.    Statutory

   i.  Jurisdictional (1st category)

   ii. Non-jurisdictional (2nd category)  Examples include the deadlines discussed in *Irwin v. Dept. Veterans Affairs* , 498 U.S. 89 (1990), and *Minard v. ITC Deltacom*[11].

2.    Non-Statutory

   i.  Mandatory (3rd category). These are quasi-jurisdictional, not truly jurisdictional, because only Congress can establish lower federal court subject matter jurisdiction[12].

---

[10] According to the principle of equitable estoppel, it may apply no matter how unequivocally the applicable time limitation is expressed. [*Bomba v. W L. Belvidere, Inc.,* 579 F.2d 1067, (1978)].
[11] http://caselaw.lp.findlaw.com/data2/circs/5th/0430230cv0p.pdf
[12] "Only Congress may determine a lower federal court's subject-matter jurisdiction. U. S. Const., Art. III." See <u>Kontrick v. Ryan</u> 540 U.S. 443 (2003). It also must be stated in <u>statute</u> that the limitation is jusridictional. *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1245 (2006).

ii.  Non-mandatory (4th category).  These deadlines are extended

according to the discretion of the court.

Statutory jurisdictional (1st category) and mandatory non-statutory (3rd

category) are functionally equivalent.  They both cause absolute time bars.  The

question here is whether statutory non-jurisdictional deadlines (2nd category) and

non-statutory non-jurisdicitonal deadlines (4th category) are also functionally

equivalent.  That is, should they be treated as equivalent insofar as stringency of

standards are applied vis á vis equitable doctrines.  In other words, should the

burden imposed on this plaintiff for extension of the deadline specified by LCvR

83.7 be as stringent as would be the burden in applying tolling or estoppel to

deadlines as in *Irwin v. Dept. Veterans Affairs* or in *Minard v. ITC Deltacom*?

Both those cases (footnote 11) involved statutory non-jurisdictional deadlines

which are different than the non-statutory non-mandatory deadline in LCvR 83.7.

Imposing such extreme burdens in this case is not reasonable.

**III.**                                **CONCLUSION**

In view of the forgoing, the judgment should be reversed in favor of the

plaintiff.  Even if the judgment is not reversed, the court should amend the

judgment and find that the defendants engaged in wrongdoing by violating 5

U.S.C. § 553 (APA) and 35 U.S.C. § 2(b)(2)(B).

Respectfully submitted,

_____/s/_____
Peter R. Kramer