## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER RONALD KRAMER, )<br>)<br>      Plaintiff, )<br>)<br>  v. )<br>)<br>UNITED STATES PATENT AND )<br>TRADEMARK OFFICE, )<br>JON W. DUDAS, Director, USPTO, )<br>JOHN J. DOLL, Commissioner for Patents, )<br>HARRY I. MOATZ, Director, Office of )<br>    Enrollment and Discipline, )<br>ROBERT J. SPAR, Director, Office of )<br>    Patent Legal Administration, )<br>)<br>      Defendants. )<br>_____) | Civil Action No. 05-1455 (HHK)<br><br>ECF<br><br>Next Court Date: N/A |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S
## MOTION FOR RECONSIDERATION

**I.    Introduction**

*Pro se* Plaintiff Peter Ronald Kramer's Motion for Reconsideration (Dkt. No. 24) seeks to reargue theories that this Court previously considered and found lacking. The Court dismissed this case because Mr. Kramer failed to file the lawsuit within the 30-day time period provided under Local Rule 83.7. See Kramer v. USPTO, No. 05-1455, slip op. (Aug. 9, 2006 D.D.C.) ("2006 Opinion") (Dkt. No. 22). Not satisfied, Mr. Kramer is seeking reconsideration of the Court's 2006 Opinion. However, under the stringent standard of Rule 59, Mr. Kramer has not shown that there is a change in the law, new available evidence, or any clear error that warrants reconsideration of the Court's 2006 Opinion. Rather, Mr. Kramer's Motion for Reconsideration merely rehashes arguments that the Court had rejected in its cogent 2006 Opinion. Accordingly, for the same reasons that the Court dismissed Mr. Kramer's amended

1

complaint, the Court should deny Mr. Kramer's Motion for Reconsideration.

**II.     Factual Background.**

The factual background is set forth in the Court's 2006 Opinion.  However, a brief description of the facts is necessary to provide context for the instant matter.

Mr. Kramer took the patent bar registration exam but did not earn a passing score.  He petitioned for a regrade, which was granted.  After the regrade, the Director of the Office of Patent Legal Administration (OPLA) awarded Mr. Kramer an additional point, but that was still insufficient to pass the bar.  Mr. Kramer then requested another review and the Director of OPLA reconsidered the regrade decision.  However, the Director of OPLA did not find any basis to change the result.

More than four months after the decision denying him a passing grade, Mr. Kramer sought relief in this Court.  Defendants moved to dismiss Mr. Kramer's action as untimely for failure to file suit within 30 days of the final decision, as required by Local Rule 83.7.  The Court agreed and dismissed Mr. Kramer's amended complaint on August 9, 2006.  See 2006 Opinion (Dkt. No. 22).  Shortly thereafter, Mr. Kramer filed this Motion for Reconsideration under Fed. R. Civ. P. 59 (Dkt. No. 24).

**II.     Governing Principles**

Motions for reconsideration under Rule 59(e) are subject to a "stringent standard." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996).[1]  Given the judicial and societal

---

[1] Although the Court of Appeals for the Federal Circuit would have exclusive jurisdiction of an appeal in this case, it would review a motion for reconsideration using the standard articulated by the D.C. Circuit.  Serrano v. Telular, 111 F.3d 1578, 1584 (Fed. Cir. 1997) (applying law of regional circuit in reviewing a denial of a motion for reconsideration).

interest in the finality of judgments, such motions "are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." Niedermeier v. The Office of Max S. Baucus, 2001 U.S. Dist. LEXIS 10869, * 9 (D.D.C. 2001).

A motion under Rule 59(e) "is not a second opportunity to present argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier." W.C. & A.N. Miller Cos. v. United States, 173 F.R.D. 1, 3 (D.D.C. 1997), aff'd sub nom. Hicks v. United States, 1999 U.S. App. LEXIS 13376 (D.C. Cir. 1999). See also New York v. United States, 880 F. Supp. 37, 38 (D.D.C. 1995) ("A Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled"); U.S. v. Western Electric Co., Inc., 690 F. Supp. 22, 25 (D.D.C. 1988) ("A Rule 59(e) motion cannot be used as a vehicle to relitigate matters already argued and disposed of.").

Instead, to succeed on a Rule 59(e) motion, the movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Firestone, 76 F.3d at 1208 (internal quotations omitted). "Only if the moving party presents new facts or a clear error of law which 'compel' a change in the court's ruling will the motion to reconsider be granted." New York, 880 F. Supp. at 39 (quoting Natural Resource Defense Council, Inc. v. U.S. Environmental Protection Agency, 705 F. Supp. 698, 702 (D.D.C. 1989)). Compare Consolidated Edison Co. of New York v. O'Leary, 184 F.R.D. 1, 2 (D.D.C. 1998) ("A motion for reconsideration . . . should not be granted unless the movant presents either newly discovered evidence or errors of law or fact which need correction") (internal quotations omitted).

A motion for reconsideration is committed to the sound discretion of the trial court. "A trial court has broad discretion to grant or deny a motion for reconsideration." <u>McDonnell-Douglas v. Nat'l Aeronautics & Space Administration</u>, 109 F. Supp. 2d 27, 28 (D.D.C. 2000); <u>see also</u> <u>Firestone</u>, 76 F.3d at 1208 (reviewing trial court's ruling on 59(e) motion under "abuse of discretion" standard).

**III.    Argument.**

Although Mr. Kramer's Motion purportedly sets forth six different bases for reconsideration, they can be grouped into three categories: (1) whether this action is seeking relief under 35 U.S.C.§ 32; (2) whether Defendants failed to follow proper regulations when regrading the exam and reviewing that regrade decision; and (3) whether the Court should apply the equitable estoppel doctrine to excuse the untimeliness of this case.[2]

**A.    The Essential Nature of Mr. Kramer's Claim Is Under 35 U.S.C. § 32.**

Mr. Kramer again disputes that his action is seeking relief under 35 U.S.C. § 32 and claims that he is only asserting a claim against the U.S. Patent and Trademark Office ("USPTO") for failure to perform its duties when it declined to grant him a third review of this exam. Mem. Supp. at 1-3 (Section A). This Court has considered and rejected this precise argument. <u>See</u> 2006 Opinion at 5-8.

Specifically, after canvassing Mr. Kramer's convoluted amended complaint and

---

[2]    Although Mr. Kramer's "Motion for Reconsideration" outlines seven separate bases for reconsideration, his Memorandum in Support of the Motion for Reconsideration only discusses six bases for reconsideration. It appears that Mr. Kramer collapses Point No. 2 and No. 5 into Section "D" in his Memorandum. <u>See generally</u> Memorandum in Support of Motion for Reconsideration ("Mem. Supp."). Therefore, Defendants will only address the six issues in his Memorandum in Support.

arguments, the Court found that

> The relief set forth in § 32 clearly parallels that which Kramer asks this court to provide. Although Kramer attempts to draw a distinction between asking this court to review the merits of his examination answers and merely asking the court to ensure that his examination is properly reviewed by administrative officials, at base Kramer disputes the PTO's refusal to admit him to the patent bar and therefore seeks relief under 35 U.S.C. § 32.

See 2006 Opinion at 5-6 (citing Franchi v. Manbeck, 972 F.2d 1283, 1287-88 (Fed. Cir. 1992)).

Mr. Kramer's Motion for Reconsideration has not shown how the Court's conclusion is legally incorrect or that there is a change in the law to warrant altering the Court's ruling. Without more, the Court should deny Mr. Kramer's Motion for Reconsideration on this basis.

**B.     Defendants Properly Regraded Mr. Kramer's Examination.**

Mr. Kramer again argues that the regulations require a 2-step regrade process and a review of the regrade decision be made by two separate individuals, and that the Director of the USPTO improperly delegated his authority to regrade examinations to the Director of the OPLA. Mem. Supp. at 3-6 (Sections B-D). Mr. Kramer, however, merely rehashes these arguments and fails to submit any other authority to support his contentions.

As a preliminary matter, the Court correctly noted that "Kramer concedes that his examination was graded, regraded, and that the regrade was reexamined." 2006 Opinion at 7. This concession alone indicates that Defendants gave Mr. Kramer's examination and his request for a regrade due consideration. As for whether the Director of the USPTO could properly delegate authority to the Director of OPLA to perform the regrade and review of the regraded exam, the Court found that the USPTO Director has the authority to delegate such a responsibility. See 2006 Opinion at 7-8.

Specifically, the Court concluded that "Kramer neglects . . . to consider the effect of 35

U.S.C. § 3(b)(3)(B), which permits the Director of the PTO to delegate many of his responsibilities. As such, the court finds that no error in the Director of the OPLA conducting the review of Kramer's regraded examination rather than the Director of the PTO." 2006 Opinion at 8. Mr. Kramer's Motion for Reconsideration, however, has not pointed out how this conclusion was legally erroneous or there was a change in the law to warrant altering the Court's ruling on this precise issue.

### C. The Equitable Estoppel Doctrine Does Not Apply Here.

Mr. Kramer simply reasserts his equitable estoppel argument in his Motion for Reconsideration and accuses Defendants of deception, which allegedly prevented him from filing this lawsuit on time. See Mem. Supp. at 6-8 (Sections E-F). The Court previously entertained this argument and resoundingly rejected it.

More particularly, after reviewing the record in this case, the Court found that,

> . . .Kramer is not entitled to the benefit of the equitable tolling doctrine. Kramer asserts that equity demands a relaxed filing deadline because "defendants have affirmatively acted with misleading statements from the outset. They have acted to conceal from this applicant (and others) . . and attempted to conceal from me into believing that I should bypass [the] administrative process and seek judicial review prematurely." There is, however, nothing in the pleadings or the record to support such an inference. If anything, Kramer's argument appears to suggest that defendants attempted to induce him to file *earlier* than he did by concealing his administrative options.

2006 Opinion at 10 (emphasis in original). Based on this finding, the Court concluded that "Kramer did not comply with the applicable time limitations and is not entitled to equitable tolling, therefore his complaint is dismissed." Id. at 11. Mr. Kramer's Motion for Reconsideration has not provided any "newly discovered evidence" of Defendants' alleged deception to warrant tolling the statute of limitations and alter this Court's judgment. See

Consolidated Edison Co. of New York v. O'Leary, 184 F.R.D. 1, 2 (D.D.C. 1998) ("A motion for reconsideration . . . should not be granted unless the movant presents either newly discovered evidence or errors of law or fact which need correction") (internal quotations omitted).

**IV.     Conclusion**

       For the foregoing reasons, the Court should deny Mr. Kramer's Motion for Reconsideration.

Dated: September 12, 2006.                    Respectfully Submitted,


    /s/   Kenneth L. Wainstein
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney


    /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

    /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER RONALD KRAMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1455 (HHK) |
| ) | |
| UNITED STATES PATENT AND ) | ECF |
| TRADEMARK OFFICE, ) | |
| JON W. DUDAS, Director, USPTO, ) | |
| JOHN J. DOLL, Commissioner for Patents, ) | |
| HARRY I. MOATZ, Director, Office of ) | |
| Enrollment and Discipline, ) | |
| ROBERT J. SPAR, Director, Office of ) | |
| Patent Legal Administration, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**[PROPOSED] ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION**

Upon consideration of Plaintiff's Motion for Reconsideration, Defendants' Opposition thereto, and the entire record herein, it is this _____ day of _____, 2006,

ORDERED that Plaintiff's Motion for Reconsideration be and is hereby DENIED.

SO ORDERED.

_____
Henry H. Kennedy, Jr.
U.S. District Judge